RLC/ts

**FILED**
U. S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

JAN 1 7 2020

JAMES W. McCORMACK, CLERK
By: _____ DEP CLERK

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF ARKANSAS**
**NORTHERN DIVISION**

MARY RAZOR, AS PERSONAL         )
REPRESENTATIVE OF THE           )
ESTATE OF JERRY SNEAD, DECEASED, )
                                )   Case No.:   3:20-cv-00017 ΔPM
            Plaintiff,          )
                                )
v.                              )
                                )   This case assigned to District Judge  MARSHALL
UNITED STATES OF AMERICA        )   and to Magistrate Judge _____ KEARNEY
                                )
            Defendant.          )

**COMPLAINT**

COMES NOW the Plaintiff, Mary Razor, in her capacity as Personal Representative of the Estate

of Jerry Snead, deceased, by and through her attorneys, Reid, Burge, Prevallet & Coleman, and for her

Complaint against the Defendant, United States of America, states:

1. Plaintiff, Mary Razor, is now and was at all times relevant to this action, a resident and citizen

of the Chickasawba District of Mississippi County, Arkansas, which is located in the Eastern District of

Arkansas. See 28 U.S.C. §83.

2. The Plaintiff, Mary Razor, states that she is the sister of the decedent, Jerry Snead, and was

appointed by the Circuit Court for the Chickasawba District of Mississippi County, Arkansas, Probate

Division, as Executrix of the Estate of Jerry Lee Snead, who died on October 13, 2017, at NEA Baptist

Memorial Hospital in Jonesboro, Arkansas. The case number for that probate case is 47BPR-2018-8.

Copies of the probate documents establishing Plaintiff's authority to act on behalf of the Estate and all

claimants are attached as **Exhibit 1** to the Narrative Statement of Claim for Damage, Injury or Death

Supplementing Standard Form 95, which is attached as **Exhibit B** to this Complaint.

3. This a claim under the Federal Tort Claims Act ("FTCA") pursuant to 28 U.S.C. §1346(b) and

28 U.S.C. §2671 *et seq* for personal injuries sustained by Jerry Snead and for his wrongful death based on

medical negligence arising from the failure of the U.S. Department of Veteran Affairs ("VA") to timely

diagnose, disclose, and treat Jerry Snead for prostate cancer which metastasized and caused him serious

injury, ultimately resulting in death on October 13, 2017.

## Jurisdiction

4.   Plaintiff asserts that the agents, servants, and employees of the Defendant were acting within the scope of their employment for the Government of the United States of America when they negligently treated the decedent, Jerry Snead, causing personal injury, death, and resulting damages as more fully set forth below.

5.   The acts and omissions of the United States of America acting through the Department of Veteran Affairs are those of its agents, servants, and employees who were acting in the scope and course of their agency, service, and employment for Defendant.

6.   On February 22, 2018, Plaintiff filed an Administrative Federal Tort Claim regarding the personal injury to and death of the decedent, Jerry Snead, and the resulting damages, which filing was within two (2) years after the claim accrued pursuant to 28 U.S.C. §2401(b).  More specifically, Plaintiff, through her attorneys, submitted thirteen (13) separate SF 95 Forms, based on the instructions of a representative of the Defendant.  Those SF 95 Forms are attached hereto and collectively referred to as **Exhibit A**.  Plaintiff, through her attorneys, also submitted with the thirteen (13) SF 95 Forms marked as **Exhibit A**, a separate "Narrative Statement of Claim for Damage, Injury or Death Supplementing Standard Form 95" along with the twelve (12) exhibits attached thereto, another copy of which is attached to this Complaint as **Exhibit B**.

7.   The Department of Veteran Affairs confirmed receipt of the Federal Tort Claim, but neither accepted nor denied the claim during the six (6) month period following the filing of the claim.  A copy of the letter dated March 15, 2018, confirming receipt provided by the U.S. Department of Veteran Affairs, Office of General Counsel, is attached hereto as **Exhibit C** and is incorporated herein by reference.

8.   Thereafter, the U.S. Department of Veteran Affairs, Office of General Counsel, sent an envelope postmarked July 22, 2019, via certified mail that is attached hereto as **Exhibit D**, which contained a certified letter dated July 18, 2019, denying Plaintiff's claim.  That denial letter further advised Plaintiff that Plaintiff must initiate a suit in Federal District Court within six (6) months of the mailing of the notice of denial naming the United States of America as the proper party defendant.  A copy of the letter serving as the denial notice is attached hereto as **Exhibit E**.

9.  Plaintiff, Mary Razor, now timely files this lawsuit pursuant to 28 U.S.C. §2675(a).

10.  Jurisdiction of this Court is founded upon the provisions of 28 U.S.C. §1346(b)(1) and 28 U.S.C. §2671 *et seq.*

<u>**Venue**</u>

11.  Venue is proper in the United States District Court Eastern District of Arkansas, Northern Division, at Jonesboro, pursuant to 28 U.S.C. §1402(b).  Venue is proper in this Court because the decedent, Jerry Snead, was at all relevant times prior to his death, a resident and citizen of the Chickasawba District of Mississippi County, Arkansas, and the Plaintiff, Mary Razor, as Personal Representative of the Estate of Jerry Snead, is now and was at all times relevant to this case a resident and citizen of the Chickasawba District of Mississippi County, Arkansas, which is located within the judicial district of the Eastern District of Arkansas, Northern Division.  See 28 U.S.C. §83.  Accordingly, even though most of the acts or omissions complained of occurred in the Eastern District of Missouri, venue is proper in this Court under 28 U.S.C. §1402(b) because the Plaintiff and the decedent were both residents and citizens of the Eastern District of Arkansas, at all relevant times pertinent to this case.

<u>**General Allegations**</u>

12.  The specific facts which form the basis of this lawsuit are more specifically set forth in the Standard Form 95 forms attached hereto as **Exhibit A** and the "Narrative Statement of Claim for Damage, Injury or Death Supplementing Standard Claim Form 95" which is attached as **Exhibit B**, as well as the twelve (12) numbered exhibits attached to **Exhibit B**.  The statements set out in the attached exhibits are incorporated by reference herein, but are not being repeated verbatim in the body of this Complaint in order to avoid unnecessary repetition.

13.  In summary, Plaintiff asserts that the U.S. Department of Veteran Affairs acting through its agents, servants, and employees who were acting in the scope and in the course of their agency, service and employment for the Defendant, provided treatment to Jerry Snead, a veteran, on a continuing basis for years up until his death on October 13, 2017.  The Defendant acting through the Department of Veteran Affairs, in providing Jerry Snead treatment, failed to timely and properly perform diagnostic tests to determine the health of the decedent's prostate gland and to determine whether or not he had cancer.

Then, once they did perform a PSA test and the test came back abnormally high, they negligently failed to exercise the appropriate standard of care to diagnose, disclose, and treat the decedent's prostate cancer. Those negligent acts and omissions ultimately led to the cancer spreading or metastasizing, which ultimately led to Jerry Snead's death from cancer on October 13, 2017.

14. As noted in the attached Narrative and Medical Records, any PSA test result over 4.5 is considered abnormal and warrants additional testing in an African-Male the age of Jerry Snead.

15. As set forth more specifically at paragraph 7 of the Narrative Statement, representatives of the VA at the John J. Pershing VA Medical Center in Poplar Bluff, Missouri, met with the deceased veteran, Jerry Lee Snead, on February 26, 2016. During that disclosure meeting and the discussion on February 26, 2016, the Defendant apologized to the decedent and informed the decedent that there was a delay from the time his first prostate-specific antigen (PSA) test result of 55.54 on April 21, 2015, until a Urology consult was ordered on December 9, 2015, the same day a subsequent PSA test showed a PSA result of 77.11. Accordingly, there was an eight (8) month delay in doing anything to treat Jerry Snead for his prostate issues or tell him about the abnormally high PSA results, despite an extremely high PSA result on April 21, 2015, of 55.54, that was over 12 times the level considered abnormal.

16. The Department of Veteran Affairs, acting through its agents, servants, and employees, including, but not limited to, the medical professionals named in the Narrative Statement attached as **Exhibit B** to this Complaint, breached the duty owed to the decedent, Jerry Snead, and were guilty of negligence in the care and treatment of Jerry Snead, which was the proximate cause of the delayed diagnosis and disclosure that led to his injuries and death as more particularly set forth in the attached Narrative Statement. Those acts of negligence consist of failing to comply with the applicable standard of care in the following particulars:

a. Defendant failed to properly plan for the decedent, Jerry Snead's, age and medical history that put him at risk for developing prostate cancer;

b. Defendant lacked the appropriate experience and training to recognize the significance of the decedent, Jerry Snead's elevated PSA levels;

c. Defendant failed to appreciate the increasing PSA levels of decedent, Jerry Snead;

d. Defendant failed to order appropriate ongoing testing for increasing PSA levels;

e.   Defendant failed to take measures to properly monitor and treat the decedent, Jerry Snead;

f.   Defendant failed to timely refer Jerry Snead to a specialist following his abnormally high PSA test result;

g.   Defendant failed to properly treat the decedent, Jerry Snead, following his abnormally high PSA test result;

h.   Defendant failed to order appropriate testing to diagnose the decedent, Jerry Snead, with prostate cancer in a timely manner;

i.   Defendant failed to perform proper tests for disease of the prostate prior to April 21, 2015;

j.   Defendant failed to perform any follow-up examination or treatment after the PSA results showed a reading of 55.54;

k.   Defendant failed to perform any digital or rectal exam until after the PSA test result in December of 2015, was over 77;

l.   Defendant failed to timely and properly advise Veteran Snead of the results of the PSA tests of April 21, 2015, and December 9, 2015, and the significance of the elevated test results;

m.   Defendant failed to have safeguards in place to avoid delayed diagnosis, reporting, and treatment; and

n.   Such other acts and omissions as may be shown by subsequent investigation and discovery.

17.   As a proximate result of the above described acts of fault which are chargeable to the Defendant, Jerry Snead sustained injuries and ultimately died of cancer, with the resulting economic and non-economic damages, for which the Estate is entitled to recover compensatory damages to compensate for the following elements of damage sustained:

a.   Pain, suffering, mental anguish and fear;

b.   Any visible results of the decedent's injury or condition sustained by the deceased prior to his death;

c.   Loss of enjoyment of life;

d.   Loss of life;

e.   Loss of earnings;

    f.   Any medical expenses which the estate of the deceased veteran would be entitled to legally recover that were not paid by the Department of Veteran Affairs or other Agency of the United State of America;

    g.   Funeral expenses; and,

    h.   Such other elements of damage as may be warranted after further investigation and discovery.

18. At the time of his death, the deceased veteran, Jerry Snead, left two (2) minor children, Jarvis Rowe and Molandra Snead, who have suffered and will continue to suffer pecuniary injuries consisting of the loss of money, goods, and services Jerry Snead would have contributed to them had he lived, including, but not limited to, instruction, moral training, and supervision of education. Plaintiff seeks economic and non-economic damages to compensate those children for the loss of their father, Jerry Snead.

19. In addition to the claims set forth above, the Claimant, Mary Razor, as the Court Appointed Executrix, acting as Personal Representative of the Estate of the decedent asserts claims for and on behalf of Johnnie B. Stubbs, and those heirs at law and statutory beneficiaries whose full names and addresses are set forth at Paragraph "c" of the Petition for Probate of Will and Appointment of Executor and Employment of Attorneys. She asserts claims on behalf of those individuals who are entitled to recover damages for mental anguish suffered in the past and reasonably probable to be suffered in the future by reason of the death of Jerry Snead. She has been authorized by the Circuit Court, Probate Division, to assert claims for those individuals. She hereby seeks such damages, as may be determined to be fair and reasonable on behalf of those individuals.

20. As set forth at Section 12 of the SF 95 Forms which are attached as **Exhibit A** to this Complaint, Plaintiff asserts a survival claim for personal injuries on behalf of the Estate of the decedent, Jerry Snead, for those damages he would have been entitled to receive by reason of his injuries prior to his death in the amount of $50,000,000.00, or such other amount as the Court determines to be fair and reasonable, and is also seeking damages on behalf of the decedent's Estate and the decedent's heirs at law and statutory beneficiaries for the elements of damage as set forth above in the amount of $50,000,000.00, or such amount as the Court deems to be fair and reasonable, with those damages to be allocated among the Estate, heirs, and statutory beneficiaries in amounts or percentages to be determined at a later date

6

with the understanding that the allocation and distribution of any damages determined by way of compromise or settlement may ultimately require the approval of the Probate Court for the Chickasawba District of Mississippi County, Arkansas or this Court.

21.  At this time, Claimant does not have possession of all evidence pertaining to the decedent, but it is believed that at least some of the bills incurred for the decedent's medical care have been paid by the United States of America through the Department of Veteran Affairs or Medicare.  Claimant does have a copy of the funeral bill and a copy of that bill is attached as **Exhibit 11** to the Narrative Statement referred to in this Complaint as **Exhibit B**.  A medical claim filed in connection with the probate matter is attached as **Exhibit 12** to that Narrative Statement.

22.  Plaintiff respectfully requests that she be granted leave to file amended and supplemental pleadings after further investigation and discovery.

WHEREFORE, Plaintiff, Mary Razor, prays that she be granted judgment against the United States of America for economic and non-economic damages as set forth above in an amount in excess of that required for Federal Court jurisdiction in diversity of citizenship cases that the Court may find to be fair and reasonable for both personal injury and wrongful death to be allocated and distributed in the manner set forth above; that she be awarded her costs; and, that she be granted all other proper relief.

REID, BURGE, PREVALLET & COLEMAN
417 N. Broadway, P.O. Box 107
Blytheville, AR  72316-0107
Phone:  (870) 763-4586
Fax:     (870) 763-4642
Email:   rbpc@sbcglobal.net

By: _____

Robert L. Coleman, No. 80031
Attorneys for Plaintiff, Mary Razor, Executrix
of the Estate of Jerry Lee Snead, deceased

| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of the form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROVED OMB NO. 1105-0008 |
|---|---|---|

| 1. Submit To Appropriate Federal Agency: | 2. Name, Address of claimant and claimant's personal representative, if any. (See instructions on reverse.) (Number, street, city, State and Zip Code) |
|---|---|
| U.S. Department of Veteran Affairs<br>Office of General Counsel<br>Office of Chief Counsel<br>P.O. Box    &    500 S. 5th Ave., Bldg 1, Rm. G 131<br>Hines, IL 60141        Hines, IL 60141-3030 | Estate of Jerry Lee Snead, deceased<br>by Mary Razor, Executrix<br>C/O Robert L. Coleman<br>    REID, BURGE, PREVALLET & COLEMAN<br>    P.O. Box 107, Blytheville, AR 72316-0107 |

| 3. TYPE OF EMPLOYMENT | 4. DATE OF BIRTH | 5. MARITAL STATUS | 6. DATE AND DAY OF ACCIDENT | 7. TIME (A.M. or P.M.) |
|---|---|---|---|---|
| ☐ MILITARY   ☒ CIVILIAN | 03-21-1952 | Never Married | Died, 10-13-2017 See Attached Narrative | 03:33 p.m. |

8. Basis of Claim *(State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof) (Use additional pages if necessary.)*
See attached Narrative Statement of Claim which explains how the delayed diagnosis of prostate cancer at John J. Pershing VA Medical Center in Poplar Bluff, Missouri culminated in the death of Jerry Snead from metastatic cancer at NEA Baptist Hospital in Jonesboro, Arkansas on October 13, 2017.

This is a claim for the personal injury of Jerry Lee Snead, deceased.

| 9. | PROPERTY DAMAGE |
|---|---|

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT *(Number, street, city, State, and Zip Code)*

Not Applicable

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF DAMAGE AND THE LOCATION WHERE PROPERTY MAY BE INSPECTED. *(See instructions on reverse side.)*

Not Applicable

| 10. | PERSONAL INJURY/WRONGFUL DEATH |
|---|---|

STATE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE NAME OF INJURED PERSON OR DECEDENT.

See Attached Narrative Statement

| 11. | WITNESSES |
|---|---|

| NAME | ADDRESS *(Number, street, city, State, and Zip Code)* |
|---|---|
| See Attached Narrative Statement | See Attached Narrative Statement |

| 12. *(See instructions on reverse)* | AMOUNT OF CLAIM *(In dollars)* | | |
|---|---|---|---|
| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL *(Failure to specify may cause forfeiture of your rights.)* |
| 0.00 | 50,000,000.00 | 50,000,000.00 | 100,000,000.00 |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE ACCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM.

| 13a. SIGNATURE OF CLAIMANT *(See instructions on reverse side.)* | 13b. Phone number of signatory | 14. DATE OF CLAIM |
|---|---|---|
| Mary Razor, *Mary Razor* | 870-623-9955 | 2-22-18 |

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant shall forfeit and pay to the United States the sum of $2,000 plus double the amount of damages sustained by the United States. *(See 31 U.S.C. 3729.)* | Fine of not more than $10,000 or imprisonment for not more than 5 years or both. *(See 18 U.S.C. 287, 1001.)* |

95 109
*Previous editions not usable.*

NSN 7540-00-634-4046

**EXHIBIT**
tabbies
_A_

STANDARD FORM 95 (Rev. 7-85) (EG)
PRESCRIBED BY DEPT. OF JUSTICE
28 CFR 14.2

## PRIVACY ACT NOTICE

This Notice is provided in accordance with the Privacy Act, 5 U.S.C. 552a(e)(3), and concerns the information requested in the letter to which this Notice is attached.

A. *Authority:* The requested information is solicited pursuant to one or more of the following:  5 U.S.C. 301, 38 U.S.C. 501 et seq., 28 U.S.C. 2671 et seq., 28 C.F.R.

B. *Principal Purpose:* The information requested is to be used in evaluating claims.

C. *Routine Use:* See the Notices of Systems of Records for the agency to whom you are submitting this form for this information.

D. *Effect of Failure to Respond:* Disclosure is voluntary. However, failure to supply the requested information or to execute the form may render your claim

## INSTRUCTIONS
### Complete all items - insert the word NONE where applicable

A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL REPRESENTATIVE AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY DAMAGES IN A <u>SUM CERTAIN</u> FOR INJURY TO OR LOSS OF

PROPERTY, PERSONAL INJURY, OR DEATH ALLEGED TO HAVE OCCURRED BY REASON OF THE INCIDENT.  THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITHIN <u>TWO YEARS</u> AFTER THE CLAIM ACCRUES.

Any instructions or information necessary in the preparation of your claim will be furnished, upon request, by the office indicated in Item #1 on the reverse side.  Complete regulations pertaining to claims asserted under the Federal Tort Claims Act can be found in Title 28, Code of Federal Regulations, Part 14.  Many agencies have published supplemental regulations also.  If more than one agency is involved, please state each agency.

The claim may be filed by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with said claim establishing express authority to act for the claimant.  A claim presented by an agent or legal representative must be presented in the name of the claimant.  If the claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative.

If claimant intends to file claim for both personal injury and property damage, claim for both must be shown in Item 12 of this form.

The amount claimed should be substantiated by competent evidence as follows:
*(a)* In support of the claim for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extent of injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred.

*(b)* In support of claims for damage to property which has been or can be economically repaired, the claimant should submit at least two itemized signed statements or estimates by reliable, disinterested concerns, or, if payment has been made, the itemized signed receipts evidencing payment.

*(c)* In support of claims for damage to property which is not economically repairable, or if the property is lost or destroyed, the claimant should submit statements as to the original cost of the property, the date of purchase, and the value of the property, both before and after the accident.  Such statements should be by disinterested competent persons, preferably reputable dealers or officials familiar with the type of property damaged, or by two or more competitive bidders, and should be certified as being just and correct.

*(d)* Failure to completely execute this form or to supply the requested material within two years from the date the allegations accrued may render your claim "invalid".  A claim is deemed presented when it is received by the appropriate agency, not when it is mailed.

**Failure to specify a sum certain will result in invalid presentation of your claim and may result in forfeiture of your rights.**

Public reporting burden for this collection of information is estimated to average 15 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information.  Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden,

to   Director, Torts Branch
     Civil Division
     U.S. Department of Justice
     Washington, DC  20530

and to the
Office of Management and Budget
Paperwork Reduction Project (1105-0008)
Washington, DC  20503

## INSURANCE COVERAGE

In order that subrogation claims may be adjudicated, it is essential that the claimant provide the following information regarding the insurance coverage of his vehicle or property.

15. Do you carry accident insurance?  ☐ Yes, If yes, give name and address of insurance company *(Number, street, city, State, and Zip Code)* and policy number.  ☐ No

Not Applicable . No Property damage claim is involved.

| 16. Have you filed claim on your insurance carrier in this instance, and if so, is it full coverage or deductible? | 17. If deductible, state amount |
|---|---|
| Not Applicable | Not Applicable |

18. If claim has been filed with your carrier, what action has your insurer taken or proposes to take with reference to your claim?  *(It is necessary that you ascertain these facts)*

Not Applicable

19. Do you carry public liability and property damage insurance?  ☐ Yes, If yes, give name and address of insurance company *(Number, street, city, State, and Zip Code)*  ☐ No

Not Applicable

SF 95 (Rev. 7-85) BACK

| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of the form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROVED OMB NO. 1105-0008 |
|---|---|---|

| 1. Submit To Appropriate Federal Agency: | 2. Name, Address of claimant and claimant's personal representative, if any. |
|---|---|
| U.S. Department of Veteran Affairs<br>Office of General Counsel<br>Office of Cheif Counsel<br>P.O. Box 1472        &        500 S. 5th Ave., Bldg. 1, Rm. G 131<br>Hines, IL 60141        Hines, IL 60141-3030 | *(See instructions on reverse.) (Number, street, city, State and Zip Code)*<br>Estate of Jerry Lee Snead,deceased<br>by Mary Razor, Exccutrix<br>C/O Robert L. Coleman<br>REID, BURGE, PREVALLET & COLEMAN |

| 3. TYPE OF EMPLOYMENT | 4. DATE OF BIRTH | 5. MARITAL STATUS | 6. DATE AND DAY OF ACCIDENT | 7. TIME *(A.M. or P.M.)* |
|---|---|---|---|---|
| ☐ MILITARY ☒ CIVILIAN | 3-21-1952 | Never Married | Died 10-13-2017 See Attached Narrative | 03:33 p.m. |

8. Basis of Claim *(State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof) (Use additional pages if necessary.)*

See attached Narrative Statement of Claim which explains how the delayed diagnosis of prostate cancer at John J. Pershing VA Medical Center in Poplar Bluff, Missouri culminated in the death of Jerry Snead from metastatic cancer at NEA Baptist Hospital in Jonesboro, Arkansas on October 13, 2017.

*This is A claim for the wrongful death of Jerry Lee Snead, deceased.*

| 9. | PROPERTY DAMAGE |
|---|---|

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT *(Number, street, city, State, and Zip Code)*

Not Applicable

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF DAMAGE AND THE LOCATION WHERE PROPERTY MAY BE INSPECTED. *(See instructions on reverse side.)*

Not Applicable

| 10. | PERSONAL INJURY/WRONGFUL DEATH |
|---|---|

STATE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE NAME OF INJURED PERSON OR DECEDENT.

See Attached Narrative Statement of Claim.

| 11. | WITNESSES |
|---|---|
| NAME | ADDRESS *(Number, street, city, State, and Zip Code)* |
| See Attached Narrative Statement of Claim. | See Attached Narrative Statement of Claim. |

| 12. *(See instructions on reverse)* | AMOUNT OF CLAIM *(In dollars)* | | |
|---|---|---|---|
| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL *(Failure to specify may cause forfeiture of your rights.)* |
| 0.00 | 50,000,000.00 | 50,000,000.00 | 100,000,000.00 |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE ACCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM.

| 13a. SIGNATURE OF CLAIMANT *(See instructions on reverse side.)* | 13b. Phone number of signatory | 14. DATE OF CLAIM |
|---|---|---|
| Mary Razor, *Mary Razor* | 870-623-9955 | 2-22-18 |

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant shall forfeit and pay to the United States the sum of $2,000 plus double the amount of damages sustained by the United States. *(See 31 U.S.C. 3729.)* | Fine of not more than $10,000 or imprisonment for not more than 5 years or both. *(See 18 U.S.C. 287, 1001.)* |

95-109
Previous editions not usable.

NSN 7540-00-634-4046

STANDARD FORM 95 (Rev. 7-85) (EG)
PRESCRIBED BY DEPT. OF JUSTICE
28 CFR 14.2

## PRIVACY ACT NOTICE

This Notice is provided in accordance with the Privacy Act, 5 U.S.C. 552a(e)(3), and concerns the information requested in the letter to which this Notice is attached.

A. *Authority:* The requested information is solicited pursuant to one or more of the following:  5 U.S.C. 301, 38 U.S.C. 501 et seq., 28 U.S.C. 2671 et seq., 28 C.F.R.

B. *Principal Purpose:* The information requested is to be used in evaluating claims.
C. *Routine Use:* See the Notices of Systems of Records for the agency to whom you are submitting this form for this information.
D. *Effect of Failure to Respond:* Disclosure is voluntary.  However, failure to supply the requested information or to execute the form may render your claim

## INSTRUCTIONS
### Complete all items - insert the word NONE where applicable

A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL REPRESENTATIVE AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY DAMAGES IN A <u>SUM CERTAIN</u> FOR INJURY TO OR LOSS OF

PROPERTY, PERSONAL INJURY, OR DEATH ALLEGED TO HAVE OCCURRED BY REASON OF THE INCIDENT.  THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITHIN <u>TWO YEARS</u> AFTER THE CLAIM ACCRUES.

Any instructions or information necessary in the preparation of your claim will be furnished, upon request, by the office indicated in Item #1 on the reverse side. Complete regulations pertaining to claims asserted under the Federal Tort Claims Act can be found in Title 28, Code of Federal Regulations, Part 14.  Many agencies have published supplemental regulations also.  If more than one agency is involved, please state each agency.

The claim may be filed by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with said claim establishing express authority to act for the claimant.  A claim presented by an agent or legal representative must be presented in the name of the claimant.  If the claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative.

If claimant intends to file claim for both personal injury and property damage, claim for both must be shown in Item 12 of this form.

The amount claimed should be substantiated by competent evidence as follows:
*(a)* In support of the claim for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extent of injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred.

*(b)* In support of claims for damage to property which has been or can be economically repaired, the claimant should submit at least two itemized signed statements or estimates by reliable, disinterested concerns, or, if payment has been made, the itemized signed receipts evidencing payment.

*(c)* In support of claims for damage to property which is not economically repairable, or if the property is lost or destroyed, the claimant should submit statements as to the original cost of the property, the date of purchase, and the value of the property, both before and after the accident.  Such statements should be by disinterested competent persons, preferably reputable dealers or officials familiar with the type of property damaged, or by two or more competitive bidders, and should be certified as being just and correct.

*(d)* Failure to completely execute this form or to supply the requested material within two years from the date the allegations accrued may render your claim "invalid".  A claim is deemed presented when it is received by the appropriate agency, not when it is mailed.

**Failure to specify a sum certain will result in invalid presentation of your claim and may result in forfeiture of your rights.**

Public reporting burden for this collection of information is estimated to average 15 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden,

to  Director, Torts Branch
    Civil Division
    U.S. Department of Justice
    Washington, DC  20530

and to the
Office of Management and Budget
Paperwork Reduction Project (1105-0008)
Washington, DC  20503

## INSURANCE COVERAGE

In order that subrogation claims may be adjudicated, it is essential that the claimant provide the following information regarding the insurance coverage of his vehicle or property.

| 15. Do you carry accident insurance? | | Yes, If yes, give name and address of insurance company *(Number, street, city, State, and Zip Code)* and policy number. | | No |
|---|---|---|---|---|

Not Applicable. No property damage claim is involved

| 16. Have you filed claim on your insurance carrier in this instance, and if so, is it full coverage or deductible? | 17. If deductible, state amount |
|---|---|
| Not Applicable | Not Applicable |

18. If claim has been filed with your carrier, what action has your insurer taken or proposes to take with reference to your claim?  *(It is necessary that you ascertain these facts)*

Not Applicable

| 19. Do you carry public liability and property damage insurance? | | Yes, If yes, give name and address of insurance company *(Number, street, city, State, and Zip Code)* | | No |
|---|---|---|---|---|

Not Applicable

**SF 95 (Rev. 7-85) BACK**

| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of the form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROVED OMB NO. 1105-0008 |
|---|---|---|

| 1. Submit To Appropriate Federal Agency: | 2. Name, Address of claimant and claimant's personal representative, if any. *(See instructions on reverse.)* *(Number, street, city, State and Zip Code)* |
|---|---|
| U.S. Department of Veteran Affairs<br>Office of General Counsel<br>Office of Chief Counsel<br>P.O. Box        &        500 S. 5th Ave., Bldg 1, Rm. G 131<br>Hines, IL  60141              Hines, IL 60141-3030 | Johnnie B. Stubbs, Individually<br>by Mary Razor, Executrix of the Estate of Jerry Lee Snead, deceased<br>C/O Robert L. Coleman<br>     REID, BURGE, PREVALLET & COLEMAN<br>     P.O. Box 107, Blytheville, AR 72316-0107 |

| 3. TYPE OF EMPLOYMENT | 4. DATE OF BIRTH | 5. MARITAL STATUS | 6. DATE AND DAY OF ACCIDENT | 7. TIME *(A.M. or P.M.)* |
|---|---|---|---|---|
| MILITARY  [X] CIVILIAN | 03-21-1952 | Never Married | Died, 10-13-2017 See Attached Narrative | 03:33 p.m. |

8. Basis of Claim *(State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof) (Use additional pages if necessary.)*

See attached Narrative Statement of Claim which explains how the delayed diagnosis of prostate cancer at John J. Pershing VA Medical Center in Poplar Bluff, Missouri culminated in the death of Jerry Snead from metastaic cancer at NEA Baptist Hospital in Jonesboro, Arkansas on October 13, 2017.

This is a claim by Johnnie B. Stubbs, individually.

| 9. | PROPERTY DAMAGE |
|---|---|

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT *(Number, street, city, State, and Zip Code)*

Not Applicable

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF DAMAGE AND THE LOCATION WHERE PROPERTY MAY BE INSPECTED. *(See instructions on reverse side.)*

Not Applicable

| 10. | PERSONAL INJURY/WRONGFUL DEATH |
|---|---|

STATE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE NAME OF INJURED PERSON OR DECEDENT.

See Attached Narrative Statement

| 11. | WITNESSES | |
|---|---|---|
| NAME | ADDRESS *(Number, street, city, State, and Zip Code)* | |
| See Attached Narrative Statement | See Attached Narrative Statement | |

| 12. *(See instructions on reverse)* | AMOUNT OF CLAIM *(In dollars)* | | |
|---|---|---|---|
| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL *(Failure to specify may cause forfeiture of your rights.)* |
| 0.00 | 50,000,000.00 | 50,000,000.00 | 100,000,000.00 |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE ACCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM.

| 13a. SIGNATURE OF CLAIMANT *(See instructions on reverse side.)* | 13b. Phone number of signatory | 14. DATE OF CLAIM |
|---|---|---|
| Mary Razor | 870-623-9955 | 2-22-18 |

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant shall forfeit and pay to the United States the sum of $2,000 plus double the amount of damages sustained by the United States. *(See 31 U.S.C. 3729.)* | Fine of not more than $10,000 or imprisonment for not more than 5 years or both. *(See 18 U.S.C. 287, 1001.)* |

95-109
Previous editions not usable.

NSN 7540-00-634-4046

STANDARD FORM 95 (Rev. 7-85) (EG)
PRESCRIBED BY DEPT. OF JUSTICE
28 CFR 14.2

## PRIVACY ACT NOTICE

This Notice is provided in accordance with the Privacy Act, 5 U.S.C. 552a(e)(3), and concerns the information requested in the letter to which this Notice is attached.

A. *Authority:* The requested information is solicited pursuant to one or more of the following: 5 U.S.C. 301, 38 U.S.C. 501 et seq., 28 U.S.C. 2671 et seq., 28 C.F.R.

B. *Principal Purpose:* The information requested is to be used in evaluating claims.

C. *Routine Use:* See the Notices of Systems of Records for the agency to whom you are submitting this form for this information.

D. *Effect of Failure to Respond:* Disclosure is voluntary. However, failure to supply the requested information or to execute the form may render your claim

## INSTRUCTIONS
### Complete all items - insert the word NONE where applicable

A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL REPRESENTATIVE AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY DAMAGES IN A **SUM CERTAIN** FOR INJURY TO OR LOSS OF

PROPERTY, PERSONAL INJURY, OR DEATH ALLEGED TO HAVE OCCURRED BY REASON OF THE INCIDENT. THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITHIN **TWO YEARS** AFTER THE CLAIM ACCRUES.

Any instructions or information necessary in the preparation of your claim will be furnished, upon request, by the office indicated in Item #1 on the reverse side. Complete regulations pertaining to claims asserted under the Federal Tort Claims Act can be found in Title 28, Code of Federal Regulations, Part 14. Many agencies have published supplemental regulations also. If more than one agency is involved, please state each agency.

The claim may be filed by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with said claim establishing express authority to act for the claimant. A claim presented by an agent or legal representative must be presented in the name of the claimant. If the claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative.

If claimant intends to file claim for both personal injury and property damage, claim for both must be shown in Item 12 of this form.

The amount claimed should be substantiated by competent evidence as follows:

*(a)* In support of the claim for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extent of injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred.

*(b)* In support of claims for damage to property which has been or can be economically repaired, the claimant should submit at least two itemized signed statements or estimates by reliable, disinterested concerns, or, if payment has been made, the itemized signed receipts evidencing payment.

*(c)* In support of claims for damage to property which is not economically repairable, or if the property is lost or destroyed, the claimant should submit statements as to the original cost of the property, the date of purchase, and the value of the property, both before and after the accident. Such statements should be by disinterested competent persons, preferably reputable dealers or officials familiar with the type of property damaged, or by two or more competitive bidders, and should be certified as being just and correct.

*(d)* Failure to completely execute this form or to supply the requested material within two years from the date the allegations accrued may render your claim "invalid". A claim is deemed presented when it is received by the appropriate agency, not when it is mailed.

**Failure to specify a sum certain will result in invalid presentation of your claim and may result in forfeiture of your rights.**

Public reporting burden for this collection of information is estimated to average 15 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden,

to Director, Torts Branch
Civil Division
U.S. Department of Justice
Washington, DC 20530

and to the
Office of Management and Budget
Paperwork Reduction Project (1105-0008)
Washington, DC 20503

## INSURANCE COVERAGE

In order that subrogation claims may be adjudicated, it is essential that the claimant provide the following information regarding the insurance coverage of his vehicle or property.

15. Do you carry accident insurance?  ☐ Yes, If yes, give name and address of insurance company *(Number, street, city, State, and Zip Code)* and policy number.  ☐ No

Not Applicable . No Property damage claim is involved.

| 16. Have you filed claim on your insurance carrier in this instance, and if so, is it full coverage or deductible? | 17. If deductible, state amount |
|---|---|
| Not Applicable | Not Applicable |

18. If claim has been filed with your carrier, what action has your insurer taken or proposes to take with reference to your claim? *(It is necessary that you ascertain these facts)*

Not Applicable

19. Do you carry public liability and property damage insurance?  ☐ Yes, If yes, give name and address of insurance company *(Number, street, city, State, and Zip Code)*  ☐ No

Not Applicable

**SF 95 (Rev. 7-85) BACK**

| **CLAIM FOR DAMAGE, INJURY, OR DEATH** | **INSTRUCTIONS:** Please read carefully the instructions on the reverse side and supply information requested on both sides of the form.  Use additional sheet(s) if necessary.  See reverse side for additional instructions. | **FORM APPROVED OMB NO.** 1105-0008 |
|---|---|---|

| 1. Submit To Appropriate Federal Agency: | 2. Name, Address of claimant and claimant's personal representative, if any. |
|---|---|
| U.S. Department of Veteran Affairs<br>Office of General Counsel<br>Office of Chief Counsel<br>P.O. Box         &         500 S. 5th Ave., Bldg 1, Rm. G 131<br>Hines, IL  60141            Hines, IL 60141-3030 | *(See instructions on reverse.)  (Number, street, city, State and Zip Code)*<br>Mary Razor, Individually<br>by Mary Razor, Executrix of the Estate of Jerry Lee Snead, deceased<br>C/O Robert L. Coleman<br>    REID, BURGE, PREVALLET & COLEMAN<br>    P.O. Box 107, Blytheville, AR 72316-0107 |

| 3. TYPE OF EMPLOYMENT | 4. DATE OF BIRTH | 5. MARITAL STATUS | 6.  DATE AND DAY OF ACCIDENT | 7. TIME *(A.M. or P.M.)* |
|---|---|---|---|---|
| ☐ MILITARY  ☒ CIVILIAN | 03-21-1952 | Never Married | Died, 10-13-2017 See Attached Narrative | 03:33 p.m. |

8.  Basis of Claim *(State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof) (Use additional pages if necessary.)*

See attached Narrative Statement of Claim which explains how the delayed diagnosis of prostate cancer at John J. Pershing VA Medical Center in Poplar Bluff, Missouri culminated in the death of Jerry Snead from metastatic cancer at NEA Baptist Hospital in Jonesboro, Arkansas on October 13, 2017.

This is a claim by Mary Razor, individually.

| 9. | **PROPERTY DAMAGE** |
|---|---|

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT *(Number, street, city, State, and Zip Code)*

Not Applicable

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF DAMAGE AND THE LOCATION WHERE PROPERTY MAY BE INSPECTED.  *(See instructions on reverse side.)*

Not Applicable

| 10. | **PERSONAL INJURY/WRONGFUL DEATH** |
|---|---|

STATE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM.  IF OTHER THAN CLAIMANT, STATE NAME OF INJURED PERSON OR DECEDENT.

See Attached Narrative Statement

| 11. | **WITNESSES** | |
|---|---|---|
| NAME | ADDRESS *(Number, street, city, State, and Zip Code)* | |
| See Attached Narrative Statement | See Attached Narrative Statement | |

| 12.  *(See instructions on reverse)* | **AMOUNT OF CLAIM** *(In dollars)* | | |
|---|---|---|---|
| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL *(Failure to specify may cause forfeiture of your rights.)* |
| 0.00 | 50,000,000.00 | 50,000,000.00 | 100,000,000.00 |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE ACCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM.

| 13a. SIGNATURE OF CLAIMANT *(See instructions on reverse side.)* | 13b. Phone number of signatory | 14. DATE OF CLAIM |
|---|---|---|
| Mary Razor  *(signature)* | 870-623-9955 | 2-22-18 |

| **CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM** | **CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS** |
|---|---|
| The claimant shall forfeit and pay to the United States the sum of $2,000 plus double the amount of damages sustained by the United States.  *(See 31 U.S.C. 3729.)* | Fine of not more than $10,000 or imprisonment for not more than 5 years or both.  *(See 18 U.S.C. 287, 1001.)* |

95-109
Previous editions not usable.

NSN 7540-00-634-4046

STANDARD FORM 95 (Rev. 7-85) (EG)
PRESCRIBED BY DEPT. OF JUSTICE
28 CFR 14.2

## PRIVACY ACT NOTICE

This Notice is provided in accordance with the Privacy Act, 5 U.S.C. 552a(e)(3), and concerns the information requested in the letter to which this Notice is attached.

A. *Authority:* The requested information is solicited pursuant to one or more of the following: 5 U.S.C. 301, 38 U.S.C. 501 et seq., 28 U.S.C. 2671 et seq., 28 C.F.R.

B. *Principal Purpose:* The information requested is to be used in evaluating claims.

C. *Routine Use:* See the Notices of Systems of Records for the agency to whom you are submitting this form for this information.

D. *Effect of Failure to Respond:* Disclosure is voluntary. However, failure to supply the requested information or to execute the form may render your claim

## INSTRUCTIONS

### Complete all items - insert the word NONE where applicable

A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL REPRESENTATIVE AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY DAMAGES IN A **SUM CERTAIN** FOR INJURY TO OR LOSS OF

PROPERTY, PERSONAL INJURY, OR DEATH ALLEGED TO HAVE OCCURRED BY REASON OF THE INCIDENT. THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITHIN **TWO YEARS** AFTER THE CLAIM ACCRUES.

Any instructions or information necessary in the preparation of your claim will be furnished, upon request, by the office indicated in Item #1 on the reverse side. Complete regulations pertaining to claims asserted under the Federal Tort Claims Act can be found in Title 28, Code of Federal Regulations, Part 14. Many agencies have published supplemental regulations also. If more than one agency is involved, please state each agency.

The claim may be filed by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with said claim establishing express authority to act for the claimant. A claim presented by an agent or legal representative must be presented in the name of the claimant. If the claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative.

If claimant intends to file claim for both personal injury and property damage, claim for both must be shown in Item 12 of this form.

The amount claimed should be substantiated by competent evidence as follows:

*(a)* In support of the claim for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extent of injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred.

*(b)* In support of claims for damage to property which has been or can be economically repaired, the claimant should submit at least two itemized signed statements or estimates by reliable, disinterested concerns, or, if payment has been made, the itemized signed receipts evidencing payment.

*(c)* In support of claims for damage to property which is not economically repairable, or if the property is lost or destroyed, the claimant should submit statements as to the original cost of the property, the date of purchase, and the value of the property, both before and after the accident. Such statements should be by disinterested competent persons, preferably reputable dealers or officials familiar with the type of property damaged, or by two or more competitive bidders, and should be certified as being just and correct.

*(d)* Failure to completely execute this form or to supply the requested material within two years from the date the allegations accrued may render your claim "invalid". A claim is deemed presented when it is received by the appropriate agency, not when it is mailed.

**Failure to specify a sum certain will result in invalid presentation of your claim and may result in forfeiture of your rights.**

---

Public reporting burden for this collection of information is estimated to average 15 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden,

to   Director, Torts Branch
Civil Division
U.S. Department of Justice
Washington, DC  20530

and to the
Office of Management and Budget
Paperwork Reduction Project (1105-0008)
Washington, DC  20503

## INSURANCE COVERAGE

In order that subrogation claims may be adjudicated, it is essential that the claimant provide the following information regarding the insurance coverage of his vehicle or property.

| 15. Do you carry accident insurance? | ☐ Yes, If yes, give name and address of insurance company *(Number, street, city, State, and Zip Code)* and policy number. | ☐ No |
|---|---|---|

Not Applicable . No Property damage claim is involved.

| 16. Have you filed claim on your insurance carrier in this instance, and if so, is it full coverage or deductible? | 17. If deductible, state amount |
|---|---|
| Not Applicable | Not Applicable |

18. If claim has been filed with your carrier, what action has your insurer taken or proposes to take with reference to your claim? *(It is necessary that you ascertain these facts)*

Not Applicable

| 19. Do you carry public liability and property damage insurance? | ☐ Yes, If yes, give name and address of insurance company *(Number, street, city, State, and Zip Code)* | ☐ No |
|---|---|---|

Not Applicable

SF 95 (Rev. 7-85) BACK

| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of the form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROVED OMB NO. 1105-0008 |
|---|---|---|

| 1. Submit To Appropriate Federal Agency:<br>U.S. Department of Veteran Affairs<br>Office of General Counsel<br>Office of Chief Counsel<br>P.O. Box      &      500 S. 5th Ave., Bldg 1, Rm. G 131<br>Hines, IL  60141              Hines, IL 60141-3030 | 2. Name, Address of claimant and claimant's personal representative, if any.<br>*(See instructions on reverse.) (Number, street, city, State and Zip Code)*<br>Marie Snead Freeman, Individually<br>by Mary Razor, Executrix of the Estate of Jerry Lee Snead, deceased<br>C/O Robert L. Coleman<br>     REID, BURGE, PREVALLET & COLEMAN<br>     P.O. Box 107, Blytheville, AR 72316-0107 |
|---|---|

| 3. TYPE OF EMPLOYMENT | 4. DATE OF BIRTH | 5. MARITAL STATUS | 6. DATE AND DAY OF ACCIDENT | 7. TIME *(A.M. or P.M.)* |
|---|---|---|---|---|
| ☐ MILITARY  ☒ CIVILIAN | 03-21-1952 | Never Married | Died, 10-13-2017 See Attached Narrative | 03:33 p.m. |

8. Basis of Claim *(State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof) (Use additional pages if necessary.)*
See attached Narrative Statement of Claim which explains how the delayed diagnosis of prostate cancer at John J. Pershing VA Medical Center in Poplar Bluff, Missouri culminated in the death of Jerry Snead from metastatic cancer at NEA Baptist Hospital in Jonesboro, Arkansas on October 13, 2017.

This is a claim by Marie Snead Freeman, individually.

| 9. | PROPERTY DAMAGE |
|---|---|

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT *(Number, street, city, State, and Zip Code)*

Not Applicable

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF DAMAGE AND THE LOCATION WHERE PROPERTY MAY BE INSPECTED. *(See instructions on reverse side.)*

Not Applicable

| 10. | PERSONAL INJURY/WRONGFUL DEATH |
|---|---|

STATE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE NAME OF INJURED PERSON OR DECEDENT.

See Attached Narrative Statement

| 11. | WITNESSES | |
|---|---|---|
| NAME | ADDRESS *(Number, street, city, State, and Zip Code)* | |
| See Attached Narrative Statement | See Attached Narrative Statement | |

| 12. *(See instructions on reverse)* | AMOUNT OF CLAIM *(In dollars)* | | |
|---|---|---|---|
| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL *(Failure to specify may cause forfeiture of your rights.)* |
| 0.00 | 50,000,000.00 | 50,000,000.00 | 100,000,000.00 |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE ACCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM.

| 13a. SIGNATURE OF CLAIMANT *(See instructions on reverse side.)*<br>Mary Razor, *[signature]* | 13b. Phone number of signatory<br>870-623-9955 | 14. DATE OF CLAIM<br>2-22-18 |
|---|---|---|

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant shall forfeit and pay to the United States the sum of $2,000 plus double the amount of damages sustained by the United States. *(See 31 U.S.C. 3729.)* | Fine of not more than $10,000 or imprisonment for not more than 5 years or both. *(See 18 U.S.C. 287, 1001.)* |

## PRIVACY ACT NOTICE

This Notice is provided in accordance with the Privacy Act, 5 U.S.C. 552a(e)(3), and concerns the information requested in the letter to which this Notice is attached.

   A. *Authority:* The requested information is solicited pursuant to one or more of the following: 5 U.S.C. 301, 38 U.S.C. 501 et seq., 28 U.S.C. 2671 et seq., 28 C.F.R.

B. *Principal Purpose:* The information requested is to be used in evaluating claims.

C. *Routine Use:* See the Notices of Systems of Records for the agency to whom you are submitting this form for this information.

D. *Effect of Failure to Respond:* Disclosure is voluntary. However, failure to supply the requested information or to execute the form may render your claim

## INSTRUCTIONS

### Complete all items - insert the word NONE where applicable

A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL REPRESENTATIVE AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY DAMAGES IN A <u>SUM CERTAIN</u> FOR INJURY TO OR LOSS OF PROPERTY, PERSONAL INJURY, OR DEATH ALLEGED TO HAVE OCCURRED BY REASON OF THE INCIDENT. THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITHIN <u>TWO YEARS</u> AFTER THE CLAIM ACCRUES.

   Any instructions or information necessary in the preparation of your claim will be furnished, upon request, by the office indicated in Item #1 on the reverse side. Complete regulations pertaining to claims asserted under the Federal Tort Claims Act can be found in Title 28, Code of Federal Regulations, Part 14. Many agencies have published supplemental regulations also. If more than one agency is involved, please state each agency.

   The claim may be filed by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with said claim establishing express authority to act for the claimant. A claim presented by an agent or legal representative must be presented in the name of the claimant. If the claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative.

   If claimant intends to file claim for both personal injury and property damage, claim for both must be shown in Item 12 of this form.

   The amount claimed should be substantiated by competent evidence as follows:
   *(a)* In support of the claim for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extent of injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred.

   *(b)* In support of claims for damage to property which has been or can be economically repaired, the claimant should submit at least two itemized signed statements or estimates by reliable, disinterested concerns, or, if payment has been made, the itemized signed receipts evidencing payment.

   *(c)* In support of claims for damage to property which is not economically repairable, or if the property is lost or destroyed, the claimant should submit statements as to the original cost of the property, the date of purchase, and the value of the property, both before and after the accident. Such statements should be by disinterested competent persons, preferably reputable dealers or officials familiar with the type of property damaged, or by two or more competitive bidders, and should be certified as being just and correct.

   *(d)* Failure to completely execute this form or to supply the requested material within two years from the date the allegations accrued may render your claim "invalid". A claim is deemed presented when it is received by the appropriate agency, not when it is mailed.

**Failure to specify a sum certain will result in invalid presentation of your claim and may result in forfeiture of your rights.**

---

Public reporting burden for this collection of information is estimated to average 15 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden,

| to  Director, Torts Branch | and to the |
|---|---|
| Civil Division | Office of Management and Budget |
| U.S. Department of Justice | Paperwork Reduction Project (1105-0008) |
| Washington, DC  20530 | Washington, DC  20503 |

## INSURANCE COVERAGE

In order that subrogation claims may be adjudicated, it is essential that the claimant provide the following information regarding the insurance coverage of his vehicle or property.

15. Do you carry accident insurance? ☐ Yes, If yes, give name and address of insurance company *(Number, street, city, State, and Zip Code)* and policy number. ☐ No

Not Applicable . No Property damage claim is involved.

---

16. Have you filed claim on your insurance carrier in this instance, and if so, is it full coverage or deductible? | 17. If deductible, state amount

Not Applicable

Not Applicable

---

18. If claim has been filed with your carrier, what action has your insurer taken or proposes to take with reference to your claim? *(It is necessary that you ascertain these facts)*

Not Applicable

---

19. Do you carry public liability and property damage insurance? ☐ Yes, If yes, give name and address of insurance company *(Number, street, city, State, and Zip Code)* ☐ No

Not Applicable

SF 95 (Rev. 7-85) BACK

| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of the form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROVED OMB NO. 1105-0008 |
|---|---|---|

| 1. Submit To Appropriate Federal Agency: | 2. Name, Address of claimant and claimant's personal representative, if any. |
|---|---|
| U.S. Department of Veteran Affairs<br>Office of General Counsel<br>Office of Chief Counsel<br>P.O. Box     &     500 S. 5th Ave., Bldg 1, Rm. G 131<br>Hines, IL 60141     Hines, IL 60141-3030 | *(See instructions on reverse.)  (Number, street, city, State and Zip Code)*<br>Virgie Harvey, Individually<br>by Mary Razor, Executrix of the Estate of Jerry Lee Snead, deceased<br>C/O Robert L. Coleman<br>  REID, BURGE, PREVALLET & COLEMAN<br>  P.O. Box 107, Blytheville, AR 72316-0107 |

| 3. TYPE OF EMPLOYMENT | 4. DATE OF BIRTH | 5. MARITAL STATUS | 6. DATE AND DAY OF ACCIDENT | 7. TIME *(A.M. or P.M.)* |
|---|---|---|---|---|
| MILITARY [X] CIVILIAN | 03-21-1952 | Never Married | Died, 10-13-2017 See Attached Narrative | 03:33 p.m. |

8. Basis of Claim *(State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof) (Use additional pages if necessary.)*

See attached Narrative Statement of Claim which explains how the delayed diagnosis of prostate cancer at John J. Pershing VA Medical Center in Poplar Bluff, Missouri culminated in the death of Jerry Snead from metastatic cancer at NEA Baptist Hospital in Jonesboro, Arkansas on October 13, 2017.

This is a claim by Virgie Harvey, individually.

| 9. | PROPERTY DAMAGE |
|---|---|

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT *(Number, street, city, State, and Zip Code)*

Not Applicable

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF DAMAGE AND THE LOCATION WHERE PROPERTY MAY BE INSPECTED. *(See instructions on reverse side.)*

Not Applicable

| 10. | PERSONAL INJURY/WRONGFUL DEATH |
|---|---|

STATE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE NAME OF INJURED PERSON OR DECEDENT.

See Attached Narrative Statement

| 11. | WITNESSES |
|---|---|
| NAME | ADDRESS *(Number, street, city, State, and Zip Code)* |
| See Attached Narrative Statement | See Attached Narrative Statement |

| 12.  *(See instructions on reverse)* | AMOUNT OF CLAIM *(In dollars)* | | |
|---|---|---|---|
| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL *(Failure to specify may cause forfeiture of your rights.)* |
| 0.00 | 50,000,000.00 | 50,000,000.00 | 100,000,000.00 |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE ACCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM.

| 13a. SIGNATURE OF CLAIMANT *(See instructions on reverse side.)* | 13b. Phone number of signatory | 14. DATE OF CLAIM |
|---|---|---|
| Mary Razor, | 870-623-9955 | 2-22-18 |

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant shall forfeit and pay to the United States the sum of $2,000 plus double the amount of damages sustained by the United States. *(See 31 U.S.C. 3729.)* | Fine of not more than $10,000 or imprisonment for not more than 5 years or both. *(See 18 U.S.C. 287, 1001.)* |

95-109                                              NSN 7540-00-634-4046
*Previous editions not usable.*

STANDARD FORM 95 (Rev. 7-85) (EG)
PRESCRIBED BY DEPT. OF JUSTICE
28 CFR 14.2

## PRIVACY ACT NOTICE

This Notice is provided in accordance with the Privacy Act, 5 U.S.C. 552a(e)(3), and concerns the information requested in the letter to which this Notice is attached.

A. *Authority:* The requested information is solicited pursuant to one or more of the following: 5 U.S.C. 301, 38 U.S.C. 501 et seq., 28 U.S.C. 2671 et seq., 28 C.F.R.

B. *Principal Purpose:* The information requested is to be used in evaluating claims.
C. *Routine Use:* See the Notices of Systems of Records for the agency to whom you are submitting this form for this information.
D. *Effect of Failure to Respond:* Disclosure is voluntary. However, failure to supply the requested information or to execute the form may render your claim

## INSTRUCTIONS

**Complete all items - insert the word NONE where applicable**

A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL REPRESENTATIVE AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY DAMAGES IN A **SUM CERTAIN** FOR INJURY TO OR LOSS OF PROPERTY, PERSONAL INJURY, OR DEATH ALLEGED TO HAVE OCCURRED BY REASON OF THE INCIDENT.  THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITHIN **TWO YEARS** AFTER THE CLAIM ACCRUES.

Any instructions or information necessary in the preparation of your claim will be furnished, upon request, by the office indicated in Item #1 on the reverse side. Complete regulations pertaining to claims asserted under the Federal Tort Claims Act can be found in Title 28, Code of Federal Regulations, Part 14.  Many agencies have published supplemental regulations also.  If more than one agency is involved, please state each agency.

The claim may be filed by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with said claim establishing express authority to act for the claimant.  A claim presented by an agent or legal representative must be presented in the name of the claimant.  If the claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative.

If claimant intends to file claim for both personal injury and property damage, claim for both must be shown in Item 12 of this form.

The amount claimed should be substantiated by competent evidence as follows:
*(a)* In support of the claim for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extent of injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred.

*(b)* In support of claims for damage to property which has been or can be economically repaired, the claimant should submit at least two itemized signed statements or estimates by reliable, disinterested concerns, or, if payment has been made, the itemized signed receipts evidencing payment.

*(c)* In support of claims for damage to property which is not economically repairable, or if the property is lost or destroyed, the claimant should submit statements as to the original cost of the property, the date of purchase, and the value of the property, both before and after the accident.  Such statements should be by disinterested competent persons, preferably reputable dealers or officials familiar with the type of property damaged, or by two or more competitive bidders, and should be certified as being just and correct.

*(d)* Failure to completely execute this form or to supply the requested material within two years from the date the allegations accrued may render your claim "invalid".  A claim is deemed presented when it is received by the appropriate agency, not when it is mailed.

**Failure to specify a sum certain will result in invalid presentation of your claim and may result in forfeiture of your rights.**

Public reporting burden for this collection of information is estimated to average 15 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden,

| to  Director, Torts Branch | and to the |
| Civil Division | Office of Management and Budget |
| U.S. Department of Justice | Paperwork Reduction Project (1105-0008) |
| Washington, DC  20530 | Washington, DC  20503 |

## INSURANCE COVERAGE

In order that subrogation claims may be adjudicated, it is essential that the claimant provide the following information regarding the insurance coverage of his vehicle or property.

| 15. Do you carry accident insurance? | ☐ Yes, If yes, give name and address of insurance company *(Number, street, city, State, and Zip Code)* and policy number. | ☐ No |

Not Applicable. No Property damage claim is involved.

| 16. Have you filed claim on your insurance carrier in this instance, and if so, is it full coverage or deductible? | 17. If deductible, state amount |
| Not Applicable | Not Applicable |

18. If claim has been filed with your carrier, what action has your insurer taken or proposes to take with reference to your claim?  *(It is necessary that you ascertain these facts)*

Not Applicable

| 19. Do you carry public liability and property damage insurance? | ☐ Yes, If yes, give name and address of insurance company *(Number, street, city, State, and Zip Code)* | ☐ No |

Not Applicable

SF 95 (Rev. 7-85) BACK

| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of the form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROVED OMB NO. 1105-0008 |
|---|---|---|

| 1. Submit To Appropriate Federal Agency: | 2. Name, Address of claimant and claimant's personal representative, if any. *(See instructions on reverse.)* *(Number, street, city, State and Zip Code)* |
|---|---|
| U.S. Department of Veteran Affairs<br>Office of General Counsel<br>Office of Chief Counsel<br>P.O. Box & 500 S. 5th Ave., Bldg 1, Rm. G 131<br>Hines, IL 60141 Hines, IL 60141-3030 | Carrie Lopez, Individually<br>by Mary Razor, Executrix of the Estate of Jerry Lee Snead, deceased<br>C/O Robert L. Coleman<br>REID, BURGE, PREVALLET & COLEMAN<br>P.O. Box 107, Blytheville, AR 72316-0107 |

| 3. TYPE OF EMPLOYMENT | 4. DATE OF BIRTH | 5. MARITAL STATUS | 6. DATE AND DAY OF ACCIDENT | 7. TIME *(A.M. or P.M.)* |
|---|---|---|---|---|
| MILITARY [X] CIVILIAN | 03-21-1952 | Never Married | Died, 10-13-2017 See Attached Narrative | 03:33 p.m. |

8. Basis of Claim *(State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof) (Use additional pages if necessary.)*

See attached Narrative Statement of Claim which explains how the delayed diagnosis of prostate cancer at John J. Pershing VA Medical Center in Poplar Bluff, Missouri culminated in the death of Jerry Snead from metastatic cancer at NEA Baptist Hospital in Jonesboro, Arkansas on October 13, 2017.

This is a claim by Carrie Lopez, individually.

| 9. | PROPERTY DAMAGE |
|---|---|

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT *(Number, street, city, State, and Zip Code)*

Not Applicable

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF DAMAGE AND THE LOCATION WHERE PROPERTY MAY BE INSPECTED. *(See instructions on reverse side.)*

Not Applicable

| 10. | PERSONAL INJURY/WRONGFUL DEATH |
|---|---|

STATE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE NAME OF INJURED PERSON OR DECEDENT.

See Attached Narrative Statement

| 11. | WITNESSES |
|---|---|

| NAME | ADDRESS *(Number, street, city, State, and Zip Code)* |
|---|---|
| See Attached Narrative Statement | See Attached Narrative Statement |

| 12. *(See instructions on reverse)* | AMOUNT OF CLAIM *(In dollars)* | | |
|---|---|---|---|
| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL *(Failure to specify may cause forfeiture of your rights.)* |
| 0.00 | 50,000,000.00 | 50,000,000.00 | 100,000,000.00 |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE ACCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM.

| 13a. SIGNATURE OF CLAIMANT *(See instructions on reverse side.)* | 13b. Phone number of signatory | 14. DATE OF CLAIM |
|---|---|---|
| Mary Razor, *[signature]* | 870-623-9955 | 2-22-18 |

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant shall forfeit and pay to the United States the sum of $2,000 plus double the amount of damages sustained by the United States. *(See 31 U.S.C. 3729.)* | Fine of not more than $10,000 or imprisonment for not more than 5 years or both. *(See 18 U.S.C. 287, 1001.)* |

95-109
Previous editions not usable.

NSN 7540-00-634-4046

STANDARD FORM 95 (Rev. 7-85) (EG)
PRESCRIBED BY DEPT. OF JUSTICE
28 CFR 14.2

## PRIVACY ACT NOTICE

This Notice is provided in accordance with the Privacy Act, 5 U.S.C. 552a(e)(3), and concerns the information requested in the letter to which this Notice is attached.

A. *Authority:* The requested information is solicited pursuant to one or more of the following: 5 U.S.C. 301, 38 U.S.C. 501 et seq., 28 U.S.C. 2671 et seq., 28 C.F.R.

B. *Principal Purpose:* The information requested is to be used in evaluating claims.
C. *Routine Use:* See the Notices of Systems of Records for the agency to whom you are submitting this form for this information.
D. *Effect of Failure to Respond:* Disclosure is voluntary. However, failure to supply the requested information or to execute the form may render your claim

## INSTRUCTIONS
**Complete all items - insert the word NONE where applicable**

A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL REPRESENTATIVE AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY DAMAGES IN A **SUM CERTAIN** FOR INJURY TO OR LOSS OF

PROPERTY, PERSONAL INJURY, OR DEATH ALLEGED TO HAVE OCCURRED BY REASON OF THE INCIDENT. THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITHIN **TWO YEARS** AFTER THE CLAIM ACCRUES.

Any instructions or information necessary in the preparation of your claim will be furnished, upon request, by the office indicated in Item #1 on the reverse side. Complete regulations pertaining to claims asserted under the Federal Tort Claims Act can be found in Title 28, Code of Federal Regulations, Part 14. Many agencies have published supplemental regulations also. If more than one agency is involved, please state each agency.

The claim may be filed by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with said claim establishing express authority to act for the claimant. A claim presented by an agent or legal representative must be presented in the name of the claimant. If the claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative.

If claimant intends to file claim for both personal injury and property damage, claim for both must be shown in Item 12 of this form.

The amount claimed should be substantiated by competent evidence as follows:
*(a)* In support of the claim for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extent of injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred.

*(b)* In support of claims for damage to property which has been or can be economically repaired, the claimant should submit at least two itemized signed statements or estimates by reliable, disinterested concerns, or, if payment has been made, the itemized signed receipts evidencing payment.

*(c)* In support of claims for damage to property which is not economically repairable, or if the property is lost or destroyed, the claimant should submit statements as to the original cost of the property, the date of purchase, and the value of the property, both before and after the accident. Such statements should be by disinterested competent persons, preferably reputable dealers or officials familiar with the type of property damaged, or by two or more competitive bidders, and should be certified as being just and correct.

*(d)* Failure to completely execute this form or to supply the requested material within two years from the date the allegations accrued may render your claim "invalid". A claim is deemed presented when it is received by the appropriate agency, not when it is mailed.

**Failure to specify a sum certain will result in invalid presentation of your claim and may result in forfeiture of your rights.**

Public reporting burden for this collection of information is estimated to average 15 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden,

| to   Director, Torts Branch | and to the |
|---|---|
| Civil Division | Office of Management and Budget |
| U.S. Department of Justice | Paperwork Reduction Project (1105-0008) |
| Washington, DC  20530 | Washington, DC  20503 |

## INSURANCE COVERAGE

In order that subrogation claims may be adjudicated, it is essential that the claimant provide the following information regarding the insurance coverage of his vehicle or property.

15. Do you carry accident insurance?  ☐ Yes, If yes, give name and address of insurance company *(Number, street, city, State, and Zip Code)* and policy number.  ☐ No

Not Applicable . No Property damage claim is involved.

| 16. Have you filed claim on your insurance carrier in this instance, and if so, is it full coverage or deductible? | 17. If deductible, state amount |
|---|---|
| Not Applicable | Not Applicable |

18. If claim has been filed with your carrier, what action has your insurer taken or proposes to take with reference to your claim? *(It is necessary that you ascertain these facts)*

Not Applicable

19. Do you carry public liability and property damage insurance?  ☐  Yes, If yes, give name and address of insurance company *(Number, street, city, State, and Zip Code)*  ☐ No

Not Applicable

SF 95 (Rev. 7-85) BACK

| **CLAIM FOR DAMAGE, INJURY, OR DEATH** | **INSTRUCTIONS:** Please read carefully the instructions on the reverse side and supply information requested on both sides of the form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROVED OMB NO. 1105-0008 |
|---|---|---|

| 1. Submit To Appropriate Federal Agency:<br>U.S. Department of Veteran Affairs<br>Office of General Counsel<br>Office of Chief Counsel<br>P.O. Box          &          500 S. 5th Ave., Bldg 1, Rm. G 131<br>Hines, IL  60141          Hines, IL 60141-3030 | 2. Name, Address of claimant and claimant's personal representative, if any. *(See instructions on reverse.) (Number, street, city, State and Zip Code)*<br>Hazel Jones-Snead, Individually<br>by Mary Razor, Executrix of the Estate of Jerry Lee Snead, deceased<br>C/O Robert L. Coleman<br>  REID, BURGE, PREVALLET & COLEMAN<br>  P.O. Box 107, Blytheville, AR 72316-0107 |
|---|---|

| 3. TYPE OF EMPLOYMENT | 4. DATE OF BIRTH | 5. MARITAL STATUS | 6. DATE AND DAY OF ACCIDENT | 7. TIME *(A.M. or P.M.)* |
|---|---|---|---|---|
| MILITARY [X] CIVILIAN | 03-21-1952 | Never Married | Died, 10-13-2017 See Attached Narrative | 03:33 p.m. |

8. Basis of Claim *(State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof) (Use additional pages if necessary.)*
See attached Narrative Statement of Claim which explains how the delayed diagnosis of prostate cancer at John J. Pershing VA Medical Center in Poplar Bluff, Missouri culminated in the death of Jerry Snead from metastic cancer at NEA Baptist Hospital in Jonesboro, Arkansas on October 13, 2017.

This is a claim by Hazel Jones-Snead, individually.

| 9. | PROPERTY DAMAGE |
|---|---|

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT *(Number, street, city, State, and Zip Code)*

Not Applicable

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF DAMAGE AND THE LOCATION WHERE PROPERTY MAY BE INSPECTED. *(See instructions on reverse side.)*

Not Applicable

| 10. | PERSONAL INJURY/WRONGFUL DEATH |
|---|---|

STATE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE NAME OF INJURED PERSON OR DECEDENT.

See Attached Narrative Statement

| 11. | WITNESSES |
|---|---|
| NAME | ADDRESS *(Number, street, city, State, and Zip Code)* |
| See Attached Narrative Statement | See Attached Narrative Statement |

| 12. *(See instructions on reverse)* | AMOUNT OF CLAIM *(In dollars)* | | |
|---|---|---|---|
| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL *(Failure to specify may cause forfeiture of your rights.)* |
| 0.00 | 50,000,000.00 | 50,000,000.00 | 100,000,000.00 |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE ACCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM.

| 13a. SIGNATURE OF CLAIMANT *(See instructions on reverse side.)* | 13b. Phone number of signatory | 14. DATE OF CLAIM |
|---|---|---|
| Mary Razor, *(signature)* | 870-623-9955 | 2-22-18 |

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant shall forfeit and pay to the United States the sum of $2,000 plus double the amount of damages sustained by the United States. *(See 31 U.S.C. 3729.)* | Fine of not more than $10,000 or imprisonment for not more than 5 years or both. *(See 18 U.S.C. 287, 1001.)* |

95-109<br>Previous editions not usable.

NSN 7540-00 634-4046

STANDARD FORM 95 (Rev. 7-85) (EG)<br>PRESCRIBED BY DEPT. OF JUSTICE<br>28 CFR 14.2

## PRIVACY ACT NOTICE

This Notice is provided in accordance with the Privacy Act, 5 U.S.C. 552a(e)(3), and concerns the information requested in the letter to which this Notice is attached.

A. *Authority:* The requested information is solicited pursuant to one or more of the following: 5 U.S.C. 301, 38 U.S.C. 501 et seq., 28 U.S.C. 2671 et seq., 28 C.F.R.

B. *Principal Purpose:* The information requested is to be used in evaluating claims.
C. *Routine Use:* See the Notices of Systems of Records for the agency to whom you are submitting this form for this information.
D. *Effect of Failure to Respond:* Disclosure is voluntary. However, failure to supply the requested information or to execute the form may render your claim

## INSTRUCTIONS
### Complete all items - insert the word NONE where applicable

A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL REPRESENTATIVE AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY DAMAGES IN A **SUM CERTAIN** FOR INJURY TO OR LOSS OF

PROPERTY, PERSONAL INJURY, OR DEATH ALLEGED TO HAVE OCCURRED BY REASON OF THE INCIDENT. THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITHIN **TWO YEARS** AFTER THE CLAIM ACCRUES.

Any instructions or information necessary in the preparation of your claim will be furnished, upon request, by the office indicated in Item #1 on the reverse side. Complete regulations pertaining to claims asserted under the Federal Tort Claims Act can be found in Title 28, Code of Federal Regulations, Part 14. Many agencies have published supplemental regulations also. If more than one agency is involved, please state each agency.

The claim may be filed by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with said claim establishing express authority to act for the claimant. A claim presented by an agent or legal representative must be presented in the name of the claimant. If the claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative.

If claimant intends to file claim for both personal injury and property damage, claim for both must be shown in Item 12 of this form.

The amount claimed should be substantiated by competent evidence as follows:
*(a)* In support of the claim for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extent of injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred.

*(b)* In support of claims for damage to property which has been or can be economically repaired, the claimant should submit at least two itemized signed statements or estimates by reliable, disinterested concerns, or, if payment has been made, the itemized signed receipts evidencing payment.

*(c)* In support of claims for damage to property which is not economically repairable, or if the property is lost or destroyed, the claimant should submit statements as to the original cost of the property, the date of purchase, and the value of the property, both before and after the accident. Such statements should be by disinterested competent persons, preferably reputable dealers or officials familiar with the type of property damaged, or by two or more competitive bidders, and should be certified as being just and correct.

*(d)* Failure to completely execute this form or to supply the requested material within two years from the date the allegations accrued may render your claim "invalid". A claim is deemed presented when it is received by the appropriate agency, not when it is mailed.

**Failure to specify a sum certain will result in invalid presentation of your claim and may result in forfeiture of your rights.**

Public reporting burden for this collection of information is estimated to average 15 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden,

to   Director, Torts Branch
    Civil Division
    U.S. Department of Justice
    Washington, DC  20530

and to the
Office of Management and Budget
Paperwork Reduction Project (1105-0008)
Washington, DC  20503

## INSURANCE COVERAGE

In order that subrogation claims may be adjudicated, it is essential that the claimant provide the following information regarding the insurance coverage of his vehicle or property.

15. Do you carry accident insurance?    ☐ Yes, If yes, give name and address of insurance company *(Number, street, city, State, and Zip Code)* and policy number.    ☐ No

Not Applicable . No Property damage claim is involved.

| 16. Have you filed claim on your insurance carrier in this instance, and if so, is it full coverage or deductible? | 17. If deductible, state amount |
|---|---|
| Not Applicable | Not Applicable |

18. If claim has been filed with your carrier, what action has your insurer taken or proposes to take with reference to your claim? *(It is necessary that you ascertain these facts)*

Not Applicable

19. Do you carry public liability and property damage insurance?    ☐ Yes, If yes, give name and address of insurance company *(Number, street, city, State, and Zip Code)*    ☐ No

Not Applicable

SF 95 (Rev. 7-85) BACK

| **CLAIM FOR DAMAGE, INJURY, OR DEATH** | **INSTRUCTIONS:** Please read carefully the instructions on the reverse side and supply information requested on both sides of the form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROVED OMB NO. 1105-0008 |
|---|---|---|

| 1. Submit To Appropriate Federal Agency: | 2. Name, Address of claimant and claimant's personal representative, if any. |
|---|---|
| U.S. Department of Veteran Affairs<br>Office of General Counsel<br>Office of Chief Counsel<br>P.O. Box    &    500 S. 5th Ave., Bldg 1, Rm. G 131<br>Hines, IL 60141          Hines, IL 60141-3030 | *(See instructions on reverse.) (Number, street, city, State and Zip Code)*<br>Jarvis Rowe, Individually<br>by Mary Razor, Executrix of the Estate of Jerry Lee Snead, deceased<br>C/O Robert L. Coleman<br>    REID, BURGE, PREVALLET & COLEMAN<br>    P.O. Box 107, Blytheville, AR 72316-0107 |

| 3. TYPE OF EMPLOYMENT | 4. DATE OF BIRTH | 5. MARITAL STATUS | 6. DATE AND DAY OF ACCIDENT | 7. TIME *(A.M. or P.M.)* |
|---|---|---|---|---|
| ☐ MILITARY  ☒ CIVILIAN | 03-21-1952 | Never Married | Died, 10-13-2017 See Attached Narrative | 03:33 p.m. |

8. Basis of Claim *(State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof) (Use additional pages if necessary.)*

See attached Narrative Statement of Claim which explains how the delayed diagnosis of prostate cancer at John J. Pershing VA Medical Center in Poplar Bluff, Missouri culminated in the death of Jerry Snead from metastatic cancer at NEA Baptist Hospital in Jonesboro, Arkansas on October 13, 2017.

This is a claim by Jarvis Rowe, individually.

| 9. | PROPERTY DAMAGE |
|---|---|

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT *(Number, street, city, State, and Zip Code)*

Not Applicable

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF DAMAGE AND THE LOCATION WHERE PROPERTY MAY BE INSPECTED. *(See instructions on reverse side.)*

Not Applicable

| 10. | PERSONAL INJURY/WRONGFUL DEATH |
|---|---|

STATE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE NAME OF INJURED PERSON OR DECEDENT.

See Attached Narrative Statement

| 11. | WITNESSES |
|---|---|
| NAME | ADDRESS *(Number, street, city, State, and Zip Code)* |
| See Attached Narrative Statement | See Attached Narrative Statement |

| 12. *(See instructions on reverse)* | | AMOUNT OF CLAIM *(In dollars)* | |
|---|---|---|---|
| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL *(Failure to specify may cause forfeiture of your rights.)* |
| 0.00 | 50,000,000.00 | 50,000,000.00 | 100,000,000.00 |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE ACCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM.

| 13a. SIGNATURE OF CLAIMANT *(See instructions on reverse side.)* | 13b. Phone number of signatory | 14. DATE OF CLAIM |
|---|---|---|
| Mary Razor, *(signature)* | 870-623-9955 | 2-22-18 |

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant shall forfeit and pay to the United States the sum of $2,000 plus double the amount of damages sustained by the United States. *(See 31 U.S.C. 3729.)* | Fine of not more than $10,000 or imprisonment for not more than 5 years or both. *(See 18 U.S.C. 287, 1001.)* |

95-109                                    NSN 7540-00-634-4046
Previous editions not usable.

STANDARD FORM 95 (Rev. 7-85) (EG)
PRESCRIBED BY DEPT. OF JUSTICE
28 CFR 14.2

## PRIVACY ACT NOTICE

This Notice is provided in accordance with the Privacy Act, 5 U.S.C. 552a(e)(3), and concerns the information requested in the letter to which this Notice is attached.

A. *Authority:* The requested information is solicited pursuant to one or more of the following:  5 U.S.C. 301, 38 U.S.C. 501 et seq., 28 U.S.C. 2671 et seq., 28 C.F.R.

B. *Principal Purpose:*  The information requested is to be used in evaluating claims.
C. *Routine Use:*  See the Notices of Systems of Records for the agency to whom you are submitting this form for this information.
D. *Effect of Failure to Respond:*  Disclosure is voluntary.  However, failure to supply the requested information or to execute the form may render your claim

## INSTRUCTIONS
### Complete all items - insert the word NONE where applicable

A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL REPRESENTATIVE AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY DAMAGES IN A **SUM CERTAIN** FOR INJURY TO OR LOSS OF

PROPERTY, PERSONAL INJURY, OR DEATH ALLEGED TO HAVE OCCURRED BY REASON OF THE INCIDENT.  THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITHIN **TWO YEARS** AFTER THE CLAIM ACCRUES.

Any instructions or information necessary in the preparation of your claim will be furnished, upon request, by the office indicated in Item #1 on the reverse side.  Complete regulations pertaining to claims asserted under the Federal Tort Claims Act can be found in Title 28, Code of Federal Regulations, Part 14.  Many agencies have published supplemental regulations also.  If more than one agency is involved, please state each agency.

The claim may be filed by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with said claim establishing express authority to act for the claimant.  A claim presented by an agent or legal representative must be presented in the name of the claimant.  If the claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative.

If claimant intends to file claim for both personal injury and property damage, claim for both must be shown in Item 12 of this form.

The amount claimed should be substantiated by competent evidence as follows:
*(a)* In support of the claim for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extent of injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred.

*(b)* In support of claims for damage to property which has been or can be economically repaired, the claimant should submit at least two itemized signed statements or estimates by reliable, disinterested concerns, or, if payment has been made, the itemized signed receipts evidencing payment.

*(c)* In support of claims for damage to property which is not economically repairable, or if the property is lost or destroyed, the claimant should submit statements as to the original cost of the property, the date of purchase, and the value of the property, both before and after the accident.  Such statements should be by disinterested competent persons, preferably reputable dealers or officials familiar with the type of property damaged, or by two or more competitive bidders, and should be certified as being just and correct.

*(d)* Failure to completely execute this form or to supply the requested material within two years from the date the allegations accrued may render your claim "invalid".  A claim is deemed presented when it is received by the appropriate agency, not when it is mailed.

**Failure to specify a sum certain will result in invalid presentation of your claim and may result in forfeiture of your rights.**

Public reporting burden for this collection of information is estimated to average 15 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information.  Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden,

| to   Director, Torts Branch | and to the |
|---|---|
| Civil Division | Office of Management and Budget |
| U.S. Department of Justice | Paperwork Reduction Project (1105-0008) |
| Washington, DC  20530 | Washington, DC  20503 |

## INSURANCE COVERAGE

In order that subrogation claims may be adjudicated, it is essential that the claimant provide the following information regarding the insurance coverage of his vehicle or property.

| 15. Do you carry accident insurance? | ☐ Yes, If yes, give name and address of insurance company *(Number, street, city, State, and Zip Code)* and policy number. | ☐ No |
|---|---|---|

Not Applicable . No Property damage claim is involved.

| 16. Have you filed claim on your insurance carrier in this instance, and if so, is it full coverage or deductible? | 17. If deductible, state amount |
|---|---|
| Not Applicable | Not Applicable |

18. If claim has been filed with your carrier, what action has your insurer taken or proposes to take with reference to your claim?  *(It is necessary that you ascertain these facts)*

Not Applicable

| 19. Do you carry public liability and property damage insurance? | ☐ Yes, If yes, give name and address of insurance company *(Number, street, city, State, and Zip Code)* | ☐ No |
|---|---|---|

Not Applicable

SF 95 (Rev. 7-85) BACK

| **CLAIM FOR DAMAGE, INJURY, OR DEATH** | **INSTRUCTIONS:** Please read carefully the instructions on the reverse side and supply information requested on both sides of the form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROVED OMB NO. 1105-0008 |
|---|---|---|

| 1. Submit To Appropriate Federal Agency: | 2. Name, Address of claimant and claimant's personal representative, if any. *(See instructions on reverse.) (Number, street, city, State and Zip Code)* |
|---|---|
| U.S. Department of Veteran Affairs<br>Office of General Counsel<br>Office of Chief Counsel<br>P.O. Box       &       500 S. 5th Ave., Bldg 1, Rm. G 131<br>Hines, IL  60141          Hines, IL 60141-3030 | Molandra Snead, Individually<br>by Mary Razor, Executrix of the Estate of Jerry Lee Snead, deceased<br>C/O Robert L. Coleman<br>  REID, BURGE, PREVALLET & COLEMAN<br>  P.O. Box 107, Blytheville, AR 72316-0107 |

| 3. TYPE OF EMPLOYMENT | 4. DATE OF BIRTH | 5. MARITAL STATUS | 6. DATE AND DAY OF ACCIDENT | 7. TIME *(A.M. or P.M.)* |
|---|---|---|---|---|
| MILITARY  X  CIVILIAN | 03-21-1952 | Never Married | Died, 10-13-2017 See Attached Narrative | 03:33 p.m. |

8. Basis of Claim *(State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof) (Use additional pages if necessary.)*
See attached Narrative Statement of Claim which explains how the delayed diagnosis of prostate cancer at John J. Pershing VA Medical Center in Poplar Bluff, Missouri culminated in the death of Jerry Snead from metastatic cancer at NEA Baptist Hospital in Jonesboro, Arkansas on October 13, 2017.

This is a claim by Molandra Snead, individually.

| 9. | **PROPERTY DAMAGE** |
|---|---|

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT *(Number, street, city, State, and Zip Code)*

Not Applicable

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF DAMAGE AND THE LOCATION WHERE PROPERTY MAY BE INSPECTED. *(See instructions on reverse side.)*

Not Applicable

| 10. | **PERSONAL INJURY/WRONGFUL DEATH** |
|---|---|

STATE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE NAME OF INJURED PERSON OR DECEDENT.

See Attached Narrative Statement

| 11. | **WITNESSES** | |
|---|---|---|
| NAME | ADDRESS *(Number, street, city, State, and Zip Code)* |
| See Attached Narrative Statement | See Attached Narrative Statement |

| 12. *(See instructions on reverse)* | **AMOUNT OF CLAIM** *(In dollars)* | | |
|---|---|---|---|
| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL *(Failure to specify may cause forfeiture of your rights.)* |
| 0.00 | 50,000,000.00 | 50,000,000.00 | 100,000,000.00 |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE ACCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM.

| 13a. SIGNATURE OF CLAIMANT *(See instructions on reverse side.)* | 13b. Phone number of signatory | 14. DATE OF CLAIM |
|---|---|---|
| Mary Razor, | 870-623-9955 | 2-22-18 |

| **CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM** | **CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS** |
|---|---|
| The claimant shall forfeit and pay to the United States the sum of $2,000 plus double the amount of damages sustained by the United States. *(See 31 U.S.C. 3729.)* | Fine of not more than $10,000 or imprisonment for not more than 5 years or both. *(See 18 U.S.C. 287, 1001.)* |

95 109<br>Previous editions not usable.                    NSN 7540-00-634-4046

STANDARD FORM 95 (Rev. 7-85) (EG)<br>PRESCRIBED BY DEPT. OF JUSTICE<br>28 CFR 14.2

### PRIVACY ACT NOTICE

This Notice is provided in accordance with the Privacy Act, 5 U.S.C. 552a(e)(3), and concerns the information requested in the letter to which this Notice is attached.

A. *Authority:* The requested information is solicited pursuant to one or more of the following: 5 U.S.C. 301, 38 U.S.C. 501 et seq., 28 U.S.C. 2671 et seq., 28 C.F.R.

B. *Principal Purpose:* The information requested is to be used in evaluating claims.
C. *Routine Use:* See the Notices of Systems of Records for the agency to whom you are submitting this form for this information.
D. *Effect of Failure to Respond:* Disclosure is voluntary. However, failure to supply the requested information or to execute the form may render your claim

### INSTRUCTIONS
**Complete all items - insert the word NONE where applicable**

A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL REPRESENTATIVE AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY DAMAGES IN A **SUM CERTAIN** FOR INJURY TO OR LOSS OF

PROPERTY, PERSONAL INJURY, OR DEATH ALLEGED TO HAVE OCCURRED BY REASON OF THE INCIDENT.  THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITHIN **TWO YEARS** AFTER THE CLAIM ACCRUES.

Any instructions or information necessary in the preparation of your claim will be furnished, upon request, by the office indicated in Item #1 on the reverse side. Complete regulations pertaining to claims asserted under the Federal Tort Claims Act can be found in Title 28, Code of Federal Regulations, Part 14.  Many agencies have published supplemental regulations also.  If more than one agency is involved, please state each agency.

The claim may be filed by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with said claim establishing express authority to act for the claimant.  A claim presented by an agent or legal representative must be presented in the name of the claimant.  If the claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative.

If claimant intends to file claim for both personal injury and property damage, claim for both must be shown in Item 12 of this form.

The amount claimed should be substantiated by competent evidence as follows:
*(a)* In support of the claim for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extent of injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred.

*(b)* In support of claims for damage to property which has been or can be economically repaired, the claimant should submit at least two itemized signed statements or estimates by reliable, disinterested concerns, or, if payment has been made, the itemized signed receipts evidencing payment.

*(c)* In support of claims for damage to property which is not economically repairable, or if the property is lost or destroyed, the claimant should submit statements as to the original cost of the property, the date of purchase, and the value of the property, both before and after the accident.  Such statements should be by disinterested competent persons, preferably reputable dealers or officials familiar with the type of property damaged, or by two or more competitive bidders, and should be certified as being just and correct.

*(d)* Failure to completely execute this form or to supply the requested material within two years from the date the allegations accrued may render your claim "invalid".  A claim is deemed presented when it is received by the appropriate agency, not when it is mailed.

**Failure to specify a sum certain will result in invalid presentation of your claim and may result in forfeiture of your rights.**

Public reporting burden for this collection of information is estimated to average 15 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden,

to  Director, Torts Branch
    Civil Division
    U.S. Department of Justice
    Washington, DC  20530

and to the
Office of Management and Budget
Paperwork Reduction Project (1105-0008)
Washington, DC  20503

### INSURANCE COVERAGE

In order that subrogation claims may be adjudicated, it is essential that the claimant provide the following information regarding the insurance coverage of his vehicle or property.

| 15. Do you carry accident insurance? | Yes, If yes, give name and address of insurance company *(Number, street, city, State, and Zip Code)* and policy number. | No |
|---|---|---|

Not Applicable . No Property damage claim is involved.

| 16. Have you filed claim on your insurance carrier in this instance, and if so, is it full coverage or deductible? | 17. If deductible, state amount |
|---|---|
| Not Applicable | Not Applicable |

18. If claim has been filed with your carrier, what action has your insurer taken or proposes to take with reference to your claim?  *(It is necessary that you ascertain these facts)*

Not Applicable

| 19. Do you carry public liability and property damage insurance? | Yes, If yes, give name and address of insurance company *(Number, street, city, State, and Zip Code)* | No |
|---|---|---|

Not Applicable

SF 95 (Rev. 7-85) BACK

| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of the form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROVED OMB NO. 1105-0008 |
|---|---|---|

| 1. Submit To Appropriate Federal Agency: | 2. Name, Address of claimant and claimant's personal representative, if any. |
|---|---|
| U.S. Department of Veteran Affairs<br>Office of General Counsel<br>Office of Chief Counsel<br>P.O. Box          &          500 S. 5th Ave., Bldg 1, Rm. G 131<br>Hines, IL  60141                Hines, IL 60141-3030 | *(See instructions on reverse.) (Number, street, city, State and Zip Code)*<br>Cynthia Snead Lester, Individually<br>by Mary Razor, Executrix of the Estate of Jerry Lee Snead, deceased<br>C/O Robert L. Coleman<br>    REID, BURGE, PREVALLET & COLEMAN<br>    P.O. Box 107, Blytheville, AR 72316-0107 |

| 3. TYPE OF EMPLOYMENT | 4. DATE OF BIRTH | 5. MARITAL STATUS | 6. DATE AND DAY OF ACCIDENT | 7. TIME *(A.M. or P.M.)* |
|---|---|---|---|---|
| MILITARY [ ]  CIVILIAN [X] | 03-21-1952 | Never Married | Died, 10-13-2017 See Attached Narrative | 03:33 p.m. |

8. Basis of Claim *(State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof) (Use additional pages if necessary.)*

See attached Narrative Statement of Claim which explains how the delayed diagnosis of prostate cancer at John J. Pershing VA Medical Center in Poplar Bluff, Missouri culminated in the death of Jerry Snead from metastatic cancer at NEA Baptist Hospital in Jonesboro, Arkansas on October 13, 2017.

This is a claim by Cynthia Snead Lester, individually.

| 9. | PROPERTY DAMAGE |
|---|---|

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT *(Number, street, city, State, and Zip Code)*

Not Applicable

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF DAMAGE AND THE LOCATION WHERE PROPERTY MAY BE INSPECTED. *(See instructions on reverse side.)*

Not Applicable

| 10. | PERSONAL INJURY/WRONGFUL DEATH |
|---|---|

STATE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE NAME OF INJURED PERSON OR DECEDENT.

See Attached Narrative Statement

| 11. | WITNESSES |
|---|---|
| NAME | ADDRESS *(Number, street, city, State, and Zip Code)* |
| See Attached Narrative Statement | See Attached Narrative Statement |

| 12. *(See instructions on reverse)* | AMOUNT OF CLAIM *(In dollars)* | | |
|---|---|---|---|
| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL *(Failure to specify may cause forfeiture of your rights.)* |
| 0.00 | 50,000,000.00 | 50,000,000.00 | 100,000,000.00 |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE ACCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM.

| 13a. SIGNATURE OF CLAIMANT *(See instructions on reverse side.)* | 13b. Phone number of signatory | 14. DATE OF CLAIM |
|---|---|---|
| Mary Razor, | 870-623-9955 | 2-22-18 |

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant shall forfeit and pay to the United States the sum of $2,000 plus double the amount of damages sustained by the United States. *(See 31 U.S.C. 3729.)* | Fine of not more than $10,000 or imprisonment for not more than 5 years or both. *(See 18 U.S.C. 287, 1001.)* |

95-109
*Previous editions not usable.*

NSN 7540-00-634-4046

STANDARD FORM 95 (Rev. 7-85) (EG)
PRESCRIBED BY DEPT. OF JUSTICE
28 CFR 14.2

## PRIVACY ACT NOTICE

This Notice is provided in accordance with the Privacy Act, 5 U.S.C. 552a(e)(3), and concerns the information requested in the letter to which this Notice is attached.

A. *Authority:* The requested information is solicited pursuant to one or more of the following: 5 U.S.C. 301, 38 U.S.C. 501 et seq., 28 U.S.C. 2671 et seq., 28 C.F.R.

B. *Principal Purpose:* The information requested is to be used in evaluating claims.
C. *Routine Use:* See the Notices of Systems of Records for the agency to whom you are submitting this form for this information.
D. *Effect of Failure to Respond:* Disclosure is voluntary. However, failure to supply the requested information or to execute the form may render your claim

## INSTRUCTIONS

Complete all items - insert the word NONE where applicable

A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL REPRESENTATIVE AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY DAMAGES IN A SUM CERTAIN FOR INJURY TO OR LOSS OF

Any instructions or information necessary in the preparation of your claim will be furnished, upon request, by the office indicated in Item #1 on the reverse side. Complete regulations pertaining to claims asserted under the Federal Tort Claims Act can be found in Title 28, Code of Federal Regulations, Part 14. Many agencies have published supplemental regulations also. If more than one agency is involved, please state each agency.

The claim may be filed by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with said claim establishing express authority to act for the claimant. A claim presented by an agent or legal representative must be presented in the name of the claimant. If the claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative.

If claimant intends to file claim for both personal injury and property damage, claim for both must be shown in Item 12 of this form.

The amount claimed should be substantiated by competent evidence as follows:
*(a)* In support of the claim for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extent of injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred.

PROPERTY, PERSONAL INJURY, OR DEATH ALLEGED TO HAVE OCCURRED BY REASON OF THE INCIDENT. THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITHIN TWO YEARS AFTER THE CLAIM ACCRUES.

*(b)* In support of claims for damage to property which has been or can be economically repaired, the claimant should submit at least two itemized signed statements or estimates by reliable, disinterested concerns, or, if payment has been made, the itemized signed receipts evidencing payment.

*(c)* In support of claims for damage to property which is not economically repairable, or if the property is lost or destroyed, the claimant should submit statements as to the original cost of the property, the date of purchase, and the value of the property, both before and after the accident. Such statements should be by disinterested competent persons, preferably reputable dealers or officials familiar with the type of property damaged, or by two or more competitive bidders, and should be certified as being just and correct.

*(d)* Failure to completely execute this form or to supply the requested material within two years from the date the allegations accrued may render your claim "invalid". A claim is deemed presented when it is received by the appropriate agency, not when it is mailed.

Failure to specify a sum certain will result in invalid presentation of your claim and may result in forfeiture of your rights.

Public reporting burden for this collection of information is estimated to average 15 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden,

to   Director, Torts Branch
  Civil Division
  U.S. Department of Justice
  Washington, DC  20530

and to the
Office of Management and Budget
Paperwork Reduction Project (1105-0008)
Washington, DC  20503

## INSURANCE COVERAGE

In order that subrogation claims may be adjudicated, it is essential that the claimant provide the following information regarding the insurance coverage of his vehicle or property.

| 15. Do you carry accident insurance? | ☐ Yes, If yes, give name and address of insurance company *(Number, street, city, State, and Zip Code)* and policy number. | ☐ No |
|---|---|---|

Not Applicable . No Property damage claim is involved.

| 16. Have you filed claim on your insurance carrier in this instance, and if so, is it full coverage or deductible? | 17. If deductible, state amount |
|---|---|
| Not Applicable | Not Applicable |

| 18. If claim has been filed with your carrier, what action has your insurer taken or proposes to take with reference to your claim? *(It is necessary that you ascertain these facts)* |
|---|
| Not Applicable |

| 19. Do you carry public liability and property damage insurance? | ☐ Yes, If yes, give name and address of insurance company *(Number, street, city, State, and Zip Code)* | ☐ No |
|---|---|---|

Not Applicable

SF 95 (Rev. 7-85) BACK

| **CLAIM FOR DAMAGE, INJURY, OR DEATH** | **INSTRUCTIONS:** Please read carefully the instructions on the reverse side and supply information requested on both sides of the form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROVED OMB NO. 1105-0008 |
|---|---|---|

| 1. Submit To Appropriate Federal Agency:<br>U.S. Department of Veteran Affairs<br>Office of General Counsel<br>Office of Chief Counsel<br>P.O. Box        &        500 S. 5th Ave., Bldg 1, Rm. G 131<br>Hines, IL 60141              Hines, IL 60141-3030 | 2. Name, Address of claimant and claimant's personal representative, if any.<br>*(See instructions on reverse.)  (Number, street, city, State and Zip Code)*<br>Shimeka Snead, Individually<br>by Mary Razor, Executrix of the Estate of Jerry Lee Snead, deceased<br>C/O Robert L. Coleman<br>REID, BURGE, PREVALLET & COLEMAN<br>P.O. Box 107, Blytheville, AR 72316-0107 |
|---|---|

| 3. TYPE OF EMPLOYMENT | 4. DATE OF BIRTH | 5. MARITAL STATUS | 6.  DATE AND DAY OF ACCIDENT | 7.  TIME *(A.M. or P.M.)* |
|---|---|---|---|---|
| ☐ MILITARY   ☒ CIVILIAN | 03-21-1952 | Never Married | Died, 10-13-2017 See Attached Narrative | 03:33 p.m. |

8. Basis of Claim *(State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof) (Use additional pages if necessary.)*
See attached Narrative Statement of Claim which explains how the delayed diagnosis of prostate cancer at John J. Pershing VA Medical Center in Poplar Bluff, Missouri culminated in the death of Jerry Snead from metastatic cancer at NEA Baptist Hospital in Jonesboro, Arkansas on October 13, 2017.

This is a claim by Shimeka Snead, individually.

| 9. | PROPERTY DAMAGE | | |
|---|---|---|---|

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT *(Number, street, city, State, and Zip Code)*

Not Applicable

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF DAMAGE AND THE LOCATION WHERE PROPERTY MAY BE INSPECTED. *(See instructions on reverse side.)*

Not Applicable

| 10. | PERSONAL INJURY/WRONGFUL DEATH |
|---|---|

STATE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE NAME OF INJURED PERSON OR DECEDENT.

See Attached Narrative Statement

| 11. | | WITNESSES | |
|---|---|---|---|
| | NAME | | ADDRESS *(Number, street, city, State, and Zip Code)* |
| See Attached Narrative Statement | | See Attached Narrative Statement | |

| 12.  *(See instructions on reverse)* | AMOUNT OF CLAIM *(In dollars)* | | |
|---|---|---|---|
| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL *(Failure to specify may cause forfeiture of your rights.)* |
| 0.00 | 50,000,000.00 | 50,000,000.00 | 100,000,000.00 |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE ACCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM.

| 13a. SIGNATURE OF CLAIMANT *(See instructions on reverse side.)* | 13b. Phone number of signatory | 14. DATE OF CLAIM |
|---|---|---|
| Mary Razor, *(signature)* | 870-623-9955 | 2-22-18 |

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant shall forfeit and pay to the United States the sum of $2,000 plus double the amount of damages sustained by the United States. *(See 31 U.S.C. 3729.)* | Fine of not more than $10,000 or imprisonment for not more than 5 years or both. *(See 18 U.S.C. 287, 1001.)* |

95-109
*Previous editions not usable.*                    NSN 7540-00-634-4046

STANDARD FORM 95 (Rev. 7-85) (EG)
PRESCRIBED BY DEPT. OF JUSTICE
28 CFR 14.2

## PRIVACY ACT NOTICE

This Notice is provided in accordance with the Privacy Act, 5 U.S.C. 552a(e)(3), and concerns the information requested in the letter to which this Notice is attached.

A. *Authority:* The requested information is solicited pursuant to one or more of the following: 5 U.S.C. 301, 38 U.S.C. 501 et seq., 28 U.S.C. 2671 et seq., 28 C.F.R.

B. *Principal Purpose:* The information requested is to be used in evaluating claims.

C. *Routine Use:* See the Notices of Systems of Records for the agency to whom you are submitting this form for this information.

D. *Effect of Failure to Respond:* Disclosure is voluntary. However, failure to supply the requested information or to execute the form may render your claim

## INSTRUCTIONS
**Complete all items - insert the word NONE where applicable**

A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL REPRESENTATIVE AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY DAMAGES IN A **SUM CERTAIN** FOR INJURY TO OR LOSS OF PROPERTY, PERSONAL INJURY, OR DEATH ALLEGED TO HAVE OCCURRED BY REASON OF THE INCIDENT. THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITHIN **TWO YEARS** AFTER THE CLAIM ACCRUES.

Any instructions or information necessary in the preparation of your claim will be furnished, upon request, by the office indicated in Item #1 on the reverse side. Complete regulations pertaining to claims asserted under the Federal Tort Claims Act can be found in Title 28, Code of Federal Regulations, Part 14. Many agencies have published supplemental regulations also. If more than one agency is involved, please state each agency.

The claim may be filed by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with said claim establishing express authority to act for the claimant. A claim presented by an agent or legal representative must be presented in the name of the claimant. If the claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative.

If claimant intends to file claim for both personal injury and property damage, claim for both must be shown in Item 12 of this form.

The amount claimed should be substantiated by competent evidence as follows:
*(a)* In support of the claim for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extent of injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred.

*(b)* In support of claims for damage to property which has been or can be economically repaired, the claimant should submit at least two itemized signed statements or estimates by reliable, disinterested concerns, or, if payment has been made, the itemized signed receipts evidencing payment.

*(c)* In support of claims for damage to property which is not economically repairable, or if the property is lost or destroyed, the claimant should submit statements as to the original cost of the property, the date of purchase, and the value of the property, both before and after the accident. Such statements should be by disinterested competent persons, preferably reputable dealers or officials familiar with the type of property damaged, or by two or more competitive bidders, and should be certified as being just and correct.

*(d)* Failure to completely execute this form or to supply the requested material within two years from the date the allegations accrued may render your claim "invalid". A claim is deemed presented when it is received by the appropriate agency, not when it is mailed.

**Failure to specify a sum certain will result in invalid presentation of your claim and may result in forfeiture of your rights.**

Public reporting burden for this collection of information is estimated to average 15 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden,

to  Director, Torts Branch
Civil Division
U.S. Department of Justice
Washington, DC  20530

and to the
Office of Management and Budget
Paperwork Reduction Project (1105-0008)
Washington, DC  20503

## INSURANCE COVERAGE

In order that subrogation claims may be adjudicated, it is essential that the claimant provide the following information regarding the insurance coverage of his vehicle or property.

15. Do you carry accident insurance?   ☐ Yes, If yes, give name and address of insurance company *(Number, street, city, State, and Zip Code)* and policy number.   ☐ No

Not Applicable . No Property damage claim is involved.

| 16. Have you filed claim on your insurance carrier in this instance, and if so, is it full coverage or deductible? | 17. If deductible, state amount |
|---|---|
| Not Applicable | Not Applicable |

18. If claim has been filed with your carrier, what action has your insurer taken or proposes to take with reference to your claim? *(It is necessary that you ascertain these facts)*

Not Applicable

19. Do you carry public liability and property damage insurance?   ☐ Yes, If yes, give name and address of insurance company *(Number, street, city, State, and Zip Code)*   ☐ No

Not Applicable

| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of the form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROVED OMB NO. 1105-0008 |
|---|---|---|

| 1. Submit To Appropriate Federal Agency: | 2. Name, Address of claimant and claimant's personal representative, if any. |
|---|---|
| U.S. Department of Veteran Affairs<br>Office of General Counsel<br>Office of Chief Counsel<br>P.O. Box        &        500 S. 5th Ave., Bldg 1, Rm. G 131<br>Hines, IL  60141          Hines, IL 60141-3030 | *(See instructions on reverse.) (Number, street, city, State and Zip Code)*<br>Seteria (Larry) Dorsey, Individually<br>by Mary Razor, Executrix of the Estate of Jerry Lee Snead, deceased<br>C/O Robert L. Coleman<br>    REID, BURGE, PREVALLET & COLEMAN<br>    P.O. Box 107, Blytheville, AR 72316-0107 |

| 3. TYPE OF EMPLOYMENT | 4. DATE OF BIRTH | 5. MARITAL STATUS | 6. DATE AND DAY OF ACCIDENT | 7. TIME *(A.M. or P.M.)* |
|---|---|---|---|---|
| ☐ MILITARY  ☒ CIVILIAN | 03-21-1952 | Never Married | Died, 10-13-2017 See Attached Narrative | 03:33 p.m. |

**8. Basis of Claim** *(State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof) (Use additional pages if necessary.)*

See attached Narrative Statement of Claim which explains how the delayed diagnosis of prostate cancer at John J. Pershing VA Medical Center in Poplar Bluff, Missouri culminated in the death of Jerry Snead from metastatic cancer at NEA Baptist Hospital in Jonesboro, Arkansas on October 13, 2017.

This is a claim by Seteria (Larry) Dorsey, individually.

| 9. | PROPERTY DAMAGE |
|---|---|

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT *(Number, street, city, State, and Zip Code)*

Not Applicable

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF DAMAGE AND THE LOCATION WHERE PROPERTY MAY BE INSPECTED. *(See instructions on reverse side.)*

Not Applicable

| 10. | PERSONAL INJURY/WRONGFUL DEATH |
|---|---|

STATE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE NAME OF INJURED PERSON OR DECEDENT.

See Attached Narrative Statement

| 11. | | WITNESSES | |
|---|---|---|---|

| NAME | ADDRESS *(Number, street, city, State, and Zip Code)* |
|---|---|
| See Attached Narrative Statement | See Attached Narrative Statement |

| 12. *(See instructions on reverse)* | AMOUNT OF CLAIM *(In dollars)* | | |
|---|---|---|---|
| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL *(Failure to specify may cause forfeiture of your rights.)* |
| 0.00 | 50,000,000.00 | 50,000,000.00 | 100,000,000.00 |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE ACCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM.

| 13a. SIGNATURE OF CLAIMANT *(See instructions on reverse side.)* | 13b. Phone number of signatory | 14. DATE OF CLAIM |
|---|---|---|
| Mary Razor, *[signature]* | 870-623-9955 | 2-22-18 |

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant shall forfeit and pay to the United States the sum of $2,000 plus double the amount of damages sustained by the United States. *(See 31 U.S.C. 3729.)* | Fine of not more than $10,000 or imprisonment for not more than 5 years or both. *(See 18 U.S.C. 287, 1001.)* |

95-109<br>*Previous editions not usable.*          NSN 7540-00-634-4046          *STANDARD FORM 95 (Rev. 7-85) (EG)*<br>*PRESCRIBED BY DEPT. OF JUSTICE*<br>*28 CFR 14.2*

## PRIVACY ACT NOTICE

This Notice is provided in accordance with the Privacy Act, 5 U.S.C. 552a(e)(3), and concerns the information requested in the letter to which this Notice is attached.

A. *Authority:* The requested information is solicited pursuant to one or more of the following:  5 U.S.C. 301, 38 U.S.C. 501 et seq., 28 U.S.C. 2671 et seq., 28 C.F.R.

B. *Principal Purpose:* The information requested is to be used in evaluating claims.
C. *Routine Use:* See the Notices of Systems of Records for the agency to whom you are submitting this form for this information.
D. *Effect of Failure to Respond:* Disclosure is voluntary. However, failure to supply the requested information or to execute this form may render your claim

## INSTRUCTIONS

**Complete all items - insert the word NONE where applicable**

A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL REPRESENTATIVE AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY DAMAGES IN A **SUM CERTAIN** FOR INJURY TO OR LOSS OF PROPERTY, PERSONAL INJURY, OR DEATH ALLEGED TO HAVE OCCURRED BY REASON OF THE INCIDENT.  THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITHIN **TWO YEARS** AFTER THE CLAIM ACCRUES.

Any instructions or information necessary in the preparation of your claim will be furnished, upon request, by the office indicated in Item #1 on the reverse side. Complete regulations pertaining to claims asserted under the Federal Tort Claims Act can be found in Title 28, Code of Federal Regulations, Part 14.  Many agencies have published supplemental regulations also.  If more than one agency is involved, please state each agency.

The claim may be filed by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with said claim establishing express authority to act for the claimant.  A claim presented by an agent or legal representative must be presented in the name of the claimant.  If the claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative.

If claimant intends to file claim for both personal injury and property damage, claim for both must be shown in Item 12 of this form.

The amount claimed should be substantiated by competent evidence as follows:

*(a)* In support of the claim for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extent of injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred.

*(b)* In support of claims for damage to property which has been or can be economically repaired, the claimant should submit at least two itemized signed statements or estimates by reliable, disinterested concerns, or, if payment has been made, the itemized signed receipts evidencing payment.

*(c)* In support of claims for damage to property which is not economically repairable, or if the property is lost or destroyed, the claimant should submit statements as to the original cost of the property, the date of purchase, and the value of the property, both before and after the accident.  Such statements should be by disinterested competent persons, preferably reputable dealers or officials familiar with the type of property damaged, or by two or more competitive bidders, and should be certified as being just and correct.

*(d)* Failure to completely execute this form or to supply the requested material within two years from the date the allegations accrued may render your claim "invalid".  A claim is deemed presented when it is received by the appropriate agency, not when it is mailed.

**Failure to specify a sum certain will result in invalid presentation of your claim and may result in forfeiture of your rights.**

Public reporting burden for this collection of information is estimated to average 15 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information.  Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden,

to   Director, Torts Branch
Civil Division
U.S. Department of Justice
Washington, DC  20530

and to the
Office of Management and Budget
Paperwork Reduction Project (1105-0008)
Washington, DC  20503

## INSURANCE COVERAGE

In order that subrogation claims may be adjudicated, it is essential that the claimant provide the following information regarding the insurance coverage of his vehicle or property.

15. Do you carry accident insurance?  ☐ Yes, If yes, give name and address of insurance company *(Number, street, city, State, and Zip Code)* and policy number.  ☐ No

Not Applicable . No Property damage claim is involved.

| 16. Have you filed claim on your insurance carrier in this instance, and if so, is it full coverage or deductible? | 17. If deductible, state amount |
|---|---|
| Not Applicable | Not Applicable |

18. If claim has been filed with your carrier, what action has your insurer taken or proposes to take with reference to your claim? *(It is necessary that you ascertain these facts)*

Not Applicable

19. Do you carry public liability and property damage insurance?  ☐ Yes, If yes, give name and address of insurance company *(Number, street, city, State, and Zip Code)*  ☐ No

Not Applicable

SF 95 (Rev. 7-85) BACK

**TO THE UNITED STATES DEPARTEMENT OF VETERAN AFFAIRS**
**OFFICE OF GENERAL COUNSEL**
**OFFICE OF CHIEF COUNSEL**

*ESTATE OF JERRY LEE SNEAD, deceased*                                    *CLAIMANT*
*BY:      Mary Razor, Executrix*
*C/O:     Robert L. Coleman*
*         REID, BURGE, PREVALLET & COLEMAN*
*         417 N. Broadway, P.O. Box 107*
*         Blytheville, AR 72315-0107*
*         Tel:          (870) 763-4586*
*         Fax:          (870) 763-4642*
*         E-mail:       rbpc@sbcglobal.net*

*v.*

*U.S. DEPARTMENT OF VETERAN AFFAIRS*                                    *AGENCY*

### NARRATIVE STATEMENT OF CLAIM FOR DAMAGE, INJURY OR DEATH
### SUPPLEMENTING STANDARD FORM 95

The Claimant, Mary Razor, the sister of Jerry Lee Snead, deceased, acting in her capacity as Court Appointed Executrix and Personal Representative of the Estate of Jerry Lee Snead, deceased, by and through her attorney, Robert L. Coleman of the Law Firm of Reid, Burge, Prevallet & Coleman, submits this Narrative Statement of Claim for Damage, Injury or Death Supplementing Standard Form 95, as follows:

1. Mary Razor states that she is the sister of Jerry Lee Snead, deceased, and was appointed by the Circuit Court for the Chickasawba District of Mississippi County, Arkansas, Probate Division as Executrix of the Estate of Jerry Lee Snead, who died on October 13, 2017, at NEA Baptist Memorial Hospital, 4800 East Johnson Ave., Jonesboro, Arkansas 72401-8413. The Probate documents establishing claimant's authority to act on behalf of all claimants, consisting of Letters Testamentary; Order Granting Petition for Probate of Will of Jerry Lee Snead; Acceptance of Appointment; Petition for Probate of Will and Appointment of Executor and Employment of Attorneys; Entry of Appearance and Waiver of Notice, Inventory and Accounting signed by Mary Razor; and, Last Will and Testament of Jerry L. Snead with Proof of Will filed January 19, 2018, are attached along with the Order and Contract filed February 22, 2018. Those Probate documents will be referred to collectively as "Exhibit 1."



EXHIBIT
B

1

2.   Attached to this Narrative Statement as "Exhibit 2" is a copy of the Certificate of Death of Jerry Snead which shows, among other things, that he died on October 13, 2017, at 3:33 a.m. and that the immediate cause of his death was "Metastatic Squamous Cell Carcinoma; Lung Cancer" as certified by the certifying physician, Wanda L. Willaims, MD.

3.   At all times pertinent to this claim the decedent, Jerry Lee Snead, was a veteran by reason of his service in the United States Army as shown by the attached DD Form 214 which is attached hereto as "Exhibit 3" and the discharge orders which are attached hereto as "Exhibits 4 & 5."

4.   As set forth in the Death Certificate and other documents which will be referred to below, the decedent, Jerry Lee Snead, was at all times pertinent to this claim a resident and citizen of the Chickasawba District of Mississippi County, Arkansas residing at 3726 Kacey Lane, Blytheville, Arkansas 72315.

5.   Based on information obtained from the Department of Veteran Affairs, Claimant states that the decedent, Jerry Lee Snead, sought and obtained his medical care through the Department of Veteran Affairs or other VA sources, primarily through John J. Pershing VA Medical Center, 1500 N. Westwood, Poplar Bluff, Missouri 63901, at all times pertinent to this claim on a continuous basis up until his last hospitalization. Although Claimant does not have all of the decedent's medical records, the medical records of which she is aware show that the decedent obtained medical care through the VA from June of 2014 up through the time of his death. He also obtained healthcare elsewhere, however, outside care was usually as a result of a referral from some representative of the VA.

6.   During the time the decedent obtained treatment through the VA, he relied upon the VA to follow the applicable standard of care in providing him care and treatment and informing him of his condition.

7.   On February 26, 2016, representatives of the VA at the John J. Pershing VA Medical Center in Poplar Bluff, Missouri, including Patricia Deanne Bell, Dr. Nair, and Lisa Markham, met with the deceased veteran, Jerry Lee Snead, and his companion, Johnnie Stubbs. During the discussion they informed Jerry Lee Snead that there was a delay from the time of his first prostate-specific antigen (PSA)

test result of 55.45 on April 21, 2015, until the time a Urology consult was ordered on December 9, 2015, after a subsequent PSA result of 77.11, on that day – a delay of 8 months. Any PSA test results over 4.5 are considered abnormal and warrant additional testing in an African-American male between 60-59 years of age. The note of the discussion shows that a Urology consult occurred on December 28, 2015 – 19 days after the PSA result of 77.11. After that consult, the veteran was then referred to John Cochran VA for a biopsy with findings of adenocarcinoma (a form of prostate cancer). The note goes on to say "it was discussed that it is unknown what effect this delay may have had on his treatment or prognosis." It was not until that day, February 26, 2016, Veteran Snead was made aware of the abnormally high PSA test of April 21, 2015. See Exhibit 6, at page 67.

8.   During the discussion held February 26, 2016, an apology was offered by Dr. Nair concerning the delay in addressing the prostate medical problem associated with the event, and the veteran was advised of his rights to file a tort claim if he chose to do so. At that time the deceased veteran, Jerry Snead, stated that he did not wish to pursue a tort claim and it was explained to him that, if he changed his mind, he could still file a claim, and forms were provided for that purpose. A copy of the Initial Disclosure of Adverse Events Note and the Addendum thereto are set forth in the medical records at pages 66, 67 and 68 which are attached hereto as "Exhibit 6."

9.   Medical records obtained from John J. Pershing VA Medical Center in Poplar Bluff show that Dr. Khalil J. Haiderzad , Veteran Snead's Primary Care Physician (PCP), made a note on April 21,2015, that laboratory results showed a PSA level of 55.54. And, even though prostate cancer was suspected, there was no follow-up, treatment, evaluation or biopsy. In fact there was no note in the VA records regarding his prostate until an addendum to Dr. Haiderzad's note was made on November 25, 2015, about the possibly going to another facility for evaluation of his elevated PSA tests. That note of 11-25-15 was followed by another addendum on December 5 2015, made by Carol A. Shanahan, stating that there was an appointment scheduled for December 9, 2015, for the veteran to discuss a treatment plan with Dr. Haiderzad. A copy of those notes which appear at page 113-114 of the medical records from Poplar Bluff are attached as "Exhibit 7."

3

10. The records obtained from the hospital at Poplar Bluff show an elevated prostate-specific antigen (PSA) test result of 77.1 on December 9, 2015, following the previous abnormally high prostate-specific antigen (PSA) from April 21, 2015. The records also show that the Urologist, Dr. Sivaprasad Madduri examined Veteran Snead on December 28, 2015, and performed a digital rectal exam, reviewed the elevated PSA results, and then  referred Veteran Snead to John Cochran VA Urology for consultation as soon as possible with a request for a prostate biopsy due to the significant possibility of adenocarcinoma of the prostate (prostate cancer). Again any PSA reading over 4.5 would be abnormal, yet no action was taken from April, 2015, until December, 2015, even though the April, 2015, test results were over 12 times the abnormal level. A copy of pages numbered 87-92 of the records obtained from Poplar Bluff are attached hereto as "Exhibit 8."

11. The medical records obtained from the hospital in Poplar Bluff as page 68-88 show that Veteran Snead had a biopsy done on his prostate gland on January 29, 2016; that the pathologist entered a note on February 1, 2016, that showed that Veteran Snead had prostate cancer (76-77); that Dr. Weaver called Veteran Snead on February 8, 2016, to inform him that he had prostate cancer; and, Veteran Snead was subsequently referred for a non-VA radiation consultation to a Dr. Kirby Smith, a radiation oncologist for radiation therapy. A copy of those pages are attached hereto as "Exhibit 9."

12. Veteran Snead eventually saw Dr. Kirby Smith on April 26, 2016 – over a year following his April 21, 2015 test which showed a PSA level of 55.54—and ultimately received over 40 radiation therapy treatments.

13. Plaintiff then continued follow-up care through the VA, primarily—through the John J. Pershing VA Medical Center in Poplar Bluff, Missouri. Despite that care and treatment, however, Veteran Snead's condition continued to deteriorate to the point that, in September 2017, he could not move his legs at all; suffered from significant weakness and involuntary movement of his right upper extremities; and only had limited use of his left upper extremities.

14. Due to his continuing medical problems, he was ultimately admitted at NEA Baptist Memorial Hospital in Jonesboro, Arkansas under the care of Wanda Lakeisha Williams, MD, on September 29, 2017, and remained there in that hospital until he died on December 13, 2017.

15. Claimant has attached hereto as "Exhibit 10," pertinent records from Veteran Snead's stay at NEA Baptist Hospital from September 29, 2017, through October 13, 2017, which include page 1, entitled "Hospital Report" at the top which shows the final diagnosis with ICD codes; pages 10-11 which includes the Discharge Summaries and Death Summary; pages 12-17 consisting of the History and Physical; page 524 consisting of the Notification of Death/Disposition of Body, which shows the veteran's body was declined by the donor program for the reason "prostate cancer with mets" (metastatic cancer); and, page 545 which reports a final diagnosis of "paraspinous mass biopsy: moderately differentiated squamous cell carcinoma."

16. Although Claimant's attorney has possession of 559 pages of medical records from NEA Baptist Memorial Hospital in Jonesboro, not all of those records are attached because they voluminous.

17. Claimant states that due to the delay in following up on the PSA results from April 21, 2015, and due to the fact that the delayed diagnosis was not disclosed to Veteran Snead until February 26, 2017, his treatment for prostate cancer did not commence until April 26, 2016. That delay allowed the cancer to progress and ultimately metastasize and travel throughout his body, including, to his lungs and spine. He died as a result, as stated in the death certificate.

18. As a result of the delayed diagnosis and treatment, Veteran Snead suffered damages, for which claim is made to compensate for unnecessary pain, suffering, mental anguish, fear, depression and loss of enjoyment of life during his life. That delayed diagnosis ultimately lead to his untimely wrongful death for which claim is made for damages as set out below.

19. Although the decedent was not married at the time of his death, he did have a companion who lived with him, Johnnie Stubbs, 3726 Kacey Lane, Blytheville, Arkansas 72315, and is survived by siblings and children, each of whom has and will suffer as a result of the death of Veteran Snead. Their full names addresses and relationship to the decedent are more particularly set forth in the Petition for

Probate of Will and Appointment of Executor and Employment of Attorneys which is attached as one of the Probate documents referred to as collective Exhibit 1. Each of those individuals have knowledge regarding facts pertinent to this claim inasmuch as they all knew the condition of Veteran Snead before he fell ill and also have knowledge of his condition after he fell ill.

20. The Department of Veteran Affairs, acting through its agents and employees, including, but not limited to, Dr. Haiderzad, were guilty of negligence in the care and treatment of Jerry Snead which was the proximate cause of the delayed diagnosis, led to his injury and death as more particularly described above. Those acts of negligence consist of failing to comply with the applicable standard of care in the following particulars:

 a. Failure to perform any test for disease of the prostate prior to April 21, 2015;

 b. Failing to perform any follow-up examination or treatment after the PSA results showed a reading of 55.54;

 c. Failing to perform any digital or rectal exam until after the PSA test in December of 2015, was over 77;

 d. Failing to timely and properly advise Veteran Snead of the results of the PSA tests of April 21, 2015, and December 9, 2015, and the significance of the elevated test results;

 e. Failing to have safeguards in place to avoid delayed diagnosis, reporting, and treatment; and,

 f. Such other acts and omissions as may be shown by subsequent investigation and discovery.

21. As a proximate result of the above described acts of fault which are chargeable to the Department of Veteran Affairs, Jerry Snead sustained injuries and damages for which his estate is entitled to compensation to compensate for the following elements of damage sustained:

 a. Pain, suffering, mental anguish and fear;

    b.   Any visible results of the decedent's injury or condition sustained by the deceased prior to his death;

    c.   Loss of enjoyment of life;

    d.   Loss of life;

    e.   Any medical expenses which the estate of the deceased veteran would be entitled to legally recover that were not paid by the Department of Veteran Affairs or other Agency of the United States of America.

    f.   Funeral expenses; and,

    g.   Such other elements of damage as may be warranted after further investigation and discovery.

22. At the time of his death, the deceased veteran, Jerry Snead, left two (2) minor children Jarvis Rowe and Molandra Snead, who have suffered and will continue to suffer pecuniary injuries consisting of the loss of money, goods, and services Jerry Snead would have contributed to them had he lived, including, but not limited to, instruction, moral training, and supervision of education.

23. In addition to the claims set forth above, the Claimant, Mary Razor, as the Court Appointed Executrix, acting as  personal representative of the estate of the decedent, Jerry Lee Snead, asserts that each of the decedent's siblings, his children, and the decedent's live in companion, Johnnie B. Stubbs, whose full names and addresses are set forth at Paragraph "c" of the Petition for Probate of Will and Appointment of Executor and Employment of Attorneys, are entitled to recover damages for mental anguish suffered and reasonably probably to be suffered in the future by reason of the death of Jerry Snead. She has been authorized by court order to assert claims for those individuals.

24. As set forth at Section 12 of the Standard Form 95, Claimant asserts a claim for personal injury on behalf of the estate of decedent, Jerry Snead, for those damages that he would have been entitled to receive by reason of his injuries prior to his death in the amount of $50,000,000.00, and is also seeking damages on behalf of the decedent's estate and the decedent's heirs at law and statutory beneficiaries for the elements of damage as set forth above in the amount of $50,000,000.00, with those damages to be

allocated among the estate and statutory beneficiaries in amounts or percentages to be determined at a later date with the understanding that the allocation and distribution of any damages may ultimately require the approval of the Probate Court for the Chickasawba District of Mississippi County, Arkansas or a United States District Court.

25. At this time, Claimant does not have possession of all medical records and medical bills pertaining to the decedent, but it is believed that at least some of the bills have been paid by the Department of Veteran Affairs or Medicare. Claimant does have a copy of the funeral bill and a copy of that bill is attached hereto as "Exhibit 11." A medical claim filed in the probate file is attached as "Exhibit 12."

26. If additional information is needed in order to evaluate this claim, a request can be made of Claimant's attorney, whose name, address, telephone number, and fax number are set forth below.

27. Accordingly, Claimant, Mary Razor, the Court Appointed Executrix and Personal Representative of the Veteran, Jerry Lee Snead, deceased, hereby makes claim for a total of $50,000,000.00 in compensatory damages for personal injury and $50,000,0000.00 in wrongful death, for total damages of $100,0000,0000.00 to be allocated and distributed in the manner set forth above.

REID, BURGE, PREVALLET & COLEMAN
417 N. Broadway, P.O. Box 107
Blytheville, Arkansas 72316-0107
Tel:           (870) 763-4586
Fax:           (870) 763-4642
E-mail:        rbpc@sbcglobal.net


Robert L. Coleman, No. 80031
Attorneys for Claimant, Mary Razor, Executrix.
of the Estate of Jerry Lee Snead, deceased

8

*STATE OF ARKANSAS*          )
                            )          ***VERIFICATION***
*COUNTY OF MISSISSIPPI*      )

     I, Mary Razor, state on oath that I am the Court appointed Executrix of the Estate of Jerry Lee Snead, deceased, and in my capacity of personal representative of the estate have read the above and foregoing statements set forth in the Standard Form 95 and the Narrative Statement above and that those statements are true and correct to the best of my knowledge, information and belief.



Mary Razor

Dated: _2-22-2018_

WITNESS my hand and seal this _22_ day of _February_____, 2018.

                                      Notary Public

ALLYSON ELINBURG
MY COMMISSION # 12696162
EXPIRES: November 21, 2025
Mississippi County

FILED

JAN 1 9 2018

## IN THE CIRCUIT COURT FOR THE CHICKASAWBA DISTRICT
## OF MISSISSIPPI COUNTY, ARKANSAS
## PROBATE DIVISION

*IN THE MATTER*
*OF THE ESTATE OF*                               No.  47BPR-2018-8
*JERRY LEE SNEAD,*
*deceased*


### LETTERS TESTAMENTARY

**BE IT KNOWN:**

That Mary Razor whose address is 201 W. Kentucky, Blytheville, Arkansas 72316, having

been duly appointed Executrix of the Estate of Jerry Lee Snead, deceased, who died on or about

October 13, 2017, and having qualified as such Executrix, is hereby authorized to act as such for

and in behalf of the estate to take possession of the property thereof as authorized by law.


ISSUED this *19th* day of *January*, 2018.


**JANICE CURRIE, PROBATE CLERK**


By: _Teresa Sloan_
**Deputy Clerk**

**EXHIBIT**

1

RLC/ae
5776-1

FILED

JAN 1 9 2018

## IN THE CIRCUIT COURT FOR THE CHICKASAWBA DISTRICT
## OF MISSISSIPPI COUNTY, ARKANSAS
## PROBATE DIVISION

IN THE MATTER
OF THE ESTATE OF                          No. 47BPR-2018-
JERRY LEE SNEAD,
deceased

## ORDER GRANTING PETITION FOR THE PROBATE
## OF THE WILL OF JERRY LEE SNEAD

On this date, there is presented to the Court the Petition of Mary Razor, presented by his

attorneys, Reid, Burge, Prevallet & Coleman, for the Probate of the Will of Jerry Lee Snead,

deceased, and for the appointment of the Executor of the Estate and from such Petition and other

evidence in support thereof, the Court FINDS:

1.  The decedent, Jerry Lee Snead, age 65, who resided at 3726 Kacey Lane, Blytheville,

Arkansas 72315, Mississippi County, Arkansas, died October 13, 2017, at NEA Baptist

Memorial Hospital in Jonesboro, Arkansas.

2.  The Court has jurisdiction and venue properly lies in this District, County, and State.

3.  A written instrument dated April 22, 2015, has been offered and proven as the Last

Will and Testament of said decedent.

4.  The instrument offered for probate was executed in all respects according to law

when the decedent was competent to do so and acting without undue influence, fraud, or

restraint, and has not been revoked.

5.  The Will of the decedent nominates Mary Razor to serve as Executrix of the Estate

without bond.

6.  The proffered Will of Jerry Lee Snead, deceased, should be admitted to probate and

Letters Testamentary should be issued to Mary Razor acting as Executrix of the Estate.

1

7.   There is a necessity for administration of the estate of the decedent.

8.   No demand for Notice of Proceedings to probate the decedent's Will or for the appointment of the personal representative of the estate has been filed herein, and the Petition is not opposed by any known person and the same may be heard and decided forthwith.

IT IS, THEREFORE, CONSIDERED, ORDERED, AND DECREED that the proffered instrument be and the same is hereby admitted to probate as the Last Will of the decedent; that Mary Razor be and hereby is appointed Executrix without bond; that Letters Testamentary shall be issued to said executrix by the Clerk of this Court; and, administration of the estate of the decedent commence.

_____
Circuit Judge

DATED: _____1/19/18_____

PREPARED BY:

Robert L. Coleman
REID, BURGE, PREVALLET & COLEMAN
417 N. Broadway, P.O. Box 107
Blytheville, AR 72316-0107
Tel:         (870) 763-4586
Fax:        (870) 763-4642
E-mail:    rbpc@sbcglobal.net

_____
Robert L. Coleman, No. 80031

2

**IN THE CIRCUIT COURT FOR THE CHICKASAWBA DISTRICT**
**OF MISSISSIPPI COUNTY, ARKANSAS**
**PROBATE DIVISION**

JAN 1 9 2018

*IN THE MATTER*
*OF THE ESTATE OF*                          No.  47BPR-2018-8
*JERRY LEE SNEAD,*
*deceased*

## ACCEPTANCE OF APPOINTMENT OF ADMINISTRATRIX

The undersigned, Mary Razor, having been appointed the Administratrix of the Estate of

Jerry Lee Snead, deceased, hereby accepts the appointment.

**DATED** this _19th_ day of _January_____, 2018.

_____
**Mary Razor**

Subscribed and sworn to before me this 19th day of January, 2018.

ROBERT L. COLEMAN
MY COMMISSION # 12389981
EXPIRES: October 30, 2022
Mississippi County

_____
Notary Public

My Commission Expires: _10-30-22_____

FILED

**IN THE CIRCUIT COURT FOR THE CHICKASAWBA DISTRICT** JAN 1 9 2018
**OF MISSISSIPPI COUNTY, ARKANSAS**
**PROBATE DIVISION**

JANICE QUERIE
~~ ~~~~ ~~ ~~ ~~ ~~ ON CLERK

*IN THE MATTER*
*OF THE ESTATE OF*                              *No. 47BPR-2018-*
*JERRY LEE SNEAD,*
*deceased*

## PETITION FOR PROBATE OF WILL AND APPOINTMENT OF
## EXECUTOR AND EMPLOYMENT OF ATTORNEYS

Comes Mary Razor, whose resident address is 201 W. Kentucky, Blytheville, Arkansas

72315, asking that a certain written instrument be admitted to Probate as the Last Will of the

decedent, Jerry Lee Snead, deceased, and for the Appointment of an Executor and the

Employment of Attorneys. The facts, so far as they are known to or can reasonably be

ascertained by the Petitioner are as follows:

a. ***Decedent.*** The decedent, Jerry Lee Snead, born March 21, 1952, who resided at 3726

Kacey Lane, Blytheville, Arkansas 72315, died in Jonesboro, Arkansas, on October 13, 2017, at

NEA Baptist Memorial Hospital, at the age of 65.

b. ***Proffered Will.***   The decedent left as his Last Will, a written instrument dated April

22, 2015, which has been filed in this Court along with the Proof of Will showing execution

thereof in the manner required by law.

c. ***Surviving Spouse, Heirs, and Devisees.*** The decedent was not married at the time of

his death. The heirs and devisees of the decedent, their respective ages, relationship to the

decedent, and present residence addresses are as follows.

| NAME | AGE | RELATIONSHIP | RESIDENCE ADDRESS |
| --- | --- | --- | --- |
| Mary Razor | Adult | Sister | 201 W. Kentucky<br>Blytheville, AR 72315 |
| Marie Snead Freeman | Adult | Sister | P.O. Box 2023<br>Blytheville, AR 72316-2023 |

1

*(cont'd)*

| NAME | AGE | RELATIONSHIP | RESIDENCE ADDRESS |
|------|-----|--------------|-------------------|
| Virgie Harvey | Adult | Sister | P.O. Box 16604<br>Jonesboro, AR 72403 |
| Carrie Lopez | Adult | Sister | 1729 N. 59th Street<br>East St. Louis, IL |
| Hazel Jones-Snead | Adult | Sister | 2205 Kimberly Rd., Apt. 328<br>Bettendorf, IA 52722 |
| Jarvis Rowe | Minor | Son | C/O Lisa Rowe<br>501 E. Cherry Street<br>Blytheville, AR 72315 |
| Molandra Snead | Minor | Daughter | C/O Lisa Rowe<br>501 E. Cherry Street<br>Blytheville, AR 72315 |
| Cynthia Snead Lester | Adult | Daughter | 886 S. Chestnut St.<br>Osceola, AR 72370 |
| Shimeka Snead | Adult | Daughter | P.O. Box 1219<br>Douglasville, GA 30133 |
| Seteria (Larry) Dorsey | Adult | Step-Daughter | Atlanta, GA |
| Johnnie B. Stubbs | Adult | Companion | 3726 Kacey Lane<br>Blytheville, AR 72315 |

    d.   ***Value of Estate.***   At the time of the decedent's death, he owned the following property with the following values:

| REAL ESTATE | VALUE |
|-------------|-------|
| House and lot located at 3726 Kacey Lane, Blytheville, AR 72315, subject to a mortgage indebtedness owed to Chase Home Finance | Unknown |

| PERSONAL PROPERTY | |
|-------------------|---|
| Furniture, furnishings and household goods located at 3726 Kacey Lane, Blytheville, Arkansas; 1996 Ford Explorer; 2006 Ford Explorer; Miscellaneous personal property; Cash and money in accounts; and, tort claim against United States Department of Veterans Affairs and potentially others | Unknown |

e. ***Person to be appointed.***     The Last Will and Testament of the decedent nominates the decedent's sister, Mary Razor, to serve as Executor of the estate, to serve without bond.

f. ***Employment of Attorneys.*** Petitioner also ask that the Court authorize her to employ attorneys and such other professionals as may be necessary in connection with the handling of this estate, including investigating and pursuing a potential tort claim for medical negligence arising out of the failure to timely diagnose and treat cancer, including a potential claim against the United States Department of Veteran Affairs. A copy of the proposed contract between the Petitioner and Robert L. Coleman of the law firm of Reid, Burge, Prevallet & Coleman is attached and Petitioner requests that the Court authorize said attorney to be employed and to further authorize the employment of any other professional, including accountants, economists, and experts who may be necessary in connection with handling the estate or pursuit of the potential tort claims referred to herein.

WHEREFORE, Petitioner prays that this Court make an order determining the fact of death of the decedent; that the proffered instrument was executed in all respects according to law when the testator, Jerry Lee Snead, was competent to do so and acting without undue influence, fraud or restraint, has not been revoked and is the decedent's Last Will and Testament; appointing the foregoing nominee to administer the estate of the decedent; authorizing the decedent to employ professionals, including Robert L. Coleman of the law firm of Reid, Burge, Prevallet & Coleman to investigate and pursue potential claims arising out of the injuries to and death of the decedent resulting from the failure to timely diagnose and treat cancer; and, such other relief as the Court may find to be appropriate.

REID, BURGE, PREVALLET & COLEMAN
417 N. Broadway, P.O. Box 107
Blytheville, Arkansas 72316-0107
Tel:          (870) 763-4586
Fax:          (870) 763-4642
E-mail:       rbpc@sbcglobal.net

Robert L. Coleman, No. 80031
Attorneys for Petitioner

3

FILED

## IN THE CIRCUIT COURT FOR  CHICKASAWBA DISTRICT
## OF MISSISSIPPI COUNTY, ARKANSAS
## PROBATE DIVISION

JAN  1 9 2018

JANICE CURTIS
COUNTY CLERK

IN THE MATTER
OF THE ESTATE OF
JERRY LEE SNEAD,
deceased

No. 47PBR-2018-8

### ENTRY OF APPEARANCE AND
### WAIVER OF NOTICE, INVENTORY, AND ACCOUNTING

The undersigned hereby enters an appearance for all purposes in these proceedings.   The undersigned hereby waives notice of hearing in connection with any petitions filed herein or other matters presented to the Court, and consents that same may be heard and decided forthwith.  In addition thereto, the undersigned waives the requirement that the personal representative file in these proceedings an inventory of probate assets and further waives the requirement that the personal representative prepare and file an accounting herein.

The undersigned waives the requirement of any appraisal of property prior to sale and specifically consents that any real property or personal property owned by the decedent at the time of his death may be sold by the personal representative, without first obtaining an appraisal or obtaining the consent of the undersigned prior to sale.

DATED: December 15, 2017

_____
Mary Razor

STATE OF ARKANSAS            )
                             )ss.        **ACKNOWLEDGMENT**
COUNTY OF MISSISSIPPI        )

On this  15th  day of  December , 20 17 , before me, personally appeared Mary Razor, known to me to be the person whose name is subscribed to the within Entry of Appearance and Waiver of Notice, Inventory, and Accounting, and acknowledged that she executed the same for the purposes therein contained.

IN WITNESS WHEREOF, I hereunto set my hand and official seal.

_____ Notary Public

My Commission Expires: _____



ALLYSON ELINBURG
MY COMMISSION # 12696162
EXPIRES: November 21, 2025
Mississippi County

JAN 1 9 2018

# LAST WILL AND TESTAMENT

## OF

## JERRY L. SNEAD

### KNOW ALL MEN BY THESE PRESENTS:

That I, Jerry L. Snead, a resident of Blytheville, Mississippi County, Arkansas, and being over the age of 21 years and possessing a sound and disposing mind and memory, do hereby make, publish and declare this to be my Last Will and Testament, hereby revoking all prior Wills and Testaments by me made.

### I.

I am a single person. I have five children who are Sertaria Dorsey, Shemika Snead, Cynthia Luster, Mulandra Snead, and Jarvis Rowe.

### II.

I give, devise and bequeath the real property and furniture, furnishings and household goods, located at 3726 Kacey Lane, Blytheville, Arkansas to Johnnie B. Stubbs for life with remainder to Mulandra Snead and Jarvis Rowe. There is a mortgage against the property in favor of Chase Home Finance and Johnnie B. Stubbs will make the mortgage payments and pay for all maintenance, insurance and taxes during the time she lives in the residence on the property.

### III.

I give and bequeath my 1996 Ford Explorer and 2006 Ford Explorer to Mulandra Snead and Jarvis Rowe, in fee simple to share and share alike. I give, devise and bequeath all of the rest and residue of my property wherever situated to Mulandra Snead and Jarvis Rowe, in fee simple to share and share alike

### IV.

I hereby name and nominate Mary Razor to serve as the personal representative of my estate. I request that my nominee be permitted to serve without the necessity of posting bond.

WITNESS my hand and seal this 22 day of April, 2015.

_____
JERRY L. SNEAD, TESTATOR

1

## ATTESTATION

We, the undersigned, hereby state that the above named Jerry L. Snead, Testator, requested that we serve as attesting witnesses to the foregoing instrument declared by him to be his Last Will and Testament and that he signed his name to same in our presence and we now sign our names in his presence and in the presence of each other.

_____
Witness

_____
Witness

JAN 1 9 2018

# IN THE CIRCUIT COURT, PROBATE DIVISION, FOR THE CHICKASAWBA
# DISTRICT OF MISSISSIPPI COUNTY, ARKANSAS

**IN THE MATTER OF THE ESTATE OF:**

**JERRY L. SNEAD, Deceased**                    No. PR-2018-8

### PROOF OF WILL

We, Jeff Gardner and Melody Lawson, on oath state:

We are the subscribing witnesses to the attached instrument dated April 22, 2015, 2015 which purports to be the Last Will and Testament of Jerry L. Snead, deceased. On the execution date of the instrument, the testator, in our presence, signed the instrument at the end thereof, or acknowledged his signature thereto, declared the instrument to be his Last Will and Testament, and requested that we attest his execution thereof; whereupon, in the presence of the testator each of us signed our respective names as attesting witnesses. At the time of the execution of the instrument, the testator appeared to be eighteen years of age or older, of sound mind, and acting without undue influence, fraud or restraint.

DATED this 22nd day of April, 2015

_____
Jeff Gardner

_____
Melody Lawson

STATE OF ARKANSAS          }
                                          } SS.
COUNTY OF MISSISSIPPI  }

Subscribed and sworn to before me this 22nd day of April, 2015.

_____
Notary Public

My commission expires:
8-27-2025

NATASHA HANDY
Arkansas - Mississippi County
Notary Public - Comm. # 12695371
My Commission Expires Aug 27, 2025

RLC/ac
5776-1

**IN THE CIRCUIT COURT FOR THE CHICKASAWBA DISTRICT**
**OF MISSISSIPPI COUNTY, ARKANSAS**
**PROBATE DIVISION**

FILED

FEB 2 2 2018

*IN THE MATTER*
*OF THE ESTATE OF*                                    *No.  47BPR-2018-*
*JERRY LEE SNEAD,*
*deceased*

## ORDER GRANTING EMPLOYMENT OF ATTORNEY

On this day, this matter comes on for consideration on the request set forth in the Petition filed herein on

January 9, 2018, asking that the Court authorize the employment of Robert L. Coleman of the Law Firm of

Reid, Burge, Prevallet & Coleman as attorney to investigate and pursue legal claim arising prior to Petitioner's

appointment as Personal Representative of the Estate. Having considered this matter the Court hereby finds and

orders the following:

1.  This Court has jurisdiction over the parties and subject matter herein.

2.  That the statements set forth in the Petition are true.

3.  The Court hereby approves the employment of Robert L. Coleman of the Law Firm of Reid, Burge

Prevallet & Coleman to represent Mary Razor, as Personal Representative of the Estate of Jerry Lee Snead,

deceased, with regard to any and all legal claims, including, but not limited to, any and all claims which may be

asserted for the medical care and treatment received by Jerry Lee Snead, including, but are not limited to, any

care and treatment provided through the Department of Veteran Affairs.

4.  The Court specifically approves the contract submitted to the Court that was signed by the

Petitioner, Mary Razor, a copy of which is being placed in the court file with this Order.

IT IS SO ORDERED.

_____
Circuit Judge

DATED:  _____2/21/18_____

1

## COMPLEX CASE AGREEMENT (FTCA)

FEB 2 2 2018

Client, Mary Razor, as personal representative of the Estate of Jerry Lee Snead, deceased, hereby retains REID, BURGE, PREVALLET & COLEMAN (herein referred to as "Firm") with reference to any cause of action resulting from the injuries and/or wrongful death and/or damages, which involved the acts and omissions of health care providers, including the United States Department of Veterans Affairs in connection with medical injuries to and the resulting death of Jerry Lee Snead, and the Client further agrees as follows:

Client authorizes Firm to take all reasonable and necessary action which may be required to research, investigate, settle, or litigate any claim. Firm agrees to take reasonable action with regard to preparing the case for settlement and/or trial, *but will not settle or compromise any claim without the approval of Client. Client agrees that Firm may at its discretion associate other lawyers or law firms to assist in the prosecution of Clients' cause of action*, in which event the term "Firm" as used in this contract shall also be deemed to include such additional lawyers or law firms. Client understands that *there will be no additional attorneys fees owed in the event of such association* and that any compensation payable to the lawyer or law firm associated will be based on whatever agreement Firm negotiates. Firm and the associate lawyer/firm will maintain joint responsibility to Client.

In consideration for the legal services to be provided by Firm where there is no statute or rule limiting attorney fees, Client agrees to pay and does hereby assign said Firm attorneys' fees in the amount of **forty percent (40%)** in the event the case is settled prior to filing a lawsuit; **forty-five percent (45%)** of the total recovery in the event the case is settled prior to commencement of trial; and, **fifty percent (50%)** of the total recovery if trial commences.

In consideration for any legal services rendered which are governed by the Federal Tort Claims Act or other law which limits the amount of attorney fees for services provided by Firm, Client agrees to pay and does hereby assign said Firm attorney fees in the amount of twenty percent (20%) of the total recovery in the event the case is settled prior to filing a lawsuit and twenty-five percent (25%) of the total recovery if a lawsuit is filed.

Attorneys fees are calculated from the total recovery before costs and expenses are deducted.

However, if any state or federal law limits the amount of attorney fees, the fee shall be limited to the maximum amount allowed by law.

The parties further agree that if the opposing party or parties are required to pay attorney fees by agreement, court order, or otherwise, Firm shall have the option of accepting the attorney fees recovered as a part of the total recovery for purposes of determining the fee on a percentage basis, or may accept the attorney fees recovered as payment in full of the agreed attorney fees under this Agreement.

All reasonable costs and out-of-pocket expenses advanced by Firm, in the pursuit of this claim, shall be paid by the Client upon settlement or judgment and after payment of attorneys' fees. Potential expenses may include, but are not limited to the following: expert witness fees, court costs, deposition expense, copying and printing expense, postage and overnight delivery, initial one-time $50.00 file setup expense, on-line computer charges for legal and technical research, travel expenses, audio visual services, medical research, document production expenses, telephone (including 1-800 calls to Firm), telecopier (fax), and case-specific computer technology and services, and other out-of-pocket expenses.

## IF NO COMPENSATION IS OBTAINED, CLIENT WILL OWE NOTHING TO FIRM FOR ATTORNEY'S FEES OR EXPENSES.

Should any health insurance carrier, employer sponsored healthcare plan, governmental health insurer (medicare, medicaid, or military insurer), or others entitled, cause a subrogation claim or lien, asserting a right of reimbursement, then I authorize Firm to enter in to any agreement necessary to protect me and discharge my legal obligation, including the retention of specialists as set forth in the next paragraph.

_____
Initials

-2-

Client authorizes Firm to utilize the services of other attorneys/firms for the purpose of assisting in legal areas not directly related to pursuing Client's case. Such services would include, but are not to be limited to, the following: estate and tax advice and/or opinions, trust preparation or review, and estate, guardianship and/or probate work. Furthermore, in some instances complex issues of health insurance reimbursement (private and/or medicaid and/or medicare) require the assistance of lawyers or law firms who have specialized experience in negotiating lien issues with private and governmental claimants. Any expense incurred related to these services will not be deemed to be an association of another attorney or firm for the purposes of prosecution of the cause of action but will be considered an expense of the litigation for which Firm shall be entitled to reimbursement in the event of settlement or judgment, based on the actual cost of service if performed by attorneys not affiliated with Firm or charged at the rate of $250.00 per hour if performed by Firm attorneys, or the amount set by the court.

Client expressly assigns to Firm the right to retain the above-stated attorney's fees and expenses out of any recovery finally received by settlement, judgment or otherwise, and Client authorizes Firm to retain a lien on said cause of action to the extent of all such attorneys' fees and expenses.

Client has been advised and understands that continuing investigation and discovery, at any stage in the investigation of the litigation process, may reveal facts or circumstances which render any further pursuit of the case impractical, uneconomical or without cause. Such circumstances would include, but are not limited to, discovery of inadequate or nonexistent liability insurance, evaluation of the anticipated recovery in comparison with the cost of litigating the case, inability to secure expert testimony if such is necessary and/or appropriate for the development and eventual trial or settlement of the lawsuit, or other circumstances which substantially affect the chances of recovery. In the event such circumstances become apparent at any stage of the matter, Firm will advise Client of the circumstances encountered and the basis for any decision by Firm not to pursue the claim. Firm reserves the right to withdraw from representation at any stage of the proceedings, so long as Client's rights are not materially prejudiced. Any notice of withdrawal will be sent to client's last known address by certified mail.

Firm shall have discretion to appeal, or not to appeal, in the event the case is dismissed by action of the Court or in the event a defense verdict is reached at trial.

This contract shall be governed by Arkansas law and constitutes the entire agreement of the parties. Client understands that Firm makes no representations or guarantees regarding the merit or ultimate outcome of the claim.

SIGNED on the __15th__ day of __December__, 2017.

_____
Mary Razor, Personal Representative of the Estate of Jerry Lee Snead, deceased..CLIENT

**REID, BURGE, PREVALLET & COLEMAN**

By: _____ for the firm.          **Copy of Contract received** _____

                                                                                          (Client initials)

# STATE OF ARKANSAS

**ARKANSAS DEPARTMENT OF HEALTH**
Vital Records
**CERTIFICATE OF DEATH**

FILE NUMBER 2017023896

| 1. DECEDENT'S LEGAL NAME (Include AKA's if any) (First, Middle, Last, Suffix) JERRY SNEAD | 2. SEX MALE | 3a. DATE OF DEATH OCT. 13, 2017 | 3b. TIME OF DEATH 03:33 AM |
|---|---|---|---|

| 4. SOCIAL SECURITY NO. 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 | 5a. AGE-Last Birthday (Years) 65 | 5b. UNDER 1 YEAR Months / Days | 5c. UNDER 1 DAY Hours / Minutes | 6. DATE OF BIRTH MARCH 21, 1952 | 7. BIRTHPLACE (City and State or Foreign Country) BLYTHEVILLE, AR |
|---|---|---|---|---|---|

| 8a. RESIDENCE STATE or FOREIGN COUNTRY ARKANSAS | 8b. COUNTY MISSISSIPPI | 8c. CITY OR TOWN BLYTHEVILLE |
|---|---|---|

| 8d. NUMBER AND STREET 3726 KACEY LN | 8e. APT. NO. | 8f. ZIP CODE 72315-5181 | 8g. INSIDE CITY LIMITS? YES |
|---|---|---|---|

| 9. EVER IN US ARMED FORCES? YES | 10. MARITAL STATUS AT TIME OF DEATH NEVER MARRIED | 11. SURVIVING SPOUSE'S NAME (If wife, give name prior to first marriage.) |
|---|---|---|

| 12a. IF DEATH OCCURRED IN A HOSPITAL INPATIENT | 12b. IF DEATH OCCURRED SOMEWHERE OTHER THAN A HOSPITAL | 12c. COUNTY OF DEATH CRAIGHEAD |
|---|---|---|

| 12d. FACILITY NAME (If not institution, give number & street) NEA BAPTIST MEMORIAL HOSPITAL | 12e. CITY OR TOWN JONESBORO | 12f. ZIP CODE 72401-7415 |
|---|---|---|

| 13. FATHER'S NAME (First, Middle, Last) MCKINLEY MURLEE SNEAD, SR | 14. MOTHER'S NAME PRIOR TO FIRST MARRIAGE (First, Middle, Last) SAVANNAH CLARK |
|---|---|

| 15a. INFORMANT'S NAME MARY RAZOR | 15b. RELATIONSHIP TO DECEDENT SISTER | 15c. MAILING ADDRESS (Number and Street or PO Box, City, State, Zip Code) 201 W KENTUCKY ST, BLYTHEVILLE, AR, 72315-2827 |
|---|---|---|

| 16a. METHOD OF DISPOSITION: BURIAL | | |
|---|---|---|
| 16b. PLACE OF DISPOSITION (Name of cemetery, crematory, other place) SANDY RIDGE CEMETERY | 16c. LOCATION-CITY, TOWN, AND STATE BURDETTE, ARKANSAS | |

| 17a. EMBALMER'S NAME LAFONCE G LATHAM, II | 17b. EMBALMER'S LICENSE # 22677 | 17c. SIGNATURE (FUNERAL SERVICE LICENSEE OR OTHER AGENT) /s/ JERRY P SMITH |
|---|---|---|

| 17d. NAME AND COMPLETE ADDRESS OF FUNERAL FACILITY WILSON FUNERAL HOME 1000 S. DIVISON, BLYTHEVILLE, AR, 72315 | 17e. LICENSE # 334 |
|---|---|

| 18a. DATE PRONOUNCED DEAD OCT. 13, 2017 | 18b. TIME PRONOUNCED DEAD 03:33 AM | 18c. NAME AND TITLE OF PERSON PRONOUNCING DEATH (PRINT / TYPE) DAVE D WEEMS, MD | 19. WAS MEDICAL EXAMINER OR CORONER CONTACTED? NO |
|---|---|---|---|

**CAUSE OF DEATH**

20. PART I. Enter the chain of events— diseases, injuries, or complications— that directly caused the death. DO NOT enter terminal events such as cardiac arrest, respiratory arrest, or ventricular fibrillation without showing the etiology. DO NOT ABBREVIATE. Enter only one cause on a line.

| | | APPROXIMATE INTERVAL: Onset to Death |
|---|---|---|
| IMMEDIATE CAUSE (Final disease or condition resulting in death) ······► a. | METASTATIC SQUAMOUS CELL CARCINOMA; LUNG CANCER | 2 YEARS |
| | Due to (or as a consequence of) | |
| Sequentially list conditions, if any, leading to the cause listed on line a. Enter the UNDERLYING CAUSE (disease or injury that initiated the events resulting in death) LAST. b. | ACUTE RESPIRATORY FAILURE WITH HYPOXIA; POSSIBLE BILATERAL PULMONARY EMBOLI | 2 WEEKS |
| | Due to (or as a consequence of) | |
| c. | GRAM NEGATIVE BACTEREMIA | 2 WEEKS |
| | Due to (or as a consequence of) | |
| d. | | |

| PART II. Enter other significant conditions contributing to death but not resulting in the underlying cause given in PART I. | 21a. WAS AN AUTOPSY PERFORMED? NO |
|---|---|
| | 21b. WERE AUTOPSY FINDINGS AVAILABLE TO COMPLETE THE CAUSE OF DEATH? |

| 22. MANNER OF DEATH NATURAL | |
|---|---|

| 23. DID TOBACCO USE CONTRIBUTE TO DEATH? NO | 24. IF FEMALE: |
|---|---|

| 25a. DATE OF INJURY (Mo/Day/Yr) | 25b. TIME OF INJURY | 25c. PLACE OF INJURY (e.g. Decedent's home, construction site, restaurant, wooded area) | 25d. INJURY AT WORK? |
|---|---|---|---|

| 25e. LOCATION OF INJURY: (Number, Street, Apartment No., City, State, Zip Code) | |
|---|---|

| 25f. DESCRIBE HOW INJURY OCCURRED: | 25g. IF TRANSPORTATION INJURY, SPECIFY |
|---|---|

26a. CERTIFIER (Check only one):
☒ Certifying Physician : To the best of my knowledge, death occurred due to the cause(s) and manner stated.

| SIGNATURE: /s/ WANDA L WILLIAMS | TITLE: MD | DATE: OCTOBER 18, 2017 |
|---|---|---|

| 26b. NAME AND COMPLETE MAILING ADDRESS OF PERSON SIGNING ITEM 26a. (Type / Print) WANDA L WILLIAMS, MD 4800 E. JOHNSON AVE., JONESBORO, AR, 72401 | 26c. LICENSE # E-10272 |
|---|---|

| 27a. SIGNATURE OF REGISTRAR Shirley Louie | 27b. FOR REGISTRAR ONLY - DATE FILED OCT. 19, 2017 |
|---|---|

* DENOTES AMENDED ITEMS:

**EXHIBIT**

2

THIS IS TO CERTIFY THAT THE ABOVE IS A TRUE AND CORRECT COPY OF THE CERTIFICATE ON FILE IN THE ARKANSAS DEPARTMENT OF HEALTH.

*Shirley Louie*
Shirley Louie
State Registrar


5694562
5694562

ARKANSAS DEPARTMENT OF HEALTH
SEAL
LITTLE ROCK, ARK.

**WARNING:** A REPRODUCTION OF THIS DOCUMENT RENDERS IT VOID AND INVALID. DO NOT ACCEPT UNLESS EMBOSSED SEAL OF THE ARKANSAS DEPARTMENT OF HEALTH IS PRESENT. IT IS ILLEGAL TO ALTER OR COUNTERFEIT THIS DOCUMENT.

VR-112

THIS IS AN IMPORTANT RECORD
SAFEGUARD IT.

| | | | | | |
|---|---|---|---|---|---|
| **PERSONAL DATA** | 1. LAST NAME—FIRST NAME—MIDDLE NAME<br>SMEAD, JERRY LEE | 2. SERVICE NUMBER<br>NA | | 3. SOCIAL SECURITY NUMBER<br>429 | 08 | 1593 |

| | | | |
|---|---|---|---|
| 4. DEPARTMENT, COMPONENT AND BRANCH OR CLASS<br>ARMY        RA        Armor | 5a. GRADE, RATE OR RANK OR CLASS<br>SP4 | 5b. PAY GRADE<br>E-4 | 6. DATE OF RANK<br>DAY 2  MONTH May  YEAR 72 |

7. U.S. CITIZEN  ☒ YES  ☐ NO
8. PLACE OF BIRTH (City and State or Country)  Blytheville, Arkansas
9. DATE OF BIRTH  DAY 21  MONTH Mar  YEAR 52

**SELECTIVE SERVICE DATA**
9a. SELECTIVE SERVICE NUMBER  11 81 52 55
b. SELECTIVE SERVICE LOCAL BOARD NUMBER, CITY, COUNTY, STATE AND ZIP CODE  LB# 81  Chicago, IL 60600
c. DATE INDUCTED  DAY  MONTH  YEAR  NA

**TRANSFER OR DISCHARGE DATA**

11a. TYPE OF TRANSFER OR DISCHARGE  Transferred to USAR (See 16)
b. STATION OR INSTALLATION AT WHICH EFFECTED  Fort Hood, Texas
c. REASON AND AUTHORITY  Sec VI Chap 2 AR 635-200 SPN 201 Expiration of Term of Service
d. EFFECTIVE DATE  DAY 22  MONTH Jun  YEAR 73

12. LAST DUTY ASSIGNMENT AND MAJOR COMMAND  HHC 1st Bde 1st Cav Div
Fort Hood, Texas  FIFTH US ARMY
13a. CHARACTER OF SERVICE  HONORABLE
b. TYPE OF CERTIFICATE ISSUED  None

14. DISTRICT, AREA COMMAND OR CORPS TO WHICH RESERVIST TRANSFERRED  USAR Control Group (AnlIng  ) USARCPAC St Louis, MO  63132
15. REENLISTMENT CODE  RE- 3A & 1B

16. TERMINAL DATE OF RESERVE/UMT&S OBLIGATION  DAY 23  MONTH Jun  YEAR 77
17. CURRENT ACTIVE SERVICE OTHER THAN BY INDUCTION  a. SOURCE OF ENTRY:  ☐ ENLISTED (First Enlistment)  ☐ ENLISTED (Prior Service)  ☐ REENLISTED  ☐ OTHER  NA
A. TERM OF SERVICE (Years)  NA
c. DATE OF ENTRY  DAY 24  MONTH Jun  YEAR 71

18. PRIOR REGULAR ENLISTMENTS  NA
19. GRADE, RATE OR RANK AT TIME OF ENTRY INTO CURRENT ACTIVE SVC  NA
20. PLACE OF ENTRY INTO CURRENT ACTIVE SERVICE (City and State)  Little Rock, Arkansas

**SERVICE DATA**

21. HOME OF RECORD AT TIME OF ENTRY INTO ACTIVE SERVICE (Street, RFD, City, County, State and ZIP Code)
1053 S. 14th St
Blytheville(Mississippi) AR 72315

| 22. STATEMENT OF SERVICE | | YEARS | MONTHS | DAYS |
|---|---|---|---|---|
| CREDITABLE FOR BASIC PAY PURPOSES | (1) NET SERVICE THIS PERIOD | 1 | 11 | 29 |
| | (2) OTHER SERVICE | 0 | 0 | 0 |
| | (3) TOTAL (Line (1) plus Line (2)) | 1 | 11 | 29 |
| b. TOTAL ACTIVE SERVICE | | 1 | 11 | 29 |
| c. FOREIGN AND/OR SEA SERVICE | | 0 | 0 | 0 |

23a. SPECIALTY NUMBER & TITLE  36K20 Field Wireman(See 30)
b. RELATED CIVILIAN OCCUPATION AND D.O.T. NUMBER  821.281 Lineman

24. DECORATIONS, MEDALS, BADGES, COMMENDATIONS, CITATIONS AND CAMPAIGN RIBBONS AWARDED OR AUTHORIZED
National Defense Service Medal;
Expert (Rifle)

25. EDUCATION AND TRAINING COMPLETED
USATC/Ft Leonard Wood, MO-Field Wireman Crs

**VA AND EMP. SERVICE DATA**

26a. NON-PAY PERIODS TIME LOST (Preceding Two Years)  None
b. DAYS ACCRUED LEAVE PAID  10
27a. INSURANCE IN FORCE (NSLI or USGLI)  ☐ YES  ☐ NO  NA
b. AMOUNT OF ALLOTMENT  NA
c. MONTH ALLOTMENT DISCONTINUED  NA

28. VA CLAIM NUMBER  C:  NA
29. SERVICEMEN'S GROUP LIFE INSURANCE COVERAGE  ☒ $15,000  ☐ $10,000  ☐ $5,000  ☐ NONE

**REMARKS**

30. REMARKS  10 years school     Table 3-1 AR 601-280 applies
Blood Group: "B Pos"
Item 23a: 5 Nov 71    PMOS Eval Score: None

**AUTHENTICATION**

31. PERMANENT ADDRESS FOR MAILING PURPOSES AFTER TRANSFER OR DISCHARGE (Street, RFD, City, County, State and ZIP Code)
1053 S. 14th St
Blytheville (Mississippi) AR 72315

32. SIGNATURE OF PERSON BEING TRANSFERRED OR DISCHARGED

33. [signature]  DAVID H. CAVAZOS, 2LT, AGC, Asst AG
34. SIGNATURE OF OFFICER AUTHORIZED TO SIGN

DD FORM 214
JUL 70
PREVIOUS EDITION OF THIS FORM IS TO BE USED.
ARMED FORCES OF THE UNITED STATES
REPORT OF TRANSFER OR DISCHARGE

EXHIBIT
3

**DEPARTMENT OF THE ARMY**
OFFICE OF THE ADJUTANT GENERAL
RESERVE COMPONENTS PERSONNEL AND ADMINISTRATION CENTER
ST. LOUIS, MO   63132

AGUZ-PAD-R
ORDERS   05-1078553

25 MAY 77

SNEAD JERRY L 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                           SP4   36K20
1053 S 14TH ST                                      STANDBY
BLYTHEVILLE AR 72315


YOU ARE DISCHARGED FROM COMPONENT INDICATED.

EFFECTIVE DATE   23 JUNE 1977
COMPONENT  STANDBY RESERVE
MOVEMENT DESIGNATOR CODE  NOT APPLICABLE
TYPE OF DISCHARGE  HONORABLE
ADDITIONAL INSTRUCTIONS  YOU ARE REMOVED FROM THE STANDBY RESERVE, IF RESERVE IDENTIFICATION
                         DD FORM 2A (RED) IS IN YOUR POSSESSION RETURN IT TO THIS
                         HEADQUARTERS, ATTN  AGUZ-SEC, SERVICE IN STANDBY RESERVE FROM
                         24 JUN 76 TO 23 JUN 77, AUTHORITY AR 140-10.
FORMAT     500


* * * * * * * *
*  TAG, RCPAC *                          ROBERT S. YOUNG
*   OFFICIAL  *                          BRIGADIER GENERAL, USA
* * * * * * * *                          COMMANDING

DISTRIBUTION  H5





DEPARTMENT OF THE ARMY
OFFICE OF THE ADJUTANT GENERAL
U.S. ARMY RESERVE COMPONENTS PERSONNEL AND ADMINISTRATION CENTER
ST. LOUIS, MISSOURI 63132

| ACTION | ISSUED | CLEAR |
|---|---|---|
| 328 | DAM | FE |
| 239 | CRF | 29 MAY 74 |
| 488 | | CRP |

AGUZ-TAD-T
LETTER ORDERS NUMBER  S-05-4043564

SUBJECT: ANNUAL TRAINING    (INDIVIDUAL TRAVEL)

SNEAD JERRY L 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
1053 S 14TH ST
BLYTHEVILLE ARK  72315

SP4 36K20  2139
ANNUAL TRAINING (55)
PAY GROUP D  USAR

1351-3

TC 166. By direction of the Secretary of the Army, you are ordered to ANNUAL TRAINING for the period indicated plus allowable travel time. Upon completion, unless sooner relieved or extended, return to the place where you entered Annual Training and be relieved from duty.

| 3298 |
|---|

FOR THE INDIVIDUAL RESERVIST:

Report to    BLDG 137, FT CHAFFEE,  FT SMITH, ARK  72901

Unit of attachment   0045 IN BDE HHC (-) W/AUG (PSYAAA)
Period of training:   13 DAYS
Reporting date:   BETWEEN 0800 AND 1500 HOURS  13 JUL 74
Special Instructions
  (a)  Comply with the following numbered items of DA Supplemental instructions (Appendix B, AR 310-10):   1, 30, 34, 41, 43, 82,
  (b)  Comply with the following lettered items of RCPAC Supplemental instructions:   FD, JA,

ADMINISTRATIVE ACCOUNTING DATA FOR OFFICIAL USE ONLY:

First day of training:   14 JUL 74

Auth   10 USC270(A) (2)  Scty clnc:   NA       Sex:   M   BPED:   24 JUN 71   DOR:   NA   Number of Depn: Not Used

Acct clas:   2152070 11-7500 P3224-1100-1210 P3229.1-2190 (TVL) P3229.2-2190 (PER DIEM) S23185

FOR THE COMMANDER:

WILLIAM B. KELLEY
LTC, Infantry
Chief, Tng & Ang Div

DISTRIBUTION:   E4, 2 0045 IN BDE HHC (-) W/AUG (PSYAAA) STATE AG OF OKLA OKLAHOMA CITY OKLA
    BLDG 137, FT CHAFFEE,  FT SMITH, ARK  72901

Nov 72   Prior editions are obsolete.

EXHIBIT 5

# Progress Notes

```
 LOCAL TITLE: UROLOGY NOTE
STANDARD TITLE: UROLOGY NOTE
DATE OF NOTE: MAR 07, 2016@13:35     ENTRY DATE: MAR 07, 2016@13:35:28
     AUTHOR: STEIN,ALAN J     EXP COSIGNER:
   URGENCY:                            STATUS: COMPLETED


   *** UROLOGY NOTE Has ADDENDA ***

GU HX
-
DATE of EVENT Feb 25,2016
PROCEDURE:Prostate biopsy
PATHOLOGY:Prostate CA-Gleason 4+3
ENTRY DATE: Mar 7,2016 BY AJS

/es/ ALAN J STEIN, MD
Physician Consultant, Urology
Signed: 03/07/2016 13:36

03/07/2016 ADDENDUM                    STATUS: COMPLETED
ERROR IN ABOVE.  PROCEDURE SHOULD HAVE BEEN 1/29/2016

/es/ ALAN J STEIN, MD
Physician Consultant, Urology
Signed: 03/07/2016 13:39
```

```
 LOCAL TITLE: INSTITUTIONAL DISCLOSURE OF ADVERSE EVENT NOTE
STANDARD TITLE: COMMUNICATION OF ADVERSE EVENT
DATE OF NOTE: FEB 26, 2016@11:32     ENTRY DATE: FEB 26, 2016@11:32:41
     AUTHOR: BELL,PATRICIA DEANN  EXP COSIGNER:
   URGENCY:                            STATUS: COMPLETED


   *** INSTITUTIONAL DISCLOSURE OF ADVERSE EVENT NOTE Has ADDENDA ***

Disclosure of Adverse Event Note
--------------------------------

Date/Time of Discussion: 02/26/2016

Place of Discussion:COS office

Names and Identities of those present:Veteran and his wife, Johnnie Snead, Dr.
Nair, Lisa Markham (QM), Dee Bell (RM)


Discussion points of the Adverse Event: Informed Veteran and his wife that
there was a delay from the time of his first
PSA result of 55.45 on 4/21/2015, until the time a Urology consult was ordered
on
```

---

PATIENT NAME AND ADDRESS (Mechanical Imprinting, if available)
SNEAD,JERRY LEE
3726 KACEY LN
BLYTHEVILLE, ARKANSAS   72315

VISTA Electronic Medical Documentation
Printed at POPLAR BLUFF MO VAMC



EXHIBIT

6

tabbies

# Progress Notes

12/9/2015 after a PSA result of 77.11 on that day. This was a delay of 8 months.
The Urology consult occurred on 12/28/2015, and the patient was referred to John
Cochran VA for a biopsy with findings of adenocarcinoma. It was discussed that
it
is unknown what effect this delay may have on his treatment or prognosis.


Outline of treatment options, if appropriate:  After consult with physician at
John Cochran VAMC, the patient was referred for fee-based radiation treatments
close to his home, which will begin in March, 2016.

Offer of assistance, including arrangements for a second opinion, additional
monitoring, expediting clinical consultations, bereavement support:  Explained
they could contact their provider or the Risk Manager if they had
questions or experienced difficulty in his ongoing treatment.


Questions addressed in the discussion: Veteran asked about receiving benefits
for his service connection, stating he had
been trying to get appproved. Assistance was offered and follow-up of his status
will be conductied by QM.


Advisement of 1151 claims process and right to file Administrative Tort
Claim:Yes See Below

Continued communication regarding the Adverse Event: Yes See Below

Contact information for individual managing the disclosure: Dee Bell RN, Risk
Manager, at 573-778-4377.

Advised of his rights to file a tort claim if he chooses. Explained that this
did not guarantee any payment and that it would go through a process for review.
Veteran and spouse stated that they did not want to do this. Explained that if
they changed their minds, they could still file a claim. Forms were provided in
case they decided to proceed and contact information was given for any questions
concerning the process.

Continued communication was addressed by advising the Veteran and spouse, that
if they had further questions or needed further information to contact Dee Bell
Rn, Risk Manager, at 573-778-4377.

/es/ PATRICIA DEANN BELL BSN RN

Signed: 02/26/2016 11:53

Receipt Acknowledged By:
03/04/2016 08:36        /es/ LISA J MARKHAM
                        Performance Measurement Coordinator, MBA,RN,BSN
02/26/2016 12:56        /es/ VIJAYACHANDRAN K NAIR

| PATIENT NAME AND ADDRESS (Mechanical Imprinting, if available) | VISTA Electronic Medical Documentation |
| --- | --- |
| SNEAD,JERRY LEE<br>3726 KACEY LN<br>BLYTHEVILLE, ARKANSAS   72315 | Printed at POPLAR BLUFF MO VAMC |

# Progress Notes

```
                                    MD

02/26/2016 ADDENDUM                        STATUS: COMPLETED
At the beginning of this disclosure meeting, approx 1000, an apology was offered
to the veteran and his wife, by Dr. Nair, concerning the delay in addressing the
medical problem associated with this event.


/es/ PATRICIA DEANN BELL BSN RN


Signed: 02/26/2016 14:13


Receipt Acknowledged By:
* AWAITING SIGNATURE *         NAIR,VIJAYACHANDRAN K



  LOCAL TITLE: CHOICE-FIRST CARE COORDINATION NOTE PB
STANDARD TITLE: NONVA NOTE
DATE OF NOTE: FEB 22, 2016@09:43    ENTRY DATE: FEB 22, 2016@09:43:34
     AUTHOR: HENSON,KIMBERLY     EXP COSIGNER:
     URGENCY:                          STATUS: COMPLETED

   *** CHOICE-FIRST CARE COORDINATION NOTE PB Has ADDENDA ***

Mr. Snead's non va radiation consult has been set up with:

Boston Baskin Cancer Foundation
Dr. Kirby Smith
1522 N Division St.
Blytheville, AR 72315
T:870-762-1660
F:901-722-0570

1st appt is on March 3, 2016 at 1330.


Please place:
      -Non va radiation consult-
For forwarding to Choice-First Radiation-Triwest West Healthcare Alliance for
continued payment after first 2 weeks non va fee funding.

/es/ KIMBERLY HENSON BSN, RN

Signed: 02/22/2016 09:46

Receipt Acknowledged By:
* AWAITING SIGNATURE *         HAIDERZAD,KHALIL J

03/07/2016 14:02       /es/ CAROL A SHANAHAN
                            RN
```

| PATIENT NAME AND ADDRESS (Mechanical Imprinting, if available) | VISTA Electronic Medical Documentation |
| --- | --- |
| SNEAD,JERRY LEE<br>3726 KACEY LN<br>BLYTHEVILLE, ARKANSAS   72315 | Printed at POPLAR BLUFF MO VAMC |

Page 68

# Progress Notes

```
Electronically Filed: 05/26/2015
               by: RITA M EISENBEIS
                   FILE CLERK SCANNER
```

```
 LOCAL TITLE: NURSING NOTE PB
STANDARD TITLE: NURSING PROGRESS NOTE
DATE OF NOTE: MAY 19, 2015@12:05    ENTRY DATE: MAY 19, 2015@12:05:20
     AUTHOR: SHANAHAN,CAROL A    EXP COSIGNER:
     URGENCY:                         STATUS: COMPLETED
```

recieved office note from Dr Reddy , cardiology

no new orders, medication recon done
no descrepancies

document sent to scanning.

```
/es/ CAROL A SHANAHAN
RN
Signed: 05/19/2015 12:06
```

```
 LOCAL TITLE: PRIMARY CARE CLINIC PROGRESS NOTE PB
STANDARD TITLE: PRIMARY CARE PROGRESS NOTE
DATE OF NOTE: APR 21, 2015@11:28    ENTRY DATE: APR 21, 2015@14:33:22
     AUTHOR: HAIDERZAD,KHALIL J    EXP COSIGNER:
     URGENCY:                         STATUS: COMPLETED
```

   *** PRIMARY CARE CLINIC PROGRESS NOTE PB Has ADDENDA ***

Patient is here for followup.

SUBJECTIVE:
Complaining of right lower extremity numbness when sitting for a while. After
walking, is improved. There are no symptoms for radiculopathy or chronic
pain.

PHYSICAL EXAMINATION:
VITAL SIGNS: Blood pressure 106/79, pulse 93, temperature 98. Weight is 121.5
pounds.
NECK: Supple. No JVD. No bruits.
HEART: Normal sinus rate and rhythm.
LUNGS: Decreased air entry, but no wheezing or crackles.
ABDOMEN: Benign. Bowel sounds present.
EXTREMITIES: No edema.
NEUROLOGIC: Examination grossly intact.

LABORATORY:
His PSA 55.54. Hemoglobin and hematocrit are normal. Sodium is 135, potassium

---

PATIENT NAME AND ADDRESS (Mechanical Imprinting, if available)
SNEAD,JERRY LEE
3726 KACEY LN
BLYTHEVILLE, ARKANSAS   72315

VISTA Electronic Medical Documentation
Printed at POPLAR BLUFF MO VAMC



**EXHIBIT**
tabbies®
7

# Progress Notes

3.9. Kidney function and other lab is normal except alkaline phosphatase is
207. That could be secondary to his prostate-specific antigen elevation.
Blood sugar is 89. HDL is 74. Calculated LDL 44.3.

ASSESSMENT AND PLAN:
1. Weight loss, could be secondary to his prostate cancer. He never had any
prostate-specific antigen done in the past and if he does not have any mass
or polyp in the colon after workup of his colon, then we will proceed with
workup for his prostate cancer, if he wants to proceed with treatment.
2. Ischemic heart disease is stable. No chest pain. Continue the same
medication.


DD: 04/21/2015 11:28:26
TD: 04/21/2015 14:29:06
1988631/JSD

/es/ KHALIL J HAIDERZAD
MD
Signed: 04/25/2015 16:25

11/25/2015 ADDENDUM                    STATUS: COMPLETED
CHECK WITH PT ,IF HE WANT TO GO TO JC FOR HIS PSA ELEVATION?.IS HE WANT  TO
PROCEED WITH  COLONOSCOPY T CONSULT NON VA.

/es/ KHALIL J HAIDERZAD
MD
Signed: 11/25/2015 16:53

Receipt Acknowledged By:
12/05/2015 13:24         /es/ CAROL A SHANAHAN
                              RN

12/05/2015 ADDENDUM                    STATUS: COMPLETED
Mr Snead has a pcp appt scheduled for Dec 9th and Dr Haiderzad can discuss tx
plan at that time

/es/ CAROL A SHANAHAN
RN
Signed: 12/05/2015 13:25

---

 LOCAL TITLE: OPT PHY INSTR AUTO PB
STANDARD TITLE: PRIMARY CARE EDUCATION NOTE
DATE OF NOTE: APR 21, 2015@11:12    ENTRY DATE: APR 21, 2015@11:12:24
    AUTHOR: HAIDERZAD,KHALIL J   EXP COSIGNER:
    URGENCY:                          STATUS: COMPLETED

    *** OPT PHY INSTR AUTO PB Has ADDENDA ***

---

**PATIENT NAME AND ADDRESS (Mechanical Imprinting, if available)**
SNEAD,JERRY LEE
3726 KACEY LN
BLYTHEVILLE, ARKANSAS   72315

**VISTA Electronic Medical Documentation**
Printed at POPLAR BLUFF MO VAMC

# Progress Notes

```
        AFTER THE SAME MEAL EACH DAY (FOR PROSTATE)
   10)  OMEPRAZOLE 20MG EC CAP                                  EXPIRED
        TAKE ONE CAPSULE BY MOUTH TWICE A DAY TO LOWER STOMACH ACID.
        TAKE 30 MINUTES PRIOR TO FOOD.


   DISCONTINUED:  NONE

   ADDED/CHANGES:  NONE

   NON-VA MEDICATIONS NOT LISTED ABOVE (List, including Herbals and OTC):
   NONE


   Reviewed with patient/family members.  Copy given to patient.

   Patient verbalized understanding?  Yes

   /es/ KIMBERLY A GUM
   RN
   Signed: 12/28/2015 13:47
```

```
    LOCAL TITLE: UROLOGY CONSULTS PB
   STANDARD TITLE: UROLOGY CONSULT
   DATE OF NOTE: DEC 28, 2015@13:42     ENTRY DATE: DEC 28, 2015@14:09:47
        AUTHOR: MADDURI,SIVAPRASAD    EXP COSIGNER:
        URGENCY:                        STATUS: COMPLETED
```

Referred by Dr. Haiderzad, Primary Care physician from Poplar Bluff VA.

REASON FOR CONSULTATION:
Elevated prostate-specific antigen.

HISTORY:
Mr. Snead is a 63-year-old African American male who was referred for an
elevated prostate-specific antigen of 77.1 December 9, 2015. The prostate-
specific antigen from April 2015 was 55.1. Patient is not
complaining of any lower urinary tract symptoms. He says he voids fairly well.
Nocturia x1 to 2. The patient has been on tamsulosin 0.4 mg once a day. He
denies any history of urinary tract infection, gross hematuria, abdominal or
flank pain.

PAST HISTORY:
The patient is also being treated for acute myocardial ischemia, benign
prostatic hypertrophy, abnormal weight loss, gastritis, history of tobacco
use, mixed hyperlipidemia, coronary artery bypass graft, alcoholic  gastritis.

PRESENT ACTIVE MEDICATIONS:
Aspirin, atorvastatin, clopidogrel, metoprolol, nitroglycerin, nicotine

---

PATIENT NAME AND ADDRESS (Mechanical Imprinting, if available)
SNEAD,JERRY LEE
3726 KACEY LN
BLYTHEVILLE, ARKANSAS   72315

VISTA Electronic Medical Documentation
Printed at POPLAR BLUFF MO VAMC



# Progress Notes

lozenges, omeprazole and tamsulosin 0.4 mg once a day at bed time.

ALLERGIES:
No known drug allergies.

PHYSICAL EXAMINATION:
Thin built, emaciated, elderly gentleman of his stated age. Weighs about 125
pounds. Height is 72 inches.
VITAL SIGNS: Stable. Temperature 99.8, pulse 87, respirations 20, blood
pressure 143/87. No cervical or inguinal lymphadenopathy. Abdomen soft. No
organomegaly. No abdominal masses felt. No abdominal or CVA tenderness.
Bladder not distended.
EXTERNAL GENITALIA: Within normal limits.
DIGITAL RECTAL EXAM: Prostate 2+ hypertrophied, about 30 grams, hard and
indurated. The induration involving both lobes of the prostate.

LABORATORY:
His most recent prostate-specific antigen, was 77.1 done on December 9, 2015.
The only other prostate-specific antigen available was 55.1 in April 2015.
Basic metabolic panel: BUN 7, creatinine 0.79, lipase 134, sodium 136,
potassium 3.9, alkaline phosphatase 161, SGPT of 41 and SGOT of 47. Complete
blood count: White count 5,400, hemoglobin 12.6, hematocrit 38.2.

CLINICAL IMPRESSION:
Significantly elevated prostate-specific antigen with prostate-specific
antigen velocity with indurated, hard prostate on digital rectal exam.
Significant possibility of adenocarcinoma of the prostate.

The implications were discussed with the patient and his wife at length and
was advised a prostate biopsy as soon as possible. Patient is agreeable for
the same and at the patient's and family's request, the patient is being
referred to John Cochran VA urology. Consultation as soon as possible was
requested for a prostate biopsy.

Return to clinic in 3 months to local VA urology clinic.


DD: 12/28/2015 13:42:58
TD: 12/28/2015 14:00:38
2016838/PAT

/es/ SIVAPRASAD MADDURI
MD
Signed: 12/28/2015 16:55

 LOCAL TITLE: SPECIALTY CLINIC OUTPATIENT INSTRUCTIONS PB
STANDARD TITLE: TEAM OUTPATIENT NOTE
DATE OF NOTE: DEC 28, 2015@13:27    ENTRY DATE: DEC 28, 2015@13:27:26
       AUTHOR: MADDURI,SIVAPRASAD   EXP COSIGNER:

| PATIENT NAME AND ADDRESS (Mechanical Imprinting, if available) | VISTA Electronic Medical Documentation |
|---|---|
| SNEAD,JERRY LEE<br>3726 KACEY LN<br>BLYTHEVILLE, ARKANSAS   72315 | Printed at POPLAR BLUFF MO VAMC |

# Progress Notes

```
        URGENCY:                      STATUS: COMPLETED

GU
...
...
RADIOLOGY/DIAGNOSTIC ORDERS:

Other:PSA, UA


RETURN APPOINTMENT:

3 months

DIAGNOSIS:  High pSA of 77.1 with significant PSA velocity, DRE: Hard, indurated
prostate. High
probability of prostate cancer.


PROCEDURE:  Needs US guided prostate biopsy ASAP.


CONSULTS:  As per patient's req: JC VA Urolgy consult ASAP.


ASA Score:
Mallampati Score:

SPECIAL INSTRUCTIONS:  Pt and his wife explained about the high PSA, positive
DRE and the need for prostate
biopsy ASAP.


RXAE - Active/Exp Opt Meds
  1) ASPIRIN 81MG EC TAB                                        ACTIVE
     TAKE ONE TABLET BY MOUTH ONCE A DAY FOR HEART
  2) ATORVASTATIN CALCIUM 40MG TAB                              ACTIVE
     TAKE ONE-HALF TABLET BY MOUTH EVERY EVENING TO LOWER CHOLESTEROL
     (REPORT ANY MUSCLE PAIN OR WEAKNESS) **THIS TABLET IS TO BE CUT
     IN HALF FOR YOUR DOSE
  3) CLOPIDOGREL BISULFATE 75MG TAB                             ACTIVE
     TAKE ONE TABLET BY MOUTH ONCE A DAY
  4) METOPROLOL TARTRATE 25MG TAB                               ACTIVE
     TAKE ONE-HALF TABLET BY MOUTH TWICE A DAY FOR HEART AND TO LOWER
     BLOOD PRESSURE **THIS TABLET IS TO BE CUT IN HALF FOR YOUR DOSE
  5) MOISTURIZING (EQV-LUBRIDERM)UNSCENT LOT                    ACTIVE
     APPLY LIBERALLY TO AFFECTED AREA(S) ONCE A DAY FOR DRY SKIN
     (EXTERNAL USE ONLY)
  6) NICOTINE POLACRILEX 4MG LOZENGE                            ACTIVE
     DISSOLVE 1 LOZENGE BY MOUTH EVERY 4 HOURS AS NEEDED FOR SMOKING
```

---

PATIENT NAME AND ADDRESS (Mechanical Imprinting, if available) | VISTA Electronic Medical Documentation
SNEAD,JERRY LEE
3726 KACEY LN
BLYTHEVILLE, ARKANSAS   72315

Printed at POPLAR BLUFF MO VAMC

# Progress Notes

```
         CESSATION
      7) NITROGLYCERIN (NITROSTAT) 0.4MG SL TAB                    ACTIVE
         DISSOLVE ONE TABLET UNDER THE TONGUE EVERY 5 MINUTES AS NEEDED
         AS NEEDED FOR CHEST PAIN; IF NO IMPROVEMENT AFTER FIRST DOSE
         CALL 9-1-1.  MAY TAKE 2 ADDITIONAL DOSES, 5 MINUTES APART
      8) OMEPRAZOLE 20MG EC CAP                                    ACTIVE
         TAKE ONE CAPSULE BY MOUTH EVERY DAY TO LOWER STOMACH ACID. TAKE
         30 MINUTES PRIOR TO FOOD.
      9) TAMSULOSIN HCL 0.4MG CAP                                  ACTIVE
         TAKE TWO CAPSULES BY MOUTH ONCE A DAY APPROXIMATELY 30 MINUTES
         AFTER THE SAME MEAL EACH DAY (FOR PROSTATE)
     10) OMEPRAZOLE 20MG EC CAP                                    EXPIRED
         TAKE ONE CAPSULE BY MOUTH TWICE A DAY TO LOWER STOMACH ACID.
         TAKE 30 MINUTES PRIOR TO FOOD.


  /es/ SIVAPRASAD MADDURI
  MD
  Signed: 12/28/2015 13:32
```

```
   LOCAL TITLE: SPECIALITY CLINIC PROGRESS NOTE (TEXT) PB
  STANDARD TITLE: NURSING NOTE
  DATE OF NOTE: DEC 28, 2015@13:10     ENTRY DATE: DEC 28, 2015@13:10:24
        AUTHOR: GUM,KIMBERLY A        EXP COSIGNER:
        URGENCY:                         STATUS: COMPLETED


     *** SPECIALITY CLINIC PROGRESS NOTE (TEXT) PB Has ADDENDA ***

  Mr. SNEAD,JERRY LEE is a 63 year old MALE being
  seen in clinic DEC 28, 2015.

  Patient's language preference for health information:
  English

  Other Communication Methods Needed: NONE


  Preferred Method of Education:
  Verbal, Printed Material

  Allergies/Adverse Reactions:

  VEGETABLES

  Temperature: 99.8 F [37.7 C] (12/28/2015 13:09) Pulse: 87 (12/28/2015 13:09)
  Respiration: 20 (12/28/2015 13:09)
  Weight: 125.3 lb [57.0 kg] (12/28/2015 13:09)  Height: 72 in [182.9 cm]
  (12/09/2015 08:34)
  Blood Pressure: 143/87 (12/28/2015 13:09)
```

**PATIENT NAME AND ADDRESS (Mechanical Imprinting, if available)**
SNEAD,JERRY LEE
3726 KACEY LN
BLYTHEVILLE, ARKANSAS  72315

**VISTA Electronic Medical Documentation**
Printed at POPLAR BLUFF MO VAMC

# Progress Notes

```
MODE OF TRANSPORTATION:Ambulatory

CHIEF COMPLAINT: here for consult for abnormal PSA. spouse with patient


ORIENTATION STATUS:Alert, Oriented

Barriers to Learning: None


SPIRITUAL ASSESSMENT:

Are there religious practices or spiritual concerns you want the chaplain,
your physician, and other health care team members to immediately know about?
No

MEDICATION RECONCILIATION:

ACTIVE INPATIENT MEDICATIONS:  No medications found.

ACTIVE/EXPIRED OUTPATIENT MEDICATIONS:  RXAE - Active/Exp Opt Meds
  1) ASPIRIN 81MG EC TAB                                          ACTIVE
     TAKE ONE TABLET BY MOUTH ONCE A DAY FOR HEART
  2) ATORVASTATIN CALCIUM 40MG TAB                                ACTIVE
     TAKE ONE-HALF TABLET BY MOUTH EVERY EVENING TO LOWER CHOLESTEROL
     (REPORT ANY MUSCLE PAIN OR WEAKNESS) **THIS TABLET IS TO BE CUT
     IN HALF FOR YOUR DOSE
  3) CLOPIDOGREL BISULFATE 75MG TAB                               ACTIVE
     TAKE ONE TABLET BY MOUTH ONCE A DAY
  4) METOPROLOL TARTRATE 25MG TAB                                 ACTIVE
     TAKE ONE-HALF TABLET BY MOUTH TWICE A DAY FOR HEART AND TO LOWER
     BLOOD PRESSURE **THIS TABLET IS TO BE CUT IN HALF FOR YOUR DOSE
  5) MOISTURIZING (EQV-LUBRIDERM)UNSCENT LOT                      ACTIVE
     APPLY LIBERALLY TO AFFECTED AREA(S) ONCE A DAY FOR DRY SKIN
     (EXTERNAL USE ONLY)
  6) NICOTINE POLACRILEX 4MG LOZENGE                              ACTIVE
     DISSOLVE 1 LOZENGE BY MOUTH EVERY 4 HOURS AS NEEDED FOR SMOKING
     CESSATION
  7) NITROGLYCERIN (NITROSTAT) 0.4MG SL TAB                       ACTIVE
     DISSOLVE ONE TABLET UNDER THE TONGUE EVERY 5 MINUTES AS NEEDED
     AS NEEDED FOR CHEST PAIN; IF NO IMPROVEMENT AFTER FIRST DOSE
     CALL 9-1-1.  MAY TAKE 2 ADDITIONAL DOSES, 5 MINUTES APART
  8) OMEPRAZOLE 20MG EC CAP                                       ACTIVE
     TAKE ONE CAPSULE BY MOUTH EVERY DAY TO LOWER STOMACH ACID. TAKE
     30 MINUTES PRIOR TO FOOD.
  9) TAMSULOSIN HCL 0.4MG CAP                                     ACTIVE
     TAKE TWO CAPSULES BY MOUTH ONCE A DAY APPROXIMATELY 30 MINUTES
     AFTER THE SAME MEAL EACH DAY (FOR PROSTATE)
 10) OMEPRAZOLE 20MG EC CAP                                       EXPIRED
     TAKE ONE CAPSULE BY MOUTH TWICE A DAY TO LOWER STOMACH ACID.
```

| PATIENT NAME AND ADDRESS (Mechanical Imprinting, if available) | VISTA Electronic Medical Documentation |
|---|---|
| SNEAD,JERRY LEE<br>3726 KACEY LN<br>BLYTHEVILLE, ARKANSAS   72315 | Printed at POPLAR BLUFF MO VAMC |

# Progress Notes

TAKE 30 MINUTES PRIOR TO FOOD.


DISCONTINUED:  NONE

ADDED/CHANGES:  NONE

NON-VA MEDICATIONS NOT LISTED ABOVE (List, including Herbals and OTC):
NONE


Reviewed with patient/family members.  Copy given to patient.

Patient verbalized understanding?  Yes

/es/ KIMBERLY A GUM
RN
Signed: 12/28/2015 13:11

12/28/2015 ADDENDUM                      STATUS: COMPLETED
schedule GU Madduri 3mths with lab 2hrs prior.
please use the following comments:

3mth f/u for elevated PSA/ Consult to JCVAMC

/es/ KIMBERLY A GUM
RN
Signed: 12/28/2015 13:31

 LOCAL TITLE: TELEPHONE NOTE
STANDARD TITLE: TELEPHONE ENCOUNTER NOTE
DATE OF NOTE: DEC 24, 2015@08:47    ENTRY DATE: DEC 24, 2015@08:47:19
     AUTHOR: BUFFINGTON,LINDSEY   EXP COSIGNER:
     URGENCY:                        STATUS: COMPLETED

Spoke with vet as a reminder of scheduled appointment for GU Madduri for monday.

/es/ LINDSEY N BUFFINGTON
rn
Signed: 12/24/2015 08:47

 LOCAL TITLE: PRIMARY CARE CLINIC PROGRESS NOTE PB
STANDARD TITLE: PRIMARY CARE PROGRESS NOTE
DATE OF NOTE: DEC 09, 2015@09:23    ENTRY DATE: DEC 09, 2015@10:54:03
     AUTHOR: HAIDERZAD,KHALIL J   EXP COSIGNER:
     URGENCY:                        STATUS: COMPLETED

   *** PRIMARY CARE CLINIC PROGRESS NOTE PB Has ADDENDA ***

| PATIENT NAME AND ADDRESS (Mechanical Imprinting, if available) | VISTA Electronic Medical Documentation |
|---|---|
| SNEAD,JERRY LEE<br>3726 KACEY LN<br>BLYTHEVILLE, ARKANSAS   72315 | Printed at POPLAR BLUFF MO VAMC |

# Progress Notes

```
                              MD

02/26/2016 ADDENDUM               STATUS: COMPLETED
At the beginning of this disclosure meeting, approx 1000, an apology was offered
to the veteran and his wife, by Dr. Nair, concerning the delay in addressing the
medical problem associated with this event.


/es/ PATRICIA DEANN BELL BSN RN


Signed: 02/26/2016 14:13


Receipt Acknowledged By:
* AWAITING SIGNATURE *        NAIR,VIJAYACHANDRAN K
```

```
 LOCAL TITLE: CHOICE-FIRST CARE COORDINATION NOTE PB
STANDARD TITLE: NONVA NOTE
DATE OF NOTE: FEB 22, 2016@09:43    ENTRY DATE: FEB 22, 2016@09:43:34
     AUTHOR: HENSON,KIMBERLY     EXP COSIGNER:
     URGENCY:                         STATUS: COMPLETED

   *** CHOICE-FIRST CARE COORDINATION NOTE PB Has ADDENDA ***

Mr. Snead's non va radiation consult has been set up with:

Boston Baskin Cancer Foundation
Dr. Kirby Smith
1522 N Division St.
Blytheville, AR 72315
T:870-762-1660
F:901-722-0570

1st appt is on March 3, 2016 at 1330.


Please place:
        -Non va radiation consult-
For forwarding to Choice-First Radiation-Triwest West Healthcare Alliance for
continued payment after first 2 weeks non va fee funding.

/es/ KIMBERLY HENSON BSN, RN

Signed: 02/22/2016 09:46


Receipt Acknowledged By:
* AWAITING SIGNATURE *        HAIDERZAD,KHALIL J

03/07/2016 14:02        /es/ CAROL A SHANAHAN
                        RN
```

PATIENT NAME AND ADDRESS (Mechanical Imprinting, if available)
SNEAD,JERRY LEE
3726 KACEY LN
BLYTHEVILLE, ARKANSAS   72315

VISTA Electronic Medical Documentation
Printed at POPLAR BLUFF MO VAMC



EXHIBIT

9

# Progress Notes

```
02/22/2016 ADDENDUM                    STATUS: COMPLETED
Alerting: Carol Shanahan, RN
          Dr. Haiderzad

/es/ KIMBERLY HENSON BSN, RN

Signed: 02/22/2016 09:47

03/07/2016 ADDENDUM                    STATUS: COMPLETED
placed for pcp or surogate signature on 3-4-16

/es/ CAROL A SHANAHAN
RN
Signed: 03/07/2016 14:03

03/08/2016 ADDENDUM                    STATUS: COMPLETED
Still awaiting non va radiation consult to send to choice-first/Triwest program.

/es/ KIMBERLY HENSON BSN, RN

Signed: 03/08/2016 10:48
```

---

```
 LOCAL TITLE: ADMINISTRATIVE NOTE PB
STANDARD TITLE: ADMINISTRATIVE NOTE
DATE OF NOTE: FEB 16, 2016@09:32     ENTRY DATE: FEB 16, 2016@09:32:21
     AUTHOR: TAYLOR,LAURA R      EXP COSIGNER:
     URGENCY:                         STATUS: COMPLETED

   *** ADMINISTRATIVE NOTE PB Has ADDENDA ***

Patient called in stating he had a biopsy completed and he possibly has cancer.
He wants to see Dr.Haiderzad to get referred on for additional treatment as soon
as possible. Please call this patient back at 870-278-4524.

/es/ LAURA R TAYLOR
MSA
Signed: 02/16/2016 09:35

Receipt Acknowledged By:
02/18/2016 10:59        /es/ CAROL A SHANAHAN
                             RN

02/18/2016 ADDENDUM                    STATUS: COMPLETED
returned Mr Snead call
states he is going to have chemo at JCVA for his prostate cancer

consult entered for JC hematology/oncology for pcp review and signature.
```

---

| PATIENT NAME AND ADDRESS (Mechanical Imprinting, if available) | VISTA Electronic Medical Documentation |
|---|---|
| SNEAD,JERRY LEE<br>3726 KACEY LN<br>BLYTHEVILLE, ARKANSAS   72315 | Printed at POPLAR BLUFF MO VAMC |

# Progress Notes

```
/es/ CAROL A SHANAHAN
RN
Signed: 02/18/2016 10:59


02/19/2016 ADDENDUM                    STATUS: COMPLETED
he should be referred to JC radiation therapy - not heme onc. He will see
radiation therapy here, but logistically he may need to be treated closer to
home.
I placed the consult.

/es/ ROBERT L GRUBB, MD
Staff Physician, Urology
Signed: 02/19/2016 08:52


Receipt Acknowledged By:
02/19/2016 12:04        /es/ BERNADETTE G ADDISON-TANNER
                             RN,MSN,CCM
02/19/2016 13:28        /es/ Anthony J Apicelli, M.D./Ph.D
                             STAFF RADIATION ONCOLOGIST
02/20/2016 17:01        /es/ KHALIL J HAIDERZAD
                             MD
03/03/2016 16:16        /es/ CAROL A SHANAHAN
                             RN
```

```
 LOCAL TITLE: UROLOGY NOTE
STANDARD TITLE: UROLOGY NOTE
DATE OF NOTE: FEB 12, 2016@16:02    ENTRY DATE: FEB 12, 2016@16:03:01
     AUTHOR: GRUBB,ROBERT L     EXP COSIGNER:
     URGENCY:                        STATUS: COMPLETED


GU STAFF


CC: prostate cancer

HPI: 63 y/o M returns to discuss newly diagnosed prostate cancer. His PSA was
77. His DRE was firm and nodular. Biopsy showed bilateral Gleason 4+3=7
adenocarcinoma in 10/12 cores. Staging CT and Bone scan in January 2016
showed
no evidence of metastatic disease.

He has moderate voiding symptoms. He has some abdominal pain before he
urinates
and it is better with urination.

AUA Symptom Score
1. Incomplete emptying:5
2. Frequency <2hr:3
3. Stop/start urination:0
4. Urgency:0
```

PATIENT NAME AND ADDRESS (Mechanical Imprinting, if available)
SNEAD,JERRY LEE
3726 KACEY LN
BLYTHEVILLE, ARKANSAS   72315

VISTA Electronic Medical Documentation
Printed at POPLAR BLUFF MO VAMC

# Progress Notes

```
5. Weak stream:1
6. Strain to start:0
7. Nocturia:1
     Total: 10
```

He is still seeing blood in the urine. He denies weight loss. No new bone or joint pain.

He has ED - he is not able to get erections firm enough for intercourse.

He is here with his wife.

PMH:
1)  Acute myocardial ischemia - s/p PTCA - December 2014
2)  BPH
3)  Abnormal weight loss
4)  Gastritis
5)  History of tobacco use
6)  Mixed hyperlipidemia
7)
8)  Alcoholic gastritis

PSURGHX: denies

Home medicatoins:
Active Outpatient Medications (including Supplies):

```
      Active Outpatient Medications                    Status
====================================================================
1)   ASPIRIN 81MG EC TAB TAKE ONE TABLET BY MOUTH ONCE A    ACTIVE
        DAY FOR HEART
2)   ATORVASTATIN CALCIUM 40MG TAB TAKE ONE-HALF TABLET BY  ACTIVE
        MOUTH EVERY EVENING TO LOWER CHOLESTEROL (REPORT
        ANY MUSCLE PAIN OR WEAKNESS) **THIS TABLET IS TO BE
        CUT IN HALF FOR YOUR DOSE
3)   BISACODYL 5MG EC TAB TAKE THREE TABLETS BY MOUTH ONE   ACTIVE
        TIME (TAKE ON EVENING PRIOR TO PROSTATE BIOPSY
        APPOINTMENT)
4)   CEPHALEXIN 500MG CAP TAKE ONE CAPSULE BY MOUTH         ACTIVE
        ONE-TIME (TAKE ON MORNING OF PROSTATE BIOPSY
        APPOINTMENT)
5)   CIPROFLOXACIN HCL 500MG TAB TAKE ONE TABLET BY MOUTH   ACTIVE
        ONE-TIME (TAKE ON MORNING OF PROSTATE BIOPSY
        APPOINTMENT)
6)   CLOPIDOGREL BISULFATE 75MG TAB TAKE ONE TABLET BY      ACTIVE
        MOUTH ONCE A DAY
7)   METOPROLOL TARTRATE 25MG TAB TAKE ONE-HALF TABLET BY   ACTIVE
        MOUTH TWICE A DAY FOR HEART AND TO LOWER BLOOD
        PRESSURE **THIS TABLET IS TO BE CUT IN HALF FOR
        YOUR DOSE
```

| PATIENT NAME AND ADDRESS (Mechanical imprinting, if available) | VISTA Electronic Medical Documentation |
|---|---|
| SNEAD,JERRY LEE<br>3726 KACEY LN<br>BLYTHEVILLE, ARKANSAS   72315 | Printed at POPLAR BLUFF MO VAMC |

# Progress Notes

```
8)   MOISTURIZING (EQV-LUBRIDERM)UNSCENT LOT APPLY        ACTIVE
     LIBERALLY TO AFFECTED AREA(S) ONCE A DAY FOR DRY
     SKIN (EXTERNAL USE ONLY)
9)   NICOTINE POLACRILEX 4MG LOZENGE DISSOLVE 1 LOZENGE BY  ACTIVE
     MOUTH EVERY 4 HOURS AS NEEDED FOR SMOKING CESSATION
10)  NITROGLYCERIN (NITROSTAT) 0.4MG SL TAB DISSOLVE ONE    ACTIVE
     TABLET UNDER THE TONGUE EVERY 5 MINUTES AS NEEDED
     AS NEEDED FOR CHEST PAIN; IF NO IMPROVEMENT AFTER
     FIRST DOSE CALL 9-1-1. MAY TAKE 2 ADDITIONAL DOSES,
     5 MINUTES APART
11)  OMEPRAZOLE 20MG EC CAP TAKE ONE CAPSULE BY MOUTH       ACTIVE
     EVERY DAY TO LOWER STOMACH ACID. TAKE 30 MINUTES
     PRIOR TO FOOD.
12)  PHOSPHATES ENEMA INSERT CONTENTS OF 1 ENEMA RECTALLY   ACTIVE
     ONE TIME (FOR RECTAL USE ONLY) (USE IN THE MORNING
     PRIOR TO PROSTATE BIOPSY APPOINTMENT)
13)  TAMSULOSIN HCL 0.4MG CAP TAKE TWO CAPSULES BY MOUTH    ACTIVE
     ONCE A DAY APPROXIMATELY 30 MINUTES AFTER THE SAME
     MEAL EACH DAY (FOR PROSTATE)


Physical Exam: think male in NAD
Chest: unlabored breathing
Abdomen: soft, NT/ND, no masses, no CVAT
GU: normal phallus, testes descended bilaterally, no hernias
DRE:normal rectal tone, prostate  g with no nodules


LABS:
BMPSODIUM                    137 mEq/L   12/09/2015 07:19
POTASSIUM                    4.3 mEq/L   12/09/2015 07:19
CHLORIDE                     101 mEq/L   12/09/2015 07:19
UREA NITROGEN                 10 mg/dl   12/09/2015 07:19
CREATININE                   0.79 mg/dl  12/09/2015 07:19
CALCIUM                      9.3 mg/dl   12/09/2015 07:19
EGFR                         >60         12/09/2015 07:19
CARBON DIOXIDE               28.0 mEq/L  12/09/2015 07:19
GLUCOSE                       77 mg/dL   12/09/2015 07:19

WBC 3.6 K/cmm     (12/09/15 07:19)
Hgb HGB                      14.7 g/dl    12/09/2015 07:19
Hct 45.0  %      (12/09/15 07:19)
Plts PLT                     278 K/cmm    12/09/2015 07:19

PSA PROST. SPECIFIC AG.(PB-STL) 77.11 H* ng/ml   12/09/2015 07:19
PROST. SPECIFIC AG.(PB-STL) 55.45 H* ng/ml    04/02/2015 09:24


Urinalysis URINE COLOR            Yellow QUAL.   01/29/2016 10:00
APPEARANCE        Sl.Cloudy N/A   01/29/2016 10:00
```

PATIENT NAME AND ADDRESS (Mechanical Imprinting, if available)   VISTA Electronic Medical Documentation
SNEAD,JERRY LEE                                                  Printed at POPLAR BLUFF MO VAMC
3726 KACEY LN
BLYTHEVILLE, ARKANSAS   72315

# Progress Notes

```
U.PH                        5.0 PH units 01/29/2016 10:00
U.PROTEIN               100 H mg/dl     01/29/2016 10:00
U.GLUCOSE                NEG mg/dL      01/29/2016 10:00
U.KETONES                NEG mg/dl      01/29/2016 10:00
U.BILIRUBIN              NEG mg/dl      01/29/2016 10:00
U.BLOOD                  NEG QUAL       01/29/2016 10:00
U.NITRITE                NEG            01/29/2016 10:00
UROBILINOGEN          NORMAL mg/dL     01/29/2016 10:00
SPECIFIC GRAVITY       1.021           01/29/2016 10:00
URINE RBC/HPF            6 H /HPF       01/29/2016 10:00
URINE WBC/HPF            5 /HPF         01/29/2016 10:00
BACTERIA               FEW QUAL.       06/18/2014 15:35
SQUAMOUS EPITH.         <1 /HPF        06/18/2014 15:35
U.LEUK.EST.             NEG QUAL.       01/29/2016 10:00
MUCUS                  OCC QUAL.       01/29/2016 10:00
HYALINE CASTS            3 H /LPF       01/29/2016 10:00
U.SPERM                MANY /HPF       01/29/2016 10:00
AMORPHOUS CRYSTALS     RARE u/L        01/29/2016 10:00


Imaging:
KUB Impression for ABDOMEN-KUB, 10/05/15, case 473
Nonobstructive bowel gas pattern

Chest Xray Impression for CHEST PORTABLE PB, 01/22/15, case 2632
No acute process

Abdominal CT
Impression for CT ABDOMEN AND PELVIS W/CONTRAST, 01/15/16, case 4619
Small linear filling defect in the superior
mesenteric vein probably representing nonocclusive thrombus

    Impression:
      1. The pattern of findings does not raise suspicion for osseous
    metastasis.  2. Probable degenerative changes in the lower
    cervical and lower lumbar spine.

    Diagnostic code: 7

    Dictated by Emad Allam, MD

    I, Leonard Goldfarb, have reviewed the images and report and
    concur with these findings.

Primary Interpreting Staff:
  LEONARD R. GOLDFARB, M.D., STAFF PHYSICIAN - DIAGNOSTIC IMAGING (Verifier)

I have independently and personally reviewed the above imaging. My impression
is there is no evidence of metastatic disease.
```

| PATIENT NAME AND ADDRESS (Mechanical Imprinting, if available) | VISTA Electronic Medical Documentation |
|---|---|
| SNEAD,JERRY LEE<br>3726 KACEY LN<br>BLYTHEVILLE, ARKANSAS  72315 | Printed at POPLAR BLUFF MO VAMC |

# Progress Notes

A/P: 63 y/o M here to discuss management of newly diagnosed high risk
prostate cancer (cT3, PSA 77, Gleason 4+3=7). He has some cardiovascular
disease, but has a reasonable functional status.

I discussed management of high risk prostate cancer. We reviewed the
appropriate nomograms for surgery and radiation outcomes. I discussed
management options including observation, primary hormonal therapy, radiation
and surgery. I discussed the pros and cons of each approach.

I don't think observation is appropriate. I think that with PSA 77 and
palpable disease, I think that surgery alone has a low risk of curing him.
Given that he would likely need a combination of ADT/radiation post op, I
recommended that he consider radiation therapy with hormone therapy.

He is a Poplar Bluff patient. I will place a radiation therapy consult here,
but he may need to be fee based due to travel/logistics of daily treatment.




/es/ ROBERT L GRUBB, MD
Staff Physician, Urology
Signed: 02/19/2016 08:52

Receipt Acknowledged By:
02/19/2016 12:02        /es/ BERNADETTE G ADDISON-TANNER
                             RN,MSN,CCM
02/19/2016 13:28        /es/ Anthony J Apicelli, M.D./Ph.D
                             STAFF RADIATION ONCOLOGIST

---

  LOCAL TITLE: NUR PROGRESS NOTE STL
STANDARD TITLE: NURSING NOTE
DATE OF NOTE: FEB 12, 2016@14:53    ENTRY DATE: FEB 12, 2016@14:53:06
     AUTHOR: DAVIS-BROOKS,CHERYL  EXP COSIGNER:
     URGENCY:                        STATUS: COMPLETED

Temperature:  98 F [36.7 C] (02/12/2016 14:52)
Pulse:  88 (02/12/2016 14:52)
Respirations:  18 (02/12/2016 14:52)
Blood Pressure:  126/83 (02/12/2016 14:52)


Bladder scan:    3 ml

---

**PATIENT NAME AND ADDRESS (Mechanical Imprinting, if available)** | **VISTA Electronic Medical Documentation**
SNEAD,JERRY LEE
3726 KACEY LN
BLYTHEVILLE, ARKANSAS   72315

Printed at POPLAR BLUFF MO VAMC

# Progress Notes

/es/ CHERYL L DAVIS-BROOKS
Registered Nurse
Signed: 02/12/2016 14:53

---

 LOCAL TITLE: UROLOGY TELEPHONE CONTACT STL
STANDARD TITLE: UROLOGY TELEPHONE ENCOUNTER NOTE
DATE OF NOTE: FEB 08, 2016@14:33    ENTRY DATE: FEB 08, 2016@14:34:01
     AUTHOR: WEAVER,JOHN          EXP COSIGNER: STEIN,ALAN J
     URGENCY:                          STATUS: COMPLETED

   *** UROLOGY TELEPHONE CONTACT STL Has ADDENDA ***

Have attempted to contact pt w/ biopsy results but has not answered. Left a
voicemail w/ our pager and telephone number.  Will continue to try to contact
patient.

/es/ JOHN WEAVER, MD
Resident Physician, Urology
Signed: 02/08/2016 14:35

/es/ ALAN J STEIN, MD
Physician Consultant, Urology
Cosigned: 03/08/2016 14:06

02/08/2016 ADDENDUM               STATUS: COMPLETED
TRUS positive


UROLOGY TELEPHONE CALL NOTE

Discussed prostate biopsy results with patient. Briefly discussed treatment

options. Encouraged him to return to clinic visit to discuss prostate cancer

diagnosis and treatment options in detail. All questions answered at this time.

Of note, he denies fever or chills since the biopsy.


PROSTATE, RIGHT, CORE BIOPSY:
     ADENOCARCINOMA, GLEASON SCORE 3+4=7
     40 % OF ENTIRE SPECIMEN AND 4 OF 6 CORES CONTAIN LESION
     PERINEURAL INVASION

     PROSTATE, LEFT, CORE BIOPSY:
     ADENOCARCINOMA, GLEASON SCORE 4+3=7

---

| PATIENT NAME AND ADDRESS (Mechanical Imprinting, if available) | VISTA Electronic Medical Documentation |
|---|---|
| SNEAD,JERRY LEE<br>3726 KACEY LN<br>BLYTHEVILLE, ARKANSAS   72315 | Printed at POPLAR BLUFF MO VAMC |

# Progress Notes

```
        70 % OF ENTIRE SPECIMEN AND 6 OF 6 CORES CONTAIN LESION
        PERINEURAL INVASION

/es/ JOHN WEAVER, MD
Resident Physician, Urology
Signed: 02/08/2016 14:53

/es/ ALAN J STEIN, MD
Physician Consultant, Urology
Cosigned: 03/07/2016 13:52


03/08/2016 ADDENDUM                    STATUS: COMPLETED
Please confirm that patient Snead 1593 has been informed that he has prostate
cancer.

/es/ ALAN J STEIN, MD
Physician Consultant, Urology
Signed: 03/08/2016 14:08

Receipt Acknowledged By:
03/08/2016 14:23        /es/ JOSEPH SONG, MA, MD
                             Resident Physician, Urology


03/08/2016 ADDENDUM                    STATUS: COMPLETED
According to Dr. Weaver's addendum, he spoke to patient on 2/8 regarding the
diagnosis. He has an appointment with us on 3/18-- will discuss further at that
time.

/es/ JOSEPH SONG, MA, MD
Resident Physician, Urology
Signed: 03/08/2016 14:24

/es/ ALAN J STEIN, MD
Physician Consultant, Urology
Cosigned: 03/08/2016 19:04
```

```
  LOCAL TITLE: PATHOLOGY REPORT STL
STANDARD TITLE: PATHOLOGY REPORT
DATE OF NOTE: FEB 01, 2016@16:09      ENTRY DATE: FEB 01, 2016@16:09:55
     AUTHOR: RITTER,DETLEF G M     EXP COSIGNER:
     URGENCY:                           STATUS: COMPLETED

                          PATHOLOGY REPORT          Accession No. SP 16 621


  DIAGNOSIS:
        PROSTATE, RIGHT, CORE BIOPSY:
         ADENOCARCINOMA, GLEASON SCORE 3+4=7
         40 % OF ENTIRE SPECIMEN AND 4 OF 6 CORES CONTAIN LESION
```

---

| PATIENT NAME AND ADDRESS (Mechanical Imprinting, if available) | VISTA Electronic Medical Documentation |
|---|---|
| SNEAD,JERRY LEE<br>3726 KACEY LN<br>BLYTHEVILLE, ARKANSAS  72315 | Printed at POPLAR BLUFF MO VAMC |

# Progress Notes

```
             PERINEURAL INVASION

          PROSTATE, LEFT, CORE BIOPSY:
           ADENOCARCINOMA, GLEASON SCORE 4+3=7
           70 % OF ENTIRE SPECIMEN AND 6 OF 6 CORES CONTAIN LESION
           PERINEURAL INVASION

          THE FINDINGS WERE DISCUSSED WITH DR. J. WEAVER, GU-SERVICE ON  2-1-16.


 /es/ DETLEF G RITTER, M.D.
 PHYSICIAN - PATHOLOGY AND LABORATORY MEDICINE
 Signed: 02/01/2016 16:10

 Receipt Acknowledged By:
 02/08/2016 14:52        /es/ JOHN WEAVER, MD
                            Resident Physician, Urology
```

---

```
  LOCAL TITLE: UROLOGY PROCEDURE STL
 STANDARD TITLE: UROLOGY PROCEDURE NOTE
 DATE OF NOTE: JAN 29, 2016@12:24     ENTRY DATE: JAN 29, 2016@12:24:22
      AUTHOR: WEAVER,JOHN        EXP COSIGNER: POTRETZKE,AARON M
      URGENCY:                       STATUS: COMPLETED

    *** UROLOGY PROCEDURE STL Has ADDENDA ***

 PROCEDURE NOTE  TRUS BIOPSY
 Procedure Date: 1/29/16

 INFORMED CONSENT
 Informed consent completed   iMedConsent
 Patient was conscious and able to answer, patient stated:
 Full Name, Full SSN, Date of Birth, Procedure to be done

 Patient name, SSN, or DOB was verified against the following:
 Patient's armband or picture ID? YES
 Consent form? YES

 PROCEDURE REPORT:
 Surgeon: Weaver

 Attending: Potretzke

 Indication for Procedure/Pre-procedure Diagnosis:  elevated PSA

 Post-procedure Diagnosis: elevated PSA

 Procedure: Transrectal Ultrasound - Needle Biopsy Prostate
```

---

PATIENT NAME AND ADDRESS (Mechanical Imprinting, if available)
SNEAD,JERRY LEE
3726 KACEY LN
BLYTHEVILLE, ARKANSAS  72315

VISTA Electronic Medical Documentation
Printed at POPLAR BLUFF MO VAMC

# Progress Notes

Anesthesia: 1% Lidocaine local 10 ml

History: 63M yo male with significantly elevated PSA.

His PSA history is:
PROST. SPECIFIC AG.(PB-STL) 77.11 H* ng/ml     12/09/2015 07:19
PROST. SPECIFIC AG.(PB-STL) 55.45 H* ng/ml     04/02/2015 09:24

Bone scan and CT scan were negative for metastatic disease.


no Previous prostate biopsy

no Previous 5alpha reductase inhib therapy

Family Hx of prostate cancer: no


Digital Rectal Exam Results: 30 gm prostate, smooth, symmetric,
no nodules


TRUS Findings:
  Transverse: 33 mm
  A-P: 37 mm
  Length (Sagittal): 37 mm
  Volume: 16.2
  Texture: Mixed foci
  Capsule Intact: Yes
  Seminal Vesicles: Normal

Procedure Narrative: Informed consent was obtained and pt was brought to
operating room.
A time-out was performed and the patient was then placed in the left lateral
decubitus
position on his strethcer.

While in left lateral decubitus position a digital rectal examination was
performed.  After digital rectal examination a 7.5 megahertz ultrasound probe
was
inserted into the rectum.  5 mL of 1% lidocaine were instilled posterior to the
prostatic capsule and anterior to the seminal vesicles bilaterally giving
a total volume of 10 mL injected. The prostate was located and examined
thoroughly with the ultrasound probe.  The prostate was also measured.

After performing a prostatic block six core biopsies were taken from both
the left and right prostatic lobes without difficulty.  After the 12th
biopsy was taken the ultrasound probe was removed and the patients
perineum was cleaned.  He was then wheeled to the Holding Area in stable
condition.

| PATIENT NAME AND ADDRESS (Mechanical Imprinting, if available) | VISTA Electronic Medical Documentation |
|---|---|
| SNEAD,JERRY LEE<br>3726 KACEY LN<br>BLYTHEVILLE, ARKANSAS   72315 | Printed at POPLAR BLUFF MO VAMC |

# Progress Notes

```
Specimen Core Biopsy:
  Left: 6 Right: 6

Complications: none

Disposition: stable

Assessment/Plan: return to clinic in 2 weeks.  Will call with pathology results

/es/ JOHN WEAVER, MD
Resident Physician, Urology
Signed: 01/29/2016 12:28

/es/ AARON M POTRETZKE, MD
Staff Physician, Urology
Cosigned: 02/04/2016 14:45

01/29/2016 ADDENDUM               STATUS: COMPLETED
Pt will restart his Plavix 3 days after the procedure.

/es/ JOHN WEAVER, MD
Resident Physician, Urology
Signed: 01/29/2016 12:29

/es/ AARON M POTRETZKE, MD
Staff Physician, Urology
Cosigned: 02/04/2016 14:44
```

```
 LOCAL TITLE: NUR PROGRESS NOTE STL
STANDARD TITLE: NURSING NOTE
DATE OF NOTE: JAN 29, 2016@09:54    ENTRY DATE: JAN 29, 2016@09:54:57
     AUTHOR: DAVIS-BROOKS,CHERYL  EXP COSIGNER:
     URGENCY:                    STATUS: COMPLETED

Nurse Procedure Note
Procedure:
TRUS and Biopsy

Start time: 0934
End time: 0954

Scope: TRUS
Serial number: 3890426

Temperature:98.2 F [36.8 C] (01/29/2016 09:54)
Pulse:95 (01/29/2016 09:54)
Respirations:16 (01/29/2016 09:54)
Blood Pressure:142/96 (01/29/2016 09:54)
```

| PATIENT NAME AND ADDRESS (Mechanical Imprinting, if available) | VISTA Electronic Medical Documentation |
| --- | --- |
| SNEAD,JERRY LEE<br>3726 KACEY LN<br>BLYTHEVILLE, ARKANSAS   72315 | Printed at POPLAR BLUFF MO VAMC |

Page 79

# Progress Notes

Pulse Oximetry: (SaO2)01/29/2016 09:54   98

Pain:0 (01/29/2016 09:54)

U/A, right and left prostate core biopsies verified with provider and sent to lab.

Post trus biopsy instruction sheet explained and provided to the patient. Patient verbalized good understanding of the information provided and agreed with the plan of care.

Nurse: CHERYL DAVIS-BROOKS, RN
Tech: N/A

/es/ CHERYL L DAVIS-BROOKS
Registered Nurse
Signed: 01/29/2016 10:25

---

 LOCAL TITLE: UROLOGY CONSENT (IMED) STL
STANDARD TITLE: CONSENT
DATE OF NOTE: JAN 29, 2016@09:33:43  ENTRY DATE: JAN 29, 2016@09:34:05
      AUTHOR: WEAVER,JOHN          EXP COSIGNER:
      URGENCY:                     STATUS: COMPLETED

  Signature Informed Consent for
   PROSTATE - BIOPSY TRANSRECTAL ULTRASOUND NEEDLE (VA) (TRANSRECTAL
ULTRASOUND NEEDLE BIOPSY OF PROSTATE)
1. Anatomical Location: See description of treatment/procedure.
2. Informed consent was obtained  at 9:32 AM on January 29, 2016.
The full consent document can be accessed through Vista Imaging.
3. Patient name:  SNEAD, JERRY LEE
4. The patient HAS decision-making capacity.
5. Surrogate (if applicable):
6. Reason for the treatment (diagnosis, condition, or indication): To examine the prostate for cancer.
7. Treatment/procedure: An ultrasound probe is placed in the rectum. The probe is about the size and shape of a finger. Ultrasound uses sound waves to make images. The images help view and measure the prostate. A needle is placed through the probe. Your doctor uses the images to guide the needle in taking tissue samples of your prostate. The tissue samples are examined for cancer.

8. Neither anesthesia nor moderate sedation will be used.
9. Consent to Blood Products (if applicable):
It is not expected that blood products will be used in this

---

PATIENT NAME AND ADDRESS (Mechanical imprinting, if available)
SNEAD,JERRY LEE
3726 KACEY LN
BLYTHEVILLE, ARKANSAS   72315

VISTA Electronic Medical Documentation
Printed at POPLAR BLUFF MO VAMC

# Progress Notes

treatment/procedure.
10. Practitioner obtaining consent:  Weaver,John (PHYSICIAN (RESIDENT))
11. Supervising practitioner:  Potretzke,Aaron M (PHYSICIAN (STAFF))
12. Practitioner(s) performing or supervising treatment/procedure (if
    not listed above):
13. Witness Name(s):

14. Comments:


                         *** SCANNED DOCUMENT ***
                         SIGNATURE NOT REQUIRED


    Electronically Filed: 01/29/2016
                    by: IMED CONSENT


---

 LOCAL TITLE: RADIOLOGY CONTRAST ADMINISTRATION
STANDARD TITLE: RADIOLOGY PREPROCEDURE NOTE
DATE OF NOTE: JAN 15, 2016@13:20    ENTRY DATE: JAN 15, 2016@13:20:55
     AUTHOR: GOODWIN,TONYA       EXP COSIGNER:
     URGENCY:                         STATUS: COMPLETED


CT and General Radiology Contrast Questionnaire



PATIENT NAME:  SNEAD,JERRY LEE
SSN:  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
DATE:  Jan 15,2016
EXAM:  ABD/PELVIS
Referring Physician:  ANDERSON

---

| PATIENT NAME AND ADDRESS (Mechanical Imprinting, if available) | VISTA Electronic Medical Documentation |
| --- | --- |
| SNEAD,JERRY LEE<br>3726 KACEY LN<br>BLYTHEVILLE, ARKANSAS   72315 | Printed at POPLAR BLUFF MO VAMC |

# Progress Notes

```
TO BE COMPLETED PRIOR TO CONTRAST ADMINISTRATION:

1.  Has the patient been instructed about the procedure? Yes
2.  Is there a history of food or drug allergies?        No
3.  Is there history of complication with IV contrast?   No
4.  Is EFGR less than 45?                                 No
         eGFR:  STL EGFR (within one year).
CREATININE   0.79 mg/dl    (12/09/15 07:19)
EGFR   >60      (12/09/15 07:19)
5.  Is EFGR result for inpatient within 24 hrs?          No
6.  Is EFGR result for outpatient with history
of renal insufficiency within 7 days or for outpatient
with history of normal renal function within 30 days?    Yes
7.  Is the patient's Medical Reconciliation list correct?Yes
8.  Is the patient on metformin?                         No
9.  Has the patient violated NPO requirements?           No
10. Does the patient have a history of multiple myeloma? No
11. Does the patient have sickle cell anemia?            No
12. Is the patient a breast-feeding female?              NA
13. Is there a chance the patient could be pregnant?     NA
14. Does the patient have only one kidney?               No
15. The patient has had no iodinated contrast in the past
72 hours?                                                       No
16.  The exception for Diagnostic Imaging Service policy
was NONE and this was discussed and
Approve by Dr:  PER DEPT PROTOCOL
for contrast administration.
17. If patient meets DIS policy criteria for high risk for contrast
reaction or toxicity, Informed Consent has been obtained
by:
18.  The information was reviewed and meets Diagnostic Imaging Policy
to administer contrast.                                        Yes

DIS Policy:  1,5,6,7,16,17,18 =Y or NA  //  2,3,4,8,9,10,11,12,13,14,15 = N
Name of Contrast: ULTRAVIST 370
Lot#:  51930B
Dosage:  100CC @ 2.5CC/SEC
Injection Site:  22G LEFT AC

/es/ TONYA GOODWIN

Signed: 01/15/2016 13:22
```

```
 LOCAL TITLE: UROLOGY CONSULT STL
STANDARD TITLE: UROLOGY CONSULT
DATE OF NOTE: JAN 15, 2016@09:53    ENTRY DATE: JAN 15, 2016@09:53:09
     AUTHOR: ANDERSON,GRECORI E   EXP COSIGNER: GRUBB,ROBERT L
     URGENCY:                          STATUS: COMPLETED
```

**PATIENT NAME AND ADDRESS (Mechanical Imprinting, if available)**
SNEAD,JERRY LEE
3726 KACEY LN
BLYTHEVILLE, ARKANSAS   72315

**VISTA Electronic Medical Documentation**
Printed at POPLAR BLUFF MO VAMC

# Progress Notes

Clinic - Elevated PSA
CC: Elevated PSA

HPI: 63 y/o M presents for evaluation of elevated PSA.
His PSA history is:
PROST. SPECIFIC AG.(PB-STL) 77.11 H* ng/ml    12/09/2015 07:19
PROST. SPECIFIC AG.(PB-STL) 55.45 H* ng/ml    04/02/2015 09:24

The PSA taken in april 2015 was ordered by his PCP in PB. He was not worked
up or refered at that time for unknown reasons. He was seen by Dr. Madduri in
dec of 2015 after a repeat psa was measured at 77. At this point, for very
unclear reasons, he was still not offered a biopsy, nor were any staging
studies done. Instead, he was told that he had some "slight swelling" of his
prostate, and referred to JC urology. He presents today, 9 months after his
first overtly concerning PSA result for a clinical discussion of these
results for the first time, and for work up of this alarmingly high PSA
level.


no Previous prostate biopsy

no Previous 5alpha reductase inhib therapy

Family Hx of prostate cancer: no

PMH:
1)   Acute myocardial ischemia
2)   BPH
3)   Abnormal weight loss
4)   Gastritis
5)   History of tobacco use
6)   Mixed hyperlipidemia
7)   Coronary artery bypass graft occlusion
8)   Alcoholic gastritis


ROS: Per HPI, otherwise negative x 10 systems

ALL: VEGETABLES

Active Outpatient Medications (including Supplies):

```
      Active Outpatient Medications                          Status
===============================================================================
1)    ASPIRIN 81MG EC TAB TAKE ONE TABLET BY MOUTH ONCE A     ACTIVE
         DAY FOR HEART
2)    ATORVASTATIN CALCIUM 40MG TAB TAKE ONE-HALF TABLET BY   ACTIVE
         MOUTH EVERY EVENING TO LOWER CHOLESTEROL (REPORT
         ANY MUSCLE PAIN OR WEAKNESS) **THIS TABLET IS TO BE
```

---

**PATIENT NAME AND ADDRESS (Mechanical Imprinting, if available)**
SNEAD,JERRY LEE
3726 KACEY LN
BLYTHEVILLE, ARKANSAS  72315

**VISTA Electronic Medical Documentation**
Printed at POPLAR BLUFF MO VAMC

# Progress Notes

```
              CUT IN HALF FOR YOUR DOSE
3)   CLOPIDOGREL BISULFATE 75MG TAB TAKE ONE TABLET BY        ACTIVE
              MOUTH ONCE A DAY
4)   METOPROLOL TARTRATE 25MG TAB TAKE ONE-HALF TABLET BY     ACTIVE
              MOUTH TWICE A DAY FOR HEART AND TO LOWER BLOOD
              PRESSURE **THIS TABLET IS TO BE CUT IN HALF FOR
              YOUR DOSE
5)   MOISTURIZING (EQV-LUBRIDERM)UNSCENT LOT APPLY            ACTIVE
              LIBERALLY TO AFFECTED AREA(S) ONCE A DAY FOR DRY
              SKIN (EXTERNAL USE ONLY)
6)   NICOTINE POLACRILEX 4MG LOZENGE DISSOLVE 1 LOZENGE BY    ACTIVE
              MOUTH EVERY 4 HOURS AS NEEDED FOR SMOKING CESSATION
7)   NITROGLYCERIN (NITROSTAT) 0.4MG SL TAB DISSOLVE ONE      ACTIVE
              TABLET UNDER THE TONGUE EVERY 5 MINUTES AS NEEDED
              AS NEEDED FOR CHEST PAIN; IF NO IMPROVEMENT AFTER
              FIRST DOSE CALL 9-1-1. MAY TAKE 2 ADDITIONAL DOSES,
              5 MINUTES APART
8)   OMEPRAZOLE 20MG EC CAP TAKE ONE CAPSULE BY MOUTH         ACTIVE
              EVERY DAY TO LOWER STOMACH ACID. TAKE 30 MINUTES
              PRIOR TO FOOD.
9)   TAMSULOSIN HCL 0.4MG CAP TAKE TWO CAPSULES BY MOUTH      ACTIVE
              ONCE A DAY APPROXIMATELY 30 MINUTES AFTER THE SAME
              MEAL EACH DAY (FOR PROSTATE)

     Pending Outpatient Medications                          Status
===============================================================================
1)   BISACODYL 5MG EC TAB TAKE THREE TABLETS BY MOUTH ONE     PENDING
              TIME
2)   CEPHALEXIN 500MG CAP TAKE ONE CAPSULE BY MOUTH           PENDING
              ONE-TIME
3)   CIPROFLOXACIN HCL 500MG TAB TAKE ONE TABLET BY MOUTH     PENDING
              ONE-TIME
4)   PHOSPHATES ENEMA INSERT CONTENTS OF 1 ENEMA RECTALLY     PENDING
              ONE TIME (FOR RECTAL USE ONLY)

13 Total Medications

PE:
NAD, alert
RRR
Breathing unlabored
Soft, nt, nd, no masses/cvat
GU: nl phallus, testes desc bilat, nt, no masses/hernias
DRE: 40+ hard and nodular. Grossly abnormal.

A/P: 63 y/o M with elevated PSA.
1. Discussed with the patient prostate cancer screening, PSA, and
indications for TRUS biopsy. Risks of pain, infection, bleeding, urinary
retention.
2. After discussion he agrees to proceed with a Trus Biopsy. Medications were
```

---

**PATIENT NAME AND ADDRESS (Mechanical Imprinting, if available)**

SNEAD,JERRY LEE
3726 KACEY LN
BLYTHEVILLE, ARKANSAS   72315

**VISTA Electronic Medical Documentation**

Printed at POPLAR BLUFF MO VAMC

# Progress Notes

sent.
3. I also ordered a bone scan and a CT scan to be done today to evaluate for
potential metastatic disease.
4. RTC ASAP for a trus biopsy.


/es/ GRECORI ANDERSON, MD
Resident Physician, Urology
Signed: 01/15/2016 13:17

/es/ ROBERT L GRUBB, MD
Staff Physician, Urology
Cosigned: 01/28/2016 12:13

---

 LOCAL TITLE: SOCIAL WORK CONSULT STL
STANDARD TITLE: SOCIAL WORK CONSULT
DATE OF NOTE: JAN 14, 2016@08:40     ENTRY DATE: JAN 14, 2016@08:40:55
      AUTHOR: ALEXANDER,BARBARA G  EXP COSIGNER:
      URGENCY:                        STATUS: COMPLETED

Received consult from Urology to assist with arranging local hotel stay 1-14-16
ONLY.  Arrangements confirmed with contractual hotel-Holiday Inn.  Call to
veteran to provide directions, confirmation #, call 911 if medical emergency and
is aware to provide own meals.

/es/ BARBARA G ALEXANDER
Program Support Assistant
Signed: 01/14/2016 08:42

---

 LOCAL TITLE: SPECIALITY CARE EXIT INTERVIEW (TEXT) PB
STANDARD TITLE: NURSING PROGRESS NOTE
DATE OF NOTE: DEC 28, 2015@13:46     ENTRY DATE: DEC 28, 2015@13:46:16
      AUTHOR: GUM,KIMBERLY A      EXP COSIGNER:
      URGENCY:                        STATUS: COMPLETED

Location: GU

Mode:  Ambulatory

Patient's language preference for health information:
English

Other Communication Methods Needed: NONE


Preferred Method of Education:
Verbal, Printed Material

Follow up appointment:  Scheduled

---

| PATIENT NAME AND ADDRESS (Mechanical Imprinting, if available) | VISTA Electronic Medical Documentation |
|---|---|
| SNEAD,JERRY LEE<br>3726 KACEY LN<br>BLYTHEVILLE, ARKANSAS  72315 | Printed at  POPLAR BLUFF MO VAMC |

# Progress Notes

Instructions:  Oral, Written

Sent to Pharmacy for medications and instructions:
No

Lab Instructions:  Oral, Written

Special Instructions:  rtn 3mths with psa/ua.  consult to jc placed by provider

Verbalized understanding of today's visit:  Significant Other, Verbalized
understanding of plan of care

Barriers to Learning:  None

MEDICATION RECONCILIATION:

ACTIVE INPATIENT MEDICATIONS:  No medications found.

ACTIVE/EXPIRED OUTPATIENT MEDICATIONS:  RXAE - Active/Exp Opt Meds
    1) ASPIRIN 81MG EC TAB                                              ACTIVE
       TAKE ONE TABLET BY MOUTH ONCE A DAY FOR HEART
    2) ATORVASTATIN CALCIUM 40MG TAB                                    ACTIVE
       TAKE ONE-HALF TABLET BY MOUTH EVERY EVENING TO LOWER CHOLESTEROL
       (REPORT ANY MUSCLE PAIN OR WEAKNESS) **THIS TABLET IS TO BE CUT
       IN HALF FOR YOUR DOSE
    3) CLOPIDOGREL BISULFATE 75MG TAB                                   ACTIVE
       TAKE ONE TABLET BY MOUTH ONCE A DAY
    4) METOPROLOL TARTRATE 25MG TAB                                     ACTIVE
       TAKE ONE-HALF TABLET BY MOUTH TWICE A DAY FOR HEART AND TO LOWER
       BLOOD PRESSURE **THIS TABLET IS TO BE CUT IN HALF FOR YOUR DOSE
    5) MOISTURIZING (EQV-LUBRIDERM)UNSCENT LOT                          ACTIVE
       APPLY LIBERALLY TO AFFECTED AREA(S) ONCE A DAY FOR DRY SKIN
       (EXTERNAL USE ONLY)
    6) NICOTINE POLACRILEX 4MG LOZENGE                                  ACTIVE
       DISSOLVE 1 LOZENGE BY MOUTH EVERY 4 HOURS AS NEEDED FOR SMOKING
       CESSATION
    7) NITROGLYCERIN (NITROSTAT) 0.4MG SL TAB                           ACTIVE
       DISSOLVE ONE TABLET UNDER THE TONGUE EVERY 5 MINUTES AS NEEDED
       AS NEEDED FOR CHEST PAIN; IF NO IMPROVEMENT AFTER FIRST DOSE
       CALL 9-1-1.  MAY TAKE 2 ADDITIONAL DOSES, 5 MINUTES APART
    8) OMEPRAZOLE 20MG EC CAP                                           ACTIVE
       TAKE ONE CAPSULE BY MOUTH EVERY DAY TO LOWER STOMACH ACID. TAKE
       30 MINUTES PRIOR TO FOOD.
    9) TAMSULOSIN HCL 0.4MG CAP                                         ACTIVE
       TAKE TWO CAPSULES BY MOUTH ONCE A DAY APPROXIMATELY 30 MINUTES

| PATIENT NAME AND ADDRESS (Mechanical Imprinting, if available) | VISTA Electronic Medical Documentation |
|---|---|
| SNEAD,JERRY LEE<br>3726 KACEY LN<br>BLYTHEVILLE, ARKANSAS   72315 | Printed at POPLAR BLUFF MO VAMC |

# Progress Notes

```
          AFTER THE SAME MEAL EACH DAY (FOR PROSTATE)
   10) OMEPRAZOLE 20MG EC CAP                                   EXPIRED
          TAKE ONE CAPSULE BY MOUTH TWICE A DAY TO LOWER STOMACH ACID.
          TAKE 30 MINUTES PRIOR TO FOOD.


   DISCONTINUED:  NONE

   ADDED/CHANGES:  NONE

   NON-VA MEDICATIONS NOT LISTED ABOVE (List, including Herbals and OTC):
   NONE


   Reviewed with patient/family members.  Copy given to patient.

   Patient verbalized understanding?  Yes

   /es/ KIMBERLY A GUM
   RN
   Signed: 12/28/2015 13:47
```

```
   LOCAL TITLE: UROLOGY CONSULTS PB
   STANDARD TITLE: UROLOGY CONSULT
   DATE OF NOTE: DEC 28, 2015@13:42     ENTRY DATE: DEC 28, 2015@14:09:47
        AUTHOR: MADDURI,SIVAPRASAD    EXP COSIGNER:
        URGENCY:                            STATUS: COMPLETED

   Referred by Dr. Haiderzad, Primary Care physician from Poplar Bluff VA.

   REASON FOR CONSULTATION:
   Elevated prostate-specific antigen.

   HISTORY:
   Mr. Snead is a 63-year-old African American male who was referred for an
   elevated prostate-specific antigen of 77.1 December 9, 2015. The prostate-
   specific antigen from April 2015 was 55.1. Patient is not
   complaining of any lower urinary tract symptoms. He says he voids fairly well.
   Nocturia x1 to 2. The patient has been on tamsulosin 0.4 mg once a day. He
   denies any history of urinary tract infection, gross hematuria, abdominal or
   flank pain.

   PAST HISTORY:
   The patient is also being treated for acute myocardial ischemia, benign
   prostatic hypertrophy, abnormal weight loss, gastritis, history of tobacco
   use, mixed hyperlipidemia, coronary artery bypass graft, alcoholic  gastritis.

   PRESENT ACTIVE MEDICATIONS:
   Aspirin, atorvastatin, clopidogrel, metoprolol, nitroglycerin, nicotine
```

| PATIENT NAME AND ADDRESS (Mechanical Imprinting, if available) | VISTA Electronic Medical Documentation |
|---|---|
| SNEAD,JERRY LEE<br>3726 KACEY LN<br>BLYTHEVILLE, ARKANSAS   72315 | Printed at POPLAR BLUFF MO VAMC |

# Progress Notes

lozenges, omeprazole and tamsulosin 0.4 mg once a day at bed time.

ALLERGIES:
No known drug allergies.

PHYSICAL EXAMINATION:
Thin built, emaciated, elderly gentleman of his stated age. Weighs about 125 pounds. Height is 72 inches.
VITAL SIGNS: Stable. Temperature 99.8, pulse 87, respirations 20, blood pressure 143/87. No cervical or inguinal lymphadenopathy. Abdomen soft. No organomegaly. No abdominal masses felt. No abdominal or CVA tenderness. Bladder not distended.
EXTERNAL GENITALIA: Within normal limits.
DIGITAL RECTAL EXAM: Prostate 2+ hypertrophied, about 30 grams, hard and indurated. The induration involving both lobes of the prostate.

LABORATORY:
His most recent prostate-specific antigen, was 77.1 done on December 9, 2015. The only other prostate-specific antigen available was 55.1 in April 2015. Basic metabolic panel: BUN 7, creatinine 0.79, lipase 134, sodium 136, potassium 3.9, alkaline phosphatase 161, SGPT of 41 and SGOT of 47. Complete blood count: White count 5,400, hemoglobin 12.6, hematocrit 38.2.

CLINICAL IMPRESSION:
Significantly elevated prostate-specific antigen with prostate-specific antigen velocity with indurated, hard prostate on digital rectal exam. Significant possibility of adenocarcinoma of the prostate.

The implications were discussed with the patient and his wife at length and was advised a prostate biopsy as soon as possible. Patient is agreeable for the same and at the patient's and family's request, the patient is being referred to John Cochran VA urology. Consultation as soon as possible was requested for a prostate biopsy.

Return to clinic in 3 months to local VA urology clinic.

DD: 12/28/2015 13:42:58
TD: 12/28/2015 14:00:38
2016838/PAT

/es/ SIVAPRASAD MADDURI
MD
Signed: 12/28/2015 16:55

LOCAL TITLE: SPECIALTY CLINIC OUTPATIENT INSTRUCTIONS PB
STANDARD TITLE: TEAM OUTPATIENT NOTE
DATE OF NOTE: DEC 28, 2015@13:27    ENTRY DATE: DEC 28, 2015@13:27:26
     AUTHOR: MADDURI,SIVAPRASAD   EXP COSIGNER:

PATIENT NAME AND ADDRESS (Mechanical Imprinting, if available)
SNEAD,JERRY LEE
3726 KACEY LN
BLYTHEVILLE, ARKANSAS  72315

VISTA Electronic Medical Documentation
Printed at POPLAR BLUFF MO VAMC

 **BAPTIST.**

JON NEA Baptist Memorial Hospital
4800 East Johnson Ave
Jonesboro AR 72401-8413
HOSPITAL REPORT

Snead, Jerry
MRN: 12913798
DOB: 3/21/1952, Sex: M
Adm: 9/29/2017, D/C: 10/13/2017

## Patient Demographics

| Address | Phone | E-mail Address |
|---|---|---|
| 3726 KACEY LANE | 870-623-9955 (Home) | n |
| BLYTHEVILLE AR 72315 | 870-278-1852 (Mobile) | |

## Admission Information - Patient Record Only

| | | | |
|---|---|---|---|
| Arrival Date/Time: | 09/29/2017 1803 | Admit Date/Time: 09/29/2017 1816 | IP Adm. Date/Time: 09/29/2017 2152 |
| Admission Type: | Emergency | Point of Origin: Self Referral | Admit Category: |
| Means of Arrival: | Car | Primary Service: Cardiac Icu | Secondary Service: N/A |
| Transfer Source: | | Service Area: Jonesboro Service Area | Unit: NEA Baptist Memorial Hospital |
| Admit Provider: | Wanda Lakeisha Williams, MD | Attending Provider: Dane Howard Flippin, MD | Referring Provider: |

## Discharge Information - Patient Record Only

| Discharge Date/Time | Discharge Disposition | Discharge Destination | Discharge Provider | Unit |
|---|---|---|---|---|
| 10/13/2017 0635 | Expired | None | Jeffrey Guirand, MD | NEA Baptist Memorial Hospital |

## Final Diagnoses with ICD Codes

Secondary malignant neoplasm of bone  (C79.51)
Unspecified severe protein-calorie malnutrition  (E43)
Other pulmonary embolism without acute cor pulmonale  (I26.99)
Acute respiratory failure with hypercapnia  (J96.02)
Metabolic encephalopathy  (G93.41)
Pneumonia, unspecified organism  (J18.9)
Hypotension, unspecified  (I95.9)
Secondary malignant neoplasm of right lung  (C78.01)
Urinary tract infection, site not specified  (N39.0)
Gastrointestinal hemorrhage, unspecified  (K92.2)
Hypo-osmolality and hyponatremia  (E87.1)
Unspecified cord compression  (G95.20)
Body mass index (BMI) 19.9 or less, adult  (Z68.1)
Encounter for palliative care  (Z51.5)
Malignant neoplasm of prostate  (C61)
Essential (primary) hypertension  (I10)
Atherosclerotic heart disease of native coronary artery without angina pectoris  (I25.10)
Gastro-esophageal reflux disease without esophagitis  (K21.9)
Pure hypercholesterolemia, unspecified  (E78.00)
Nicotine dependence, cigarettes, uncomplicated  (F17.210)
Monoplegia of lower limb affecting left nondominant side  (G83.14)
Monoplegia of lower limb affecting right nondominant side  (G83.13)
Old myocardial infarction  (I25.2)
Benign prostatic hyperplasia without lower urinary tract symptoms  (N40.0)
Do not resuscitate  (Z66)

## Events

### ED Expected at 9/29/2017 1746

Unit: NEA Baptist Emergency Department

### ED Arrival at 9/29/2017 1803

Unit: NEA Baptist Emergency Department

### ED Roomed at 9/29/2017 1816

Unit: NEA Baptist Emergency Department       Room: EXAM 10           Bed: ED 10
Patient class: Emergency                     Service: Emergency Medicine

### Pt Class Change at 9/29/2017 2152

Unit: NEA Baptist Emergency Department       Room: EXAM 10           Bed: ED 10
Patient class: Inpatient                     Service: Emergency Medicine

### ED IP Bed Requested at 9/29/2017 2152

Unit: NEA Baptist Emergency Department       Room: EXAM 10           Bed: ED 10
Patient class: Inpatient                     Service: Emergency Medicine

### ED Bed Requested at 9/29/2017 2152

Unit: NEA Baptist Emergency Department       Room: EXAM 10           Bed: ED 10
Patient class: Inpatient                     Service: Emergency Medicine

### ED IP Bed Assigned at 9/29/2017 2206

**EXHIBIT**

tabbies

10

BAPTIST.

JON NEA Baptist Memorial Hospital
4800 East Johnson Ave
Jonesboro AR 72401-8413
HOSPITAL REPORT

Snead, Jerry
MRN: 12913798
DOB: 3/21/1952, Sex: M
Adm: 9/29/2017, D/C: 10/13/2017

---

**Discharge Summaries - Encounter Notes**

Discharge Summaries by Wanda Lakeisha Williams, MD at 10/13/2017  6:35 AM

| | | |
|---|---|---|
| Author:  Wanda Lakeisha Williams, MD | Service:  Hospitalist | Author Type:  Physician |
| Date of Service:  10/13/2017  6:35 AM | Creation Time:  10/18/2017  1:50 AM | Filed:  10/18/2017  2:16 AM |
| Status:  Signed | Editor:  Wanda Lakeisha Williams, MD (Physician) | |

## DEATH SUMMARY

**Date of Discharge:** 10/13/17

**Date of Admission:** 9/29/17

**Discharge Diagnosis:**

Spinal cord compression due to malignant neoplasm metastatic to spine (HCC)
Paralysis of lower limb (HCC)
Prostate cancer (HCC)
Benign essential hypertension
UTI (urinary tract infection)
GERD (gastroesophageal reflux disease)
Tobacco abuse
Hypercholesterolemia
Bacteremia due to Gram-negative bacteria
Weakness of both arms
Coronary artery disease involving native coronary artery of native heart
BPH (benign prostatic hypertrophy)
Spinal cord injury, C5-C7, initial encounter (HCC)
Quadriparesis (HCC)
Squamous cell carcinoma lung, right (HCC)
Severe protein-calorie malnutrition
Gram negative bacteremia
Acute hypoxic respiratory failure

**HPI:**

The patient was a very pleasant 65 yo AAM with a PMH of prostate cancer, HTN, GERD, HLD, and tobacco abuse. He presents to the ER with a cc of a 3 week history of "paralysis" of his legs. He noted that he can't move his legs at all. He has difficulty with ambulation at home. He, also, noted significant weakness of his RUE. When he attempted to move his RUE, he notes that it "slaps" him in the face, involuntarily. He noted slight use of his LUE. He also notes neck pain, and lower back pain. He noted a chronic cough of mucous. He denies any other symptoms.

He was diagnosed with prostate cancer, approximately, 4 years ago at an OSH in St. Louis, where he underwent 41 radiation treatments last year. He noted that he has been told that he has "bone cancer", but he is confused about this diagnosis. He was started on a steroid taper by a doctor at the VA in Popular Bluff, MO. He had been sent to physical therapy, recently, but he noted that he is frustrated because he can't move his legs at all.

**Brief Hospital Course:**

The patient was admitted for further evaluation and treatment of hs symptoms. He was started on IVF and IV

---

**BAPTIST.**

JON NEA Baptist Memorial Hospital
4800 East Johnson Ave
Jonesboro AR 72401-8413
HOSPITAL REPORT

Snead, Jerry
MRN: 12913798
DOB: 3/21/1952, Sex: M
Adm: 9/29/2017, D/C: 10/13/2017

---

**Discharge Summaries - Encounter Notes (continued)**

**Discharge Summaries by Wanda Lakeisha Williams, MD at 10/13/2017  6:35 AM (continued)**

antibiotics, while we followed his urine and blood cultures. We started the patient on IV steroids as we prepared him for MRI of his spine. He was found to have lesions of the spine. Neurosurgery was consulted. Neurosurgery recommended that the patient be considered for transfer to Baptist East for possible surgery. Given the patient's high surgical risk and the progressive nature of the multiple lesions of the spine, he was determined to not be surgical candidate after the Neurosurgeon reviewed his images and his clinical presentation, in light of his active bacteremia, UTI, severe-protein calorie malnutrition, and the fact that his symptoms had been there for weeks, after which his risk would outweigh any potential benefit that would be gained from surgery. The H/O team continued to follow the patient. He, ultimately, underwent a biopsy of a paraspinal lesion, which was determined to be moderately differentiated squamous cell carcinoma, presumably mets from lung. The patient planned to undergo palliative radiation tx. Thereafter, he planned to go home with HH. The patient developed an episode of respiratory distress, and was subsequently transferred to the ICU with Bipap treatment. He, initially, wanted to be FULL CODE, despite his poor clinical status and poor prognosis. As he began to rapidly deteriorate over a matter of days, he continued to request to be FULL CODE. He developed acute anemia, and worsening respiratory distress, with difficulty maintaining his oxygen saturations and normal heart rate with removing his Bipap mask for a few minutes. After multiple long discussions with the patient and his family, the patient requested to be switched to DNR status and he opted to stay here at the hospital under hospice care. He was, ultimately, transferred to a private room with comfort care, until he was, officially, evaluated by the Hospice team. However, he expired a few hours after being transferred to a private room, with family members at the bedside. He was pronounced dead by our on-call Nocturnist, Dr. Weems at 3:33am.

**Disposition:** Morgue

**Discharge condition:** Expired

**Discharge Diet:** none

**Discharge Instructions:** None

**Follow-up Reccommendations:** None

Electronically signed by Wanda Lakeisha Williams, MD at 10/18/2017  2:16 AM

---

**H&P - Encounter Notes**

**H&P by Wanda Lakeisha Williams, MD at 9/29/2017 11:24 PM**

| Author: Wanda Lakeisha Williams, MD | Service: Hospitalist | Author Type: Physician |
|---|---|---|
| Date of Service: 9/29/2017 11:24 PM | Creation Time: 9/29/2017 11:24 PM | Filed: 9/30/2017  1:24 AM |
| Status: Signed | Editor: Wanda Lakeisha Williams, MD (Physician) | |

**PHYSICIAN INFORMATION:**
**Date of Service:** 9/29/2017
**Service:** General Medicine
**Attending Physician:** Wanda Lakeisha Williams,*
**Admitting Physician:** Wanda Lakeisha Williams, MD
**Primary Care Physician:** No primary care provider on file.

**PATIENT IDENTIFICATION:**
**Patient Name:** Jerry Snead
**DOB:** 3/21/1952

Generated on 11/8/17  2:04 PM

 **BAPTIST.**

JON NEA Baptist Memorial Hospital
4800 East Johnson Ave
Jonesboro AR 72401-8413
HOSPITAL REPORT

Snead, Jerry
MRN: 12913798
DOB: 3/21/1952, Sex: M
Adm: 9/29/2017, D/C: 10/13/2017

---

**H&P - Encounter Notes (continued)**

H&P by Wanda Lakeisha Williams, MD at 9/29/2017 11:24 PM (continued)

**Age**: 65 y.o.
**Sex:** male
**Race:** Black or African American [2]
**Admit Date:** 9/29/2017
**Admission Diagnoses:** UTI (urinary tract infection) [N39.0]
Urinary tract infection without hematuria, site unspecified [N39.0]

**CC:** Weakness

**HISTORY OF PRESENT ILLNESS:**

The patient is a very pleasant 65 yo AAM with a PMH of prostate cancer, HTN, GERD, HLD, and tobacco abuse. He presents to the ER with a cc of a 3 week history of "paralysis" of his legs. He notes that he can't move his legs at all. He has difficulty with ambulation at home. He, also, notes significant weakness of his RUE. When he attempts to move his RUE, he notes that it "slaps" him in the face, involuntarily. He notes slight use of his LUE. He also notes neck pain, and lower back pain. He notes a chronic cough of mucous. He denies any other symptoms.

He was diagnosed with prostate cancer, approximately, 4 years ago at an OSH in St. Louis, where he underwent 41 radiation treatments last year. He notes that he has been told that he has "bone cancer", but he is confused about this diagnosis. He was started on a steroid taper by a doctor at the VA in Popular Bluff, MO. He has been sent to physical therapy, recently, but he notes that he is frustrated because he can't move his legs at all.

**Problem List:**
  UTI (urinary tract infection)
  Prostate cancer (HCC)
  Benign essential hypertension
  GERD (gastroesophageal reflux disease)
  Tobacco abuse
  Hypercholesterolemia

**Past Medical  History:**
**Past Medical History:**

| Diagnosis | Date |
|---|---|
| • Coronary artery disease | |
| • GERD without esophagitis | |
| • Hypercholesteremia | |
| • Hypertension | |
| • Myocardial infarction (HCC) | |
| • Prostate cancer (HCC) | |

**Allergies:**
**Allergies**

| Allergen | Reactions |
|---|---|
| • Vegetable Derived | |

**Medications:**

---

 **BAPTIST.**

| | | |
|---|---|---|
| JON NEA Baptist Memorial Hospital | Snead, Jerry | |
| 4800 East Johnson Ave | MRN: 12913798 | |
| Jonesboro AR 72401-8413 | DOB: 3/21/1952, Sex: M | |
| HOSPITAL REPORT | Adm: 9/29/2017, D/C: 10/13/2017 | |

**H&P - Encounter Notes (continued)**

H&P by Wanda Lakeisha Williams, MD at 9/29/2017 11:24 PM (continued)

**Scheduled Meds:**
- [START ON 9/30/2017]   1 g        Intravenous       Q24H
  cefTRIAXone
  (ROCEPHIN) IVPB
- [START ON 9/30/2017]   30 mg      Subcutaneous     Daily
  enoxaparin
- [START ON 9/30/2017]   40 mg      Intravenous       Daily
  pantoprazole
  (PROTONIX) injection

**Continuous Infusions:**
- sodium chloride                          125 mL/hr (09/29/17 2315)

**PRN Meds:**.acetaminophen, ondansetron

**Past Surgical History:**
No past surgical history on file.

**Social History:**

History reviewed. No pertinent family history.
**Social History**

Substance Use Topics
- Smoking status:                    Heavy Tobacco Smoker
      Packs/day:                    1.00
      Years:                         45.00
      Types:                        Cigarettes
- Smokeless tobacco:           Never Used
- Alcohol use                     7.2 oz/week
      12 Cans of beer per week

**History**

| Drug Use | No |
|---|---|

**REVIEW OF SYSTEMS:**

Constitutional: negative for chills, fatigue, fevers, night sweats and weight loss
Ears, nose, mouth, throat, and face: negative for epistaxis, headache, hearing loss, nasal congestion and sore throat
Respiratory: positive productive cough of mucous; negative for dyspnea on exertion, hemoptysis, pleurisy/chest pain, sputum, stridor and wheezing
Cardiovascular: negative for chest pain, chest pressure/discomfort, dyspnea, exertional chest pressure/discomfort, irregular heart beat, lower extremity edema, near-syncope, orthopnea, palpitations, paroxysmal nocturnal dyspnea, syncope and tachypnea
Gastrointestinal: negative for abdominal pain, change in bowel habits, constipation, diarrhea, dyspepsia, dysphagia, jaundice, melena, nausea, odynophagia, reflux symptoms and vomiting
Genitourinary:negative for dysuria, frequency and hematuria

 **BAPTIST.**

| | |
|---|---|
| JON NEA Baptist Memorial Hospital | Snead, Jerry |
| 4800 East Johnson Ave | MRN: 12913798 |
| Jonesboro AR 72401-8413 | DOB: 3/21/1952, Sex: M |
| HOSPITAL REPORT | Adm: 9/29/2017, D/C: 10/13/2017 |

---

**H&P - Encounter Notes (continued)**

**H&P by Wanda Lakeisha Williams, MD at 9/29/2017 11:24 PM (continued)**

Integument/breast: negative for rash and skin lesion(s)

Neurological: + paralysis of bL LE; weakness of bL UE (R>L); negative for headaches, paresthesia, seizures, speech problems and vertigo

Endocrine: negative for diabetic symptoms including increased fatigue, polydipsia, polyphagia, polyuria and weight loss and temperature intolerance

**PHYSICAL EXAM:**

| | |
|---|---|
| **General Appearance:** | Alert, cooperative, no distress, appears stated age; significant cachexia |
| **Head:** | Normocephalic, without obvious abnormality, atraumatic |
| **Ears:** | Normal TM's and external ear canals, both ears |
| **Nose:** | Nares normal, septum midline, mucosa normal, no drainage or sinus tenderness |
| **Throat:** | Dry MM; poor dentition; tongue and gums normal |
| **Neck:** | Supple, symmetrical, trachea midline, no adenopathy; thyroid:  No enlargement/tenderness/nodules; no carotid bruit or JVD |
| **Lungs:** | Clear to auscultation bilaterally, respirations unlabored |
| **Heart:** | Regular rate and rhythm, S1 and S2 normal, no murmur, rub or gallop |
| **Abdomen:** | Soft, non-tender, bowel sounds active all four quadrants, no masses, no organomegaly |
| **Extremities:** | Extremities normal, atraumatic, no cyanosis or edema |
| **Pulses:** | 2+ and symmetric all extremities |
| **Skin:** | Skin color, texture, turgor normal, no rashes or lesions |
| **Neurologic:** | CNII-XII intact. Flaccid paralysis of bL LE; 3/5 strength of bL UE, reflexes difficult to appreciate. |

**Vitals last 24 hours:**

Patient Vitals for the past 24 hrs:

| | Temp | Pulse | Resp | BP | SpO2 |
|---|---|---|---|---|---|
| **09/29/17 2304** | 99.7 °F (37.6 °C) | 117 | 20 | 120/72 | 93 % |
| **09/29/17 2014** | - | 90 | 20 | 130/89 | 96 % |
| **09/29/17 1858** | - | - | - | 124/87 | - |
| **09/29/17 1844** | - | - | - | - | 94 % |
| **09/29/17 1843** | - | - | - | 120/90 | - |

 **BAPTIST.**

| JON NEA Baptist Memorial Hospital | Snead, Jerry |
|---|---|
| 4800 East Johnson Ave | MRN: 12913798 |
| Jonesboro AR 72401-8413 | DOB: 3/21/1952, Sex: M |
| HOSPITAL REPORT | Adm: 9/29/2017, D/C: 10/13/2017 |

**H&P - Encounter Notes (continued)**

H&P by Wanda Lakeisha Williams, MD at 9/29/2017 11:24 PM (continued)

| 09/29/ 17 1829 | - | - | - | 125/8 9 | - | |
|---|---|---|---|---|---|---|
| 09/29/ 17 1809 | - | 94 | 18 | 127/7 9 | 93 % | |

**Intake/Output last 3 shifts:**

Intake/Output Summary (Last 24 hours) at 09/29/17 2324
Last data filed at 09/29/17 1834

| | Gross per 24 hour |
|---|---|
| Intake | 0 ml |
| Output | 250 ml |
| Net | -250 ml |

**Labs:** All pertinent labs and diagnostics were reviewed.
**Recent Results (from the past 36 hour(s))**
**CBC with Differential**
  Collection Time: 09/29/17  7:05 PM

| Result | Value | Ref Range |
|---|---|---|
| WBC | 7.0 | 5.0 - 10.0 K/uL |
| RBC | 5.49 | 4.30 - 5.70 M/uL |
| Hemoglobin | 17.2 | 14.0 - 18.0 g/dL |
| Hematocrit | 48.8 | 40.0 - 54.0 % |
| MCV | 88.9 | 80.0 - 97.0 fL |
| MCH | 31.3 | 27.0 - 32.0 pg |
| MCHC | 35.2 | 32.0 - 36.0 g/dL |
| RDW | 44.3 (H) | 35.1 - 43.9 fL |
| Platelet | 312 | 150 - 500 K/uL |
| MPV | 10 | 7.4 - 10.4 fL |
| Neutrophil absolute | 5.5 | 2.5 - 7.5 K/uL |
| Lymphocyte absolute | 1.1 | 1.0 - 4.0 K/uL |
| Monocyte absolute | 0.28 | 0.05 - 0.60 K/uL |
| Eosinophil absolute | 0.01 (L) | 0.05 - 0.50 K/uL |
| Basophil absolute | 0.02 | 0.00 - 0.10 K/uL |
| Neutrophil percent | 78.8 (H) | 50.0 - 75.0 % |
| Lymphocyte percent | 15.4 (L) | 20.0 - 40.0 % |
| Monocyte percent | 4.0 | 0.0 - 6.0 % |
| Eosinophil percent | 0.1 | 0.0 - 6.0 % |
| Basophil percent | 0.3 | 0.0 - 1.0 % |
| NRBC Percent | 0.0 | 0 - 2 /100 |

**Comprehensive Metabolic Panel**
  Collection Time: 09/29/17  7:05 PM

| Result | Value | Ref Range |
|---|---|---|
| Sodium | 131 (L) | 135 - 145 mmol/L |
| Potassium | 3.7 | 3.5 - 5.0 mmol/L |
| Chloride | 91 (L) | 98 - 107 mmol/L |

 **BAPTIST.**

| | |
|---|---|
| JON NEA Baptist Memorial Hospital | Snead, Jerry |
| 4800 East Johnson Ave | MRN: 12913798 |
| Jonesboro AR 72401-8413 | DOB: 3/21/1952, Sex: M |
| HOSPITAL REPORT | Adm: 9/29/2017, D/C: 10/13/2017 |

### H&P - Encounter Notes (continued)

**H&P by Wanda Lakeisha Williams, MD at 9/29/2017 11:24 PM (continued)**

| | | |
|---|---|---|
| Carbon dioxide | 31 | 21 - 32 mmol/L |
| Anion gap | 9 | 6 - 16 mmol/L |
| Glucose | 114 (H) | 70 - 110 mg/dL |
| BUN | 16 | 7 - 18 mg/dL |
| Creatinine | 0.50 (L) | 0.60 - 1.30 mg/dL |
| BUN/Creatinine Ratio | 32.0 (H) | 11.7 - 13.9 |
| Calcium | 9.0 | 8.5 - 10.1 mg/dL |
| Protein total | 7.8 | 6.4 - 8.2 g/dL |
| Albumin | 2.6 (L) | 3.4 - 5.0 g/dL |
| Bilirubin Total | 0.6 | 0.0 - 1.0 mg/dL |
| AST | 55 (H) | 7 - 34 U/L |
| ALT | 116 (H) | 16 - 62 U/L |
| ALP | 255 (H) | 50 - 136 U/L |
| eGFR non-African American | >60.0 | >=60.0 mL/min/1.73m2 |
| eGFR African American | >60.0 | >=60.0 mL/min/1.73m2 |

**Lactic Acid with Repeat if Positive**
  Collection Time: 09/29/17  7:05 PM

| Result | Value | Ref Range |
|---|---|---|
| Lactic Acid | 1.3 | 0.4 - 2.0 mmol/L |

**Urinalysis Auto Microscopic**
  Collection Time: 09/29/17  7:16 PM

| Result | Value | Ref Range |
|---|---|---|
| Color, UA | Dark yellow | Yellow |
| Clarity, UA | Slightly Cloudy (A) | Clear |
| pH, UA | 6.0 | 5.0 - 8.0 |
| Specific gravity, UA | >=1.030 | 1.005 - 1.030 |
| Glucose, UA | Negative | Negative mg/dL |
| Ketones, UA | Negative | Negative mg/dL |
| Bilirubin, UA | Small (A) | Negative |
| Protein, UA | 30  (A) | Negative mg/dL |
| Leukocytes, UA | Large (A) | Negative |
| Nitrite, UA | Negative | Negative |
| Blood, UA | Large (A) | Negative |
| Urobilinogen, UA | 4  (A) | 0.0 - 1.0 E.U./dL |
| RBC, UA | 3,430.2 (H) | 0.0 - 23.0 RBC/ul |
| WBC, UA | 2,001.7 (H) | 0.0 - 28.0 WBC/ul |
| Squamous Epithelial, UA | 3.5 | 0.0 - 31.0 Epi/ul |
| Hyaline Cast, UA | 1.90 | 0.00 - 2.00 Cst/ul |
| Bacteria, UA | 1,970.8 (H) | 0.0 - 358.0 Bac/ul |

**Imaging:**

Reviewed

**ASSESSMENT & PLAN:**

The patient is a very pleasant 65 yo AAM with a PMH of prostate cancer, HTN, GERD, HLD, and tobacco abuse. He presents to the ER with a cc of a 3 week history of "paralysis" of his legs. I am concerned about

 **BAPTIST.**

JON NEA Baptist Memorial Hospital
4800 East Johnson Ave
Jonesboro AR 72401-8413
HOSPITAL REPORT

Snead, Jerry
MRN: 12913798
DOB: 3/21/1952, Sex: M
Adm: 9/29/2017, D/C: 10/13/2017

**H&P: Encounter Notes (continued)**

**H&P by Wanda Lakeisha Williams, MD at 9/29/2017 11:24 PM (continued)**

compression of spinal nerves by compression fracture and/or metastatic lesions. Given the length of time of 3 weeks, I am concerned that if the patient has compression by a metastatic mass, it will be difficult to regain any function lost at this time. We will start IV solumedrol as we prepare the patient for MRI of the spine. He presents with the following:

UTI
Paralysis of legs
Hyponatremia
R/O metastatic prostate cancer

**Our plans**:
IV antibiotics, MRI spine, steroids, fall precautions, DVT/GI prophylaxis, and am labs. We will consult CM/SW team as we began to start the discussion of placement (+/- palliative care) for this patient. However, he may not be receptive to this.

Est. LOS 24-48 hours

**SUBMITTED BY:**
Wanda Lakeisha Williams, MD
9/29/2017, 11:24 PM

Electronically signed by Wanda Lakeisha Williams, MD at 9/30/2017  1:24 AM

 **BAPTIST.**

JON NEA Baptist Memorial Hospital
4800 East Johnson Ave
Jonesboro AR 72401-8413
HOSPITAL REPORT

Snead, Jerry
MRN: 12913798
DOB: 3/21/1952, Sex: M
Adm: 9/29/2017, D/C: 10/13/2017



DCDSP

MUST BE COMPLETED AT TIME OF DEATH

### NOTIFICATION OF DEATH/DISPOSITION OF BODY

| Date of Death | Time of Death | Pronouncing Physician | Attending Physician | Notified? |
|---|---|---|---|---|
| 10|13|17 | 0333 | Dr. Weems | Dr. Guirand | ☒Yes ☐ No |

| Chaplain Notified? | House Supervisor Notified? | Medical Examiner Notified? (If Applicable) |
|---|---|---|
| ☐ Yes ☒No | ☒Yes ☐ No | ☐ Yes ☒No |

Was funeral home contacted? ☒Yes ☐ No | Name of Funeral Home: Wilson Funeral Home

☐ Body sent to morgue | ☐ Copy of chart sent to Coroner (If Applicable)
☒Body held in patient room | Remarks: _____
☐ Body sent to operating room

Known or suspected communicable, contagious or infectious diseases? ☐ Yes ☒No
Disease: _____

Isolation? ☐ Yes ☒ No    Type of Isolation: _____

### ORGAN/TISSUE/EYE DONATION

Call Organ/Tissue/Eye Donation Program (MID-AMERICA TRANSPLANT SERVICES 1-800-873-6667) on all patients when death is imminent or when death occurs.
DO NOT APPROACH NEXT-OF-KIN CONCERNING DONATION UNLESS ASKED TO DO SO BY ORGAN/TISSUE/DYE DONATION PROGRAM. Complete the following information below.
Call Organ/Tissue/Eye Donation Program on all patients. MID AMERICA TRANSPLANT SERVICES 1-800-873-6667
Date: 10|13|17    Time: 0348
Return call from Donor Program Representative
Date: 10|13|17    Time: 0350    Name: Matt
Was patient accepted or declined by Donor Program? ☐ Accepted ☒Declined
If declined by Donor Program, document reason(s) why: Prostate cancer with mets

If patient accepted by Donor Program, document specifically which organs/tissues were acceptable:
☐ Eyes ☐ Bone/Tendons ☐ Skin ☐ Kidneys ☐ Liver ☐ Heart ☐ Pancreas ☐ Lungs
Other tissue (specify): _____

If patient accepted by Donor Program, enter name of person approaching next-of-kin, enter date/time approach made.
Name: _____ Position/Title: _____ Date: _____ Time: _____
If next-of-kin approached by other than Organ/Tissue/Eye Program, specify reason(s): _____

☐ Donor Program's Request ☐ Next-of-Kin initiated consent ☐ Other (Specify): _____
Name of Next-of-Kin approached: _____
Relationship of patient: _____

Was consent for donation of organs and/or tissue and/or eyes obtained? ☐ Yes ☐ No | Nurse's Signature

**NEA BAPTIST.** 
NOTIFICATION OF DEATH
ORGAN/TISSUE/EYE/DONATION DATA


120063478956  I/P  5125-01
Snead,Jerry
3/21/1952 (65 yrs)  MR: 1C12913798
ADM: Wanda Lakeisha Williams,* 9/29/17

June  '3

 **BAPTIST.**

JON NEA Baptist Memorial Hospital
4800 East Johnson Ave
Jonesboro AR 72401-8413
HOSPITAL REPORT

Snead, Jerry
MRN: 12913798
DOB: 3/21/1952, Sex: M
Adm: 9/29/2017, D/C: 10/13/2017

Lab - Pathology - Scan on 10/6/2017  2:21 PM (below)

David Allen Nixon Jr, MD
NEA Baptist Memorial Hospital
4800 East Johnson
Jonesboro, AR 72401

NEA BAPTIST MEMORIAL HOSPITAL
4800 East Johnson
Jonesboro, AR 72401



### Surgical Pathology Report

Patient: SNEAD, JERRY
MR #: 1C12913798          Hospital #: 178904715
DOB: 03.21.1952    (AGE: 65  )   SEX: M
Copied to:

Accession #:        NS17-03938
Date Collected:  10.04.2017   2:30 PM
Date Received:   10.04.2017   2:30 PM
Date Reported:   10.06.2017   1:51 PM

**FINAL DIAGNOSIS:**

PARASPINOUS MASS BIOPSY:   MODERATELY DIFFERENTIATED SQUAMOUS CELL CARCINOMA

CPT CODES: 88307, 88342, 88341
ICD CODES: C79.89, X

*R M Stainton Jr RD*

Diagnosis performed by: R. M. Stainton,Jr., M.D.
Report released by: R. M. Stainton,Jr., M.D.
Date Reported: 10.6.2017 ( Electronic Signature )

SPECIMEN/SITE:
   PARASPINOUS MASS

Preoperative Diagnosis:
   MASS

CLINICAL HISTORY:
   MASS

GROSS DESCRIPTION:
   The procedure is performed under CT guidance by Dr. Smith. The patient is identified on time out as "Jerry
   Snead". The specimen consists of L1P1-L1P2.

   Received are two containers of formalin.

   The first is labeled "Jerry Snead, paraspinous mass L1P1". Received in the container is a cylindrical shaped
   piece of soft tissue tissue that measures 0.2 cm in length and 0.1 cm in greatest diameter. The tissue is placed
   in a teabag and submitted in its entirety in cassette A1.

   The second container of formalin is labeled "Jerry Snead, paraspinous mass L1P2". Received in the container is
   a cylindrical shaped piece of soft tissue tissue that measures 0.3 cm in length and 0.2 cm in greatest diameter.
   The tissue is placed in a teabag and submitted in its entirety in cassette A2.

   BS am 10/4/2017

MICROSCOPIC DESCRIPTION:
   Examination of these chips of tissue reveal soft tissue that is infiltrated by moderately differentiated squamous
   cell carcinoma.  There are small clusters of squamous cell carcinoma which demonstrate numerous intercellular
   bridges.

Robert M. Stainton, Jr.,M.D., Houn-Yee (David) Houn,M.D., Elizabeth W. Sales,M.D., Stephen W. Locke,M.D., Philip E. Ferguson,M.D.,   Page 1
Deborah A. Johnson, M.D., Gina A. Johnston, M.D.

# Wilson Funeral Homes

| 1020 S. Division | 1323 W. Keiser Ave. | Main Street |
|---|---|---|
| Highway 61 | P.O. Box 337 | P.O. Box 293 |
| Blytheville, AR 72315 | Osceola, AR 72370 | Tyronza, AR  72386 |
| 870-763-2547 | 870-563-2877 | 870-487-2428 |

## Contract Agreement

10/13/17

| | |
|---|---|
| Funeral Service for: *Jerry Snead* | $ *3900.00* |
| Casket: *20 ga Silver Boison* | $ *1896.00* |
| Outside Container: *Concrete Box* | $ *950.00* |
| Cemetery Space:  Whiteside $795.00, Memory Gardens $795.00 Gethsemane $795.00, Shady Grove $400.00, Rivercrest $400.00 Bassett  $400.00   *Sandy Ridge   N/C* | $ |
| Headstone Installation $150.00 (Single)   $175.00 (Double)    Death Date $160.00  *paid* | $ *150.00* |
| Cemetery Set-Up $450.00 | $ *450.00* |
| Cemetery Open & Close: Whiteside, Bassett, Rivercrest, Memory Gethsemane $725.00, Shady Grove $725.00, Tyronza $425.00 Sandy Ridge  $595.00 | $ *595.00* |
| Family Cars | $ *N/C* |
| Death Certificates  *1 O/C* | $ *10.00* |
| Programs  *150* | $ *60.00* |
| Hair Dresser | $ |
| Minister | $ |
| Obituaries | $ |
| Cash Advance | $ |
| Handling Charge | $ |

## Financial Terms

| | | |
|---|---|---|
| *10.5% tax on casket + concrete box* | | $ *7360.00* |
| | Taxes | $ *252.53* |
| | Total | $ *7612.53* |
| There will be a $30.00 late fee added every 30 days thereafter if not paid on time. | *Mutual of Omaha — 7000.00* | |
| 10% or max allowable by law Handling Charges will be added on any account | | *612.53* |
| that is not paid in full in 90 days. | Balance Due  $ ~~7800.00~~ *612.53* | |

| | |
|---|---|
| Name  *Mary Razor* | Signature  *Mary Razor* |
| Address  *261 W. Kentucky* | Telephone  *870-623-9855* |
| City  *Blytheville* | State  *AR*    Zip  *72315* |
| Work Place | Work Phone |
| Funeral Director | Date  *10-16-17* |

EXHIBIT
11



## M·S·C·B

### MID-SOUTH CREDIT BUREAUS, INC

January 24, 2018

FEB 1 2 2018

MISSISSIPPI COUNTY PROBATE COURT
200 W. WALNUT STREET
BLYTHEVILLE AR 72316

To Whom It May Concern:

    This is an exact amount due by JERRY SNEAD in the amount of $1316.00. The Docket No.: 47BPR-18-8. This amount includes the following account(s):

|   | Original Creditor | | Date of Service | Account Number | Balance |
|---|-------------------|---|-----------------|----------------|---------|
| 1 | NEA BAPTIST MEM HOSP | | 9/29/2017 | 4201035794 | $1316.00 |
|   |                   | | | Total | $1316.00 |

Henry County
State of Tennessee

The creditor(s), acting by and through its authorized agent, states under oath that the foregoing account(s) is true, and correct that the same is due and unpaid.

BY:
    MSCB, Inc.
    1410 INDUSTRIAL PARK ROAD
    PARIS, TN 38242

BY: _____
    MSCB, INC.

SWORN TO AND SUBSCRIBED BEFORE ME THIS    24th day of January, 2018

Michelle Piggott
Notary Public

June 18, 2019
Commission Expires

#15604395

MICHELLE PIGGOTT
STATE OF TENNESSEE
NOTARY PUBLIC
HENRY COUNTY

EXHIBIT
12

```
                                MSCB, INC.
                          1410 INDUSTRIAL PARK RD
                               P.O. BOX 1567
                          PARIS TENNESSEE, 38242
ACCOUNT ITEMIZATION            PHONE: 800-748-3074        JAN 24, 2018  11:58

-----------------------------------------------------------------------------------




        JERRY SNEAD
        3726 KACEY LANE

        BLYTHEVILLE, AR 72315



-----------------------------------------<FOLD HERE>-----------------------------------------




        THE FOLLOWING IS AN ITEMIZATION OF YOUR ACCOUNTS AS OF JAN 24, 2018.
        PLEASE RETAIN THIS COPY FOR YOUR RECORDS.  FOR YOUR CONVENIENCE WE HAVE
        INCLUDED ALL INTEREST PAID LAST YEAR AND THIS CURRENT YEAR TO DATE.




        THIS AGENCY IS LICENSED BY THE COLLECTION SERVICE BOARD OF THE DEPARTMENT OF
        COMMERCE AND INSURANCE OF TENNESSEE. THIS IS AN ATTEMPT TO COLLECT A DEBT BY A
        DEBT COLLECTOR AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.
```

ITEMIZATION CONTINUED

SINGLE ACCOUNT: SNEAD , JERRY                      JAN 24, 2018
                                                   DESK: 32
------------------------------------------------------------------------------------------
         ACCOUNT #:  15604395 CLIENT DEBTOR #:    4201035794
                                                   DESK: 32

    OUR CLIENT NAME:    NEA BAPTIST MEM HOSP(MC-E)
    FOR:               SNEAD, JERRY              INTEREST AT: 0% FROM DATE OF REFERRAL
    DATE OF REFERRAL:01/22/18   DATE OF SERVICE: 09/29/17   DATE OF LAST PMT: 11/06/17


    AMOUNT REFERRED:        $    1316.00
    PRINCIPAL BALANCE:      $    1316.00
    ACCUMULATED INTEREST:   $       0.00
    OTHER CHARGES:          $       0.00
    COURT COSTS:            $       0.00
    ATTORNEY FEES:          $       0.00
    OTHER:                  $       0.00
    INTEREST:               $       0.00

    ACCT BAL:               $    1316.00


                          PAYMENT TRANSACTION HISTORY

| TYPE | DATE | PAYMENT AMOUNT | PAID ON PRINCIPAL | PAID ON INTEREST | PAID ON OTHER CHGS | PAID ON COURT COST | PAID ON ATTY FEES | PAID ON OTHER |
|------|------|----------------|-------------------|------------------|--------------------|--------------------|-------------------|---------------|
| | | | | *NO PAYMENTS THIS ACCOUNT* | | | | |
| GRAND TOTAL | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |

TOTAL DUE ON ALL ACCOUNTS               1316.00
TOTAL INTEREST PAID FOR 2017               0.00
TOTAL INTEREST PAID TO DATE FOR 2018       0.00



**VA** | **U.S. Department of Veterans Affairs**
**Office of General Counsel**

Torts Law Group (021)
810 Vermont Avenue, NW
Washington, DC 20420

Phone: (202) 461-4900

In Reply Refer To: GCL367892

March 15, 2018

Robert L. Coleman, Esq.
Reid, Burge, Prevallet & Coleman
P.O. Box 107
Blytheville, AR  72316-0107

   RE: Administrative Tort Claim on behalf of the Estate of Jerry L. Snead and
Mary Razor as Personal Representative

Dear Mr. Coleman:

The U.S. Department of Veterans Affairs (VA) received your tort claim on February 22, 2018.

VA has six months to consider a claim before you may file suit in federal district court pursuant to the Federal Tort Claims Act (FTCA), sections 1346(b), 2401(b), and 2671-2680, title 28, United States Code.

If you have not been contacted after six (6) months from the date you receive this letter, you may contact Attorney Robert Kirchhoefer at (202) 461-4900.

A combination of federal and state laws governs FTCA claims; some state laws may limit or bar a claim or lawsuit.  VA staff handling FTCA claims work for the Federal Government, and cannot provide legal advice on state or federal law filing requirements.

Sincerely,

*Loretta A. Shilling*
LORETTA A. SHILLING
Representational Paralegal Specialist



EXHIBIT

C



**CERTIFIED MAIL**



**U.S. Department of Veterans Affairs**

Office of Regional Counsel (313/02)
3900 Loch Raven Boulevard
Building 4
Baltimore MD 21218

OFFICIAL BUSINESS

7015 1520 0002 3719 2995



U.S. POSTAGE ≫ PITNEY BOWES
ZIP 21902   $004.00⁰
02 1W
0001394507 JUL 22 2019

Mr. Robert L. Coleman, Esq.
Reid, Burge, Prevallet & Coleman
P.O Box 107
Blytheville, AR 72316-0107

1st NOTICE 7-25

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS, FOLD AT DOTTED LINE



Received
7-26-19



tabbies

EXHIBIT

P



**U.S. Department of Veterans Affairs**
**Office of General Counsel**

Torts Law Group (021)
810 Vermont Ave. NW
Washington, DC 20420

(202) 461-4973

In Reply Refer To: GCL 367892

7015 1520 0002 3719 2995

Certified Mail

July 18, 2019

Mr. Robert L. Coleman, Esq.
Reid, Burge, Prevallet & Coleman
P.O. Box 107
Blytheville, AR 72316-0107

      Re:     Administrative Tort Claim
              Jerry L Snead, Deceased

Dear Mr. Coleman:

The Department of Veterans Affairs (VA) has thoroughly investigated the facts and circumstances surrounding your clients' administrative tort claim. Our assessment of the claim included a review of Mr. Snead's medical records and a review of the claim by two medical professionals specializing in Internal Medicine and Oncology who were not involved in his care.

The Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b) and 2671-2680, under which this claim was filed, provides for monetary compensation when a Government employee, acting within the scope of employment, injures another by a negligent or wrongful act or omission. Medical negligence means there was a breach in the standard of care and that breach proximately caused an injury. The standard of care is the level at which similarly qualified medical professionals would have managed the care under the same or similar circumstances.

Our review concluded that there was no negligent or wrongful act on the part of an employee of the Department of Veterans Affairs (VA) acting within the scope of his or her employment that delayed or led to the death of Mr. Snead from prostate cancer while treated at the Poplar Bluff, Missouri VA Medical Center as stated in your claim. Accordingly, we deny the claim.

If your clients are dissatisfied with the denial of the claim, your clients may file suit under the FTCA, 28 U.S.C. §§ 1346(b) and 2671-2680. The FTCA provides that when an agency denies an administrative tort claim, the claimant may seek judicial relief in a Federal district court. The claimant must initiate the suit within six months of the mailing of this notice as shown by the date of this denial (28 U.S.C. § 2401(b)). In any lawsuit, the proper party defendant is the United States, not the Department of Veterans Affairs.

Please note that FTCA claims are governed by a combination of Federal and state laws. Some state laws may limit or bar a claim or law suit. VA attorneys handling FTCA claims work for the Federal government, and cannot provide advice regarding the impact of state laws or state filing requirements.

Sincerely,

*Pamela Crewe-Allen*

Pamela Crewe-Allen
Deputy Chief Counsel



EXHIBIT

E