# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# NORTHERN DIVISION

**MARY RAZOR, as personal representative**
**of the Estate of Jerry Snead, deceased**                    **PLAINTIFF**

**v.**                    **No. 3:20-cv-17-DPM**

**UNITED STATES OF AMERICA**                    **DEFENDANT**

## ORDER

In November 2021, the Court extended Razor's deadline to secure an expert witness in support of the Federal Tort Claims Act malpractice claim she's pursuing as the personal representative of her brother's estate. The new deadline was in late January 2022. Based on COVID-19-related challenges, and medical issues of counsel, this deadline (and others) had been extended twice before. The Court made plain that Razor needed to provide expert testimony to keep the case going or nonsuit. *Doc. 26.* A Third Amended Final Scheduling Order issued. *Doc. 27.* The day before the late January deadline, Razor's lawyer moved for various relief: a trial continuance, an extension of the expert deadline, and to withdraw, or for a voluntary dismissal with leave to re-file. *Doc. 28.* Supporting the motion was a letter from Razor to the Court, explaining that she was seeking new counsel but had been delayed by the mid-January death of her sister. (The Court extends condolences). The United States did not respond to the motion,

implicitly recognizing the difficult circumstances facing this family and their lawyer.

All the circumstances create a bind.  First, the Court can't dismiss the case without creating a limitations bar.  There is no federal savings statute;  and Arkansas's statute does not apply. *Wilcox v. United States*, 881 F.3d 667, 672 (8th Cir. 2018).  Second, the Court also can't allow the Estate's lawyer to withdraw at this point;  Razor cannot proceed *pro se* because she is the personal representative of her brother's estate.  The Estate must have counsel.  The Court withheld a ruling on the motion, thinking that in February or March Razor might find a new lawyer to pursue the case.  None has appeared.

Our law prefers decisions on the merits.  But deadlines and rules provide a fair process for all litigants.  And the Court has an obligation to move cases toward resolution.   Therefore, unless new counsel appears for Razor by 29 April 2022, the Court will dismiss this case without prejudice for not providing the required expert testimony by the much-extended deadline. *Vanderberg v. Petco Animal Supplies Stores, Inc.*, 906 F.3d 698, 703 (8th Cir. 2018).  The effect of that dismissal will be to create a limitations bar against pursuing this FTCA claim any further.

So Ordered.

_WPMarshall Jr._
D.P. Marshall Jr.
United States District Judge

_6 April 2022_